**DLA PIPER US LLP**
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: (212) 335-4500
Fax: (212) 335-4501
Timothy W. Walsh (TW-7409)
Jeremy R. Johnson (JJ-9269)

Proposed Attorneys for the Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| VICTORY MEMORIAL HOSPITAL, | : | Case No. 06-44387 |
| | : | |
| Debtor. | : | |

--------------------------------------------------------------X
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| VICTORY MEMORIAL AMBULANCE SERVICES, INC., | : | Case No. 06-44388 |
| | : | |
| Debtor. | : | |

--------------------------------------------------------------X
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| VICTORY MEMORIAL PHARMACY, INC., | : | Case No. 06-44389 |
| | : | |
| Debtor. | : | |

--------------------------------------------------------------X

**MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 363
AUTHORIZING CONTINUED USE OF THE DEBTORS' (I) BANK ACCOUNTS;
(II) CASH MANAGEMENT SYSTEM; AND (III) BUSINESS FORMS**

Victory Memorial Hospital ("Victory Hospital"), Victory Memorial Ambulance Services,

Inc. ("Victory Ambulance"), and Victory Memorial Pharmacy, Inc. ("Victory Pharmacy"), the

debtors and debtors in possession (collectively, the "Debtors"), by and through their proposed

attorneys, DLA Piper US LLP, file this motion (the "Motion") for an order, pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") authorizing continued use of the Debtors' (i) bank accounts; (ii) cash management system; and (iii) business forms.  In support of this Motion, the Debtors respectfully represent as follows:

## BACKGROUND

1. On November 15, 2006 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under of the Bankruptcy Code.

2. The Debtors remain in possession of their assets and continue to manage their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

3. No trustee, examiner or committee of creditors has been appointed in these cases.

4. Victory Hospital is a not-for profit, voluntary hospital located in Bay Ridge, Brooklyn.  Victory Hospital is a full service acute care hospital with approximately 241 beds and a skilled nursing unit with 150 beds.  Victory Hospital has been providing a full range of medical services with a focus on community care and a program of community outreach to the Brooklyn community since approximately 1900.  Victory Ambulance is a for-profit subsidiary of Victory Hospital and provides Victory Hospital with ambulance services.  Victory Pharmacy is a for-profit subsidiary of Victory Hospital without any employees or assets.

5. The Debtors' chapter 11 filings were precipitated by, among other things, reduced patient census and discharge levels and a corresponding decrease in revenue.  In addition, the Debtors' gradual accumulation of substantial unsecured debt, combined with their inability to pay such debt on a current basis, has restricted the Debtors' trade credit and created substantial cash flow issues.

6. The Debtors are in the process of implementing a comprehensive restructuring plan designed to transform the Debtors into a smaller healthcare facility that provides a greater focus on primary care, including both obstetric and geriatric services. The restructuring proposal includes, but is not limited to: (a) the reduction in core operating costs; (b) the renovation and expansion of the Debtors' emergency department facilities; (c) the enhancement and expansion of the Debtors' long term home care services; (d) the expansion of the Debtors' current affiliation with Maimonides Medical Center ("MMC"); and (e) the addition and expansion of psychiatry and hospice services. The Debtors contemplated operational improvements, in addition to the refinancing of the Debtors' secured debt obligations, will allow the Debtors to emerge from chapter 11 protection and continue to provide necessary acute care services to the Brooklyn area.

7. As of August 31, 2006, the Debtors' total assets were valued on a consolidated, unaudited basis at approximately $49,486,220 and their total liabilities are approximately $86,563,190. As of the Petition Date, the Debtors employed approximately 1,100 employees. For a more detailed description of the Debtors' business operations and the events leading up to the Petition Date, see the Affidavit of Vincent J. Calamia, M.D. in Support of the Debtors' First-Day Motions, filed contemporaneously herewith in support of these cases and incorporated by reference as if fully set forth herein.

## JURISDICTION AND VENUE

8. This Court has jurisdiction of this Motion pursuant to sections 157 and 1334 of title 28 of the United States Code (the "Judicial Code"). Venue of these cases and this Motion in this district is proper pursuant to sections 1408 and 1409 of the Judicial Code. This is a core proceeding pursuant to section 157(b)(2)(A) of the Judicial Code. The statutory predicates for the relief sought herein are Bankruptcy Code sections 105(a) and 363.

## RELIEF REQUESTED

9. By this Motion, the Debtors seek an order authorizing the Debtors' continued use of their (a) bank accounts; (b) cash management and accounting system; and (c) business forms.

### A. The Debtors' Bank Accounts and Cash Management System.

10. A list of the Debtors' bank accounts (collectively, the "Bank Accounts") is provided on Exhibit A, attached hereto. The Bank Accounts are held at various banking institutions (collectively, the "Debtors' Banks").

11. The Bank Accounts and the Debtors' practices and procedures with respect to the collection of deposits, making disbursements and making payroll constitute the Debtors' centralized cash management system (the "Cash Management System"). As described on Exhibit A, the Debtors maintain several bank accounts that are integrated to form the Debtors' Cash Management System. The Debtors make the majority of payments related to general operations from the Operating Account. Certain of the Debtors' other accounts are designated as payroll accounts, credit card payment accounts and various other accounts as indicated on Exhibit A.

12. As of the Petition Date, the Debtors have instructed the Debtors' Banks to stop payment on all outstanding checks issued to vendors or other trade creditors on account of prepetition debts or liabilities, with the exception of those checks to employees for wages and or employee benefits, as described more fully in the Motion For Order (I) Authorizing Payment of Prepetition Wages, Employee Benefits and Expense Reimbursement, (II) Authorizing And Directing Banks To Honor Checks With Respect Thereto, and (III) Approving Payment Of Postpetition Wages and Benefits, dated November 15, 2006 (the "Wage Authorization Motion").

### B. Continuation of the Debtors' Existing Cash Management System and Bank Accounts is in the Best Interest of the Debtors' Estates

13. Pursuant to the standard chapter 11 operating practice in this jurisdiction, the Debtors are required, among other things, to open new bank accounts upon the filing of the bankruptcy petition and are further required to designate such accounts as "Debtor in Possession" on the respective account signature cards.

14. The Debtors' existing Cash Management System is essential to the ordinary operation of the Debtors' businesses. The Debtors submit that the cost and expense of changing the Bank Accounts and creating a new cash management system would not only force the Debtors to incur significant and unnecessary costs and expenses, but would impair the operation of the Debtors' businesses..

15. Indeed, forcing the Debtors to employ a new cash management system could cause confusion, diminish the prospects for a successful reorganization, disrupt payroll, introduce inefficiency, at a time when efficiency is most critical, and place a strain on the Debtors' relationships with customers and vendors. Naturally, these relationships must be maintained if the Debtors are to be given the opportunity to reorganize successfully. Asking customers to remit payments to new and different accounts will result in a significant slowdown in the Debtors' collection of receipts just at the time when prompt collection is most critical. In addition, the Debtors' Cash Management System is especially delicate in light of their reliance upon receivables from both Medicare and Medicaid. A disruption in the Debtors' ability to collect receivables from the Medicare and Medicaid could take several weeks to correct and deny the Debtors much needed cash.

16. Further, the preservation of the Bank Accounts will not adversely impact any of the Debtors' creditors. A number of the Debtors' Banks have been designated as Authorized

Depositories by the Office of the United States Trustee for the Eastern District of New York (the "Authorized Depositories"). With respect to the Debtors' Bank Accounts that are not maintained at Authorized Depositories, the Debtors will maintain such Bank Accounts in accordance with Bankruptcy Code section 345.

17. Bankruptcy courts have routinely granted chapter 11 debtors the authority to continue similar cash management systems without interruption. See, e.g., The Brooklyn Hospital Center, Case No. 05-26990 (Bankr. E.D.N.Y. 2005); In re Globe Metallurgical, Inc., Case No. 03-12006 (Bankr. S.D.N.Y. 2005).

18. Integrally related to the Debtors' Cash Management System is the continued existence of the Bank Accounts. The Debtors, their employees and vendors would suffer great hardship if the Debtors were required to substitute new debtor in possession bank accounts for the existing Bank Accounts. By preserving business continuity and avoiding the operational and administrative paralysis that closing the Bank Accounts and opening new ones would necessarily entail, all parties-in-interest will be best served and the Debtors generally will benefit considerably.

19. The Debtors seek to prohibit and enjoin the Debtors' Banks from honoring all prepetition checks, except as expressly set forth herein. As noted above, and in the Wage Authorization Motion, filed contemporaneously herewith, the Debtors requests that the Court direct the Debtors' Banks to continue to honor payroll checks (to the extent sufficient funds are on deposit to honor such checks) without regard to when such payroll checks were issued. Such relief is necessary to implement, to the extent granted, and shall be subject to, the relief requested by the Debtors in the Wage Authorization Motion. The Debtors intend to provide notice of entry of the order granting this Motion to the Debtors' Banks within one (1) business day of the entry of such an order.

### C. The Debtors' Continued Use of Existing Business Forms Is In the Best Interest of the Debtors' Estates.

20. Furthermore, the Debtors also request permission to use their existing business forms and stationery without alteration or change. The Debtors do not print their own business forms and stationery. Thus, substantial time and expense would be required if the Debtors were required to print new business forms and stationery merely to indicate "debtor in possession." Postpetition, the Debtors intend to execute new signature cards with respect to their Bank Accounts to indicate "debtor in possession." The Debtors will also stamp all checks "DIP" postpetition.

### WAIVER OF MEMORANDUM OF LAW

21. Based on the authority provided herein, the Debtors respectfully request that the Court waive the requirement that the Debtors file a memorandum of law in support of this Motion pursuant to Local Bankruptcy Rule for the Eastern District of New York 9013-1(b).

### NOTICE

22. The Debtors have provided notice of this Motion as indicated on the Omnibus Certificate of Service of First Day Motions filed on even date herewith. The Debtors submit that, given the circumstances, and the notice of the relief requested herein, no other or further notice is required.

### NO PRIOR REQUEST

23. No previous motion for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request entry of an order of this Court substantially in the form annexed hereto as Exhibit B, granting the relief requested by this Motion and such other and further relief as may be just and proper.

Dated:  November 15, 2006
        New York, New York

**DLA PIPER US LLP**

By:   /s/ Timothy W. Walsh
     Timothy W. Walsh (TW-7409)
     Jeremy R. Johnson (JJ-9269)
     1251 Avenue of the Americas
     New York, NY  10020-1104
     Tel:  (212) 335-4500
     Fax: (212) 335-4501

Proposed Attorneys for the Debtors
and Debtors in Possession

## Exhibit A

**Bank Accounts**

| Bank | Account No. | Type |
|---|---|---|
| Citibank N.A.<br>8721 5th Avenue<br>Brooklyn, NY  11209 | 108-00527-3 | Operating Account |
| | 108-01031-5 | Payroll Account |
| | 108-01056-0 | Chapel Fund |
| | 108-05030-3 | Special Purpose Fund |
| | 119-10805-8 | 2001 Development Fund |
| | 108-05033-7 | Dev. & Public Relations Fund |
| WMF/Huntoon, Paige<br>2200 Ross Avenue<br>Suite 4900E<br>Dallas TX  75201 | 8000492853 | Mortgage Escrow |
| Chase<br>9313 Third Avenue<br>Brooklyn, NY  11209 | 352-0671107-65 | Credit Card – Discover Only |
| | 87-0059362.65 | OBS/GYN Fund |
| | 11-01-000-7453707 | DRF 3 of 3 |
| HSBC<br>9201 Third Avenue<br>Brooklyn, NY 11209 | 664-03078-5 | SNC Family Council |
| | 664-03033-5 | Dept. of Medicine Fund |
| | 664-03034-3 | Surgical Fund |
| | 664-03032-7 | Med. Staff Contingency Fund |
| | 664-03031-9 | Med. Staff Contingency Fund |
| Amalgamated<br>11-15 Union Square West<br>New York, NY  10003 | 01-10643-7 | SNC Patient Allowance |
| | 01-10642-6 | SNC Patient Service Receipts |
| | | |
| Paine Webber<br>12 Wall Street<br>Huntington, NY  11743 | BH-05750-4K | Investments |
| | BH-05782-4K | Malpractice Investments |
| | | |
| Independence<br>8808 Fifth Avenue<br>Brooklyn, NY  11209 | 840019289 | Credit Cards – Visa & Master Ch |

**Exhibit B**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| VICTORY MEMORIAL HOSPITAL, | : | Case No. 06-44387 |
| | : | |
| Debtor. | : | |

-------------------------------------------------------------X
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| VICTORY MEMORIAL AMBULANCE SERVICES, INC., | : | Case No. 06-44388 |
| | : | |
| Debtor. | : | |

-------------------------------------------------------------X
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| VICTORY MEMORIAL PHARMACY, INC., | : | Case No. 06-44389 |
| | : | |
| Debtor. | : | |

-------------------------------------------------------------X

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363 AUTHORIZING THE CONTINUED USE OF THE DEBTORS' (I) EXISTING CASH MANAGEMENT SYSTEM; (II) BANK ACCOUNTS; AND (III) EXISTING BUSINESS FORMS**

Upon the Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 363 Authorizing Continued Use of the Debtors' (I) Existing Cash Management System; (II) Bank Accounts; and (III) Existing Business Forms, dated November 15, 2006 (the "Motion")[1], filed by Victory Memorial Hospital, Victory Memorial Ambulance Services, Inc., and Victory Memorial Pharmacy, Inc. (collectively, the "Debtors"), by and through their proposed attorneys, DLA Piper US LLP; such Motion having been heard on November __, 2006; this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to sections 157 and 1334 of title 28 of the United States Code (the

"Judicial Code"); it appearing that venue of these cases and this Motion in this district is proper pursuant to sections 1408 and 1409 of the Judicial Code; it appearing that this matter is a core proceeding pursuant to section 157(b) of the Judicial Code; and notice of the Motion having been provided as set forth in the Motion; and the Court having determined that the relief sought in the Motion is in the best interest of the Debtors, the Debtors' creditors, all parties-in-interest, and the Debtors' estates; and after due deliberation, sufficient cause appearing therefore; accordingly it is hereby

**ORDERED,** that the Motion be, and it hereby is, granted, to the extent set forth herein; and it is further

**ORDERED,** that that the notice provided for in the Motion and relevant affidavits constitutes sufficient notice of the Motion; and it is further

**ORDERED,** that the Debtors are authorized and empowered to designate, maintain and continue to use the Bank Accounts, with the same account number, and to treat the Bank Accounts for all purposes as an account of the Debtors, provided, however that the Debtors change the name of the signature cards to "Debtor In Possession" and stamps all postpetition checks with "DIP"; and it is further

**ORDERED,** that for all Bank Accounts held in banks that are not designated as Authorized Depositories, the Debtors are required to maintain such Bank Accounts in accordance with the provisions of Bankruptcy Code section 345; and it is further

**ORDERED,** that the Debtors' Banks are authorized and directed to receive, process, honor and pay all checks and drafts drawn by employees for prepetition wages, whether presented, drawn or issued before or after the Petition Date by the holders or makers thereof, as the case may be;

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Motion.

provided however, that sufficient funds, whether deposited prior or subsequent to the Petition Date, are in, or otherwise available to fund and permit payment thereof provided, further, however, that the Debtor's Banks shall have no liability resulting from noncompliance with this decretal paragraph unless such noncompliance is a result of gross negligence or willful misconduct; and it is further

**ORDERED,** that the Debtors shall serve a copy of this Order on each of the Debtors' Banks within one (1) business day of the entry of this Order; and it is further

**ORDERED,** that the Debtors are authorized to continue to use their existing business forms and stationery without alteration or change; and it is further

**ORDERED,** that this Order shall be without prejudice to the rights of the Debtors or any party-in-interest, including without limitation, the Office of the United States Trustee for the Eastern District of New York, to apply to the Court for authority to further modify the terms hereof on appropriate notice and motion; and it is further

**ORDERED,** that notwithstanding anything contained in the decretal paragraphs of this Order to the contrary, to the extent this Order is inconsistent with any term or provision of any Court approved debtor in possession financing and/or use of cash collateral or any future order in respect of the same, such other documents or orders shall govern and control in all respects.

Dated: November __, 2006
      Brooklyn, New York

 

_____
UNITED STATES BANKRUPTCY JUDGE