UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
In re:                                                              :       Chapter 11
                                                                        :
VICTORY MEMORIAL HOSPITAL, ***et al.***           :       Case No***s***.  06-44387-cec
                                                                        :                ***06-44388-cec***
                            Debtor.                         :                ***06-44389-cec***
------------------------------------------------------------X
~~In re:~~                                                        :       ~~Chapter 11~~
                                                                        :
~~VICTORY MEMORIAL AMBULANCE~~    :       ~~Case No.  06-44388-cec~~
~~SERVICES, INC.,~~                              :
                                                                        :
                         ~~Debtor.~~                         :
~~------------------------------------------------------------X~~
~~In re:~~                                                        :       ~~Chapter 11~~
                                                                        :
~~VICTORY MEMORIAL PHARMACY, INC.,~~    :       ~~Case No.  06-44389-cec~~
                                                                        :
                         ~~Debtor.~~                         :
~~------------------------------------------------------------~~X ***(CEC)***

### ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363 AUTHORIZING THE CONTINUED USE OF THE DEBTORS' (I) EXISTING CASH MANAGEMENT SYSTEM; (II) BANK ACCOUNTS; AND (III)  EXISTING BUSINESS FORMS

Upon the Motion for Order Pursuant to 11 U.S.C. §§ 105(a) and 363 Authorizing Continued Use of the Debtors' (I)  Existing Cash Management System; (II) Bank Accounts; and (III) Existing Business Forms, dated November 15, 2006 (the "Motion")[1], filed by Victory Memorial Hospital, Victory Memorial Ambulance Services, Inc., and Victory Memorial Pharmacy, Inc. (collectively, the "Debtors"), by and through their proposed attorneys, DLA Piper US LLP; such Motion having been heard on November  ***16*** , 2006; this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to sections 157 and 1334 of title 28 of the United States Code (the "Judicial Code"); it appearing that venue of these cases and this Motion in this district is proper pursuant to sections 1408 and 1409 of the Judicial

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Motion.

NEWY1\8057124.1

Code; it appearing that this matter is a core proceeding pursuant to section 157(b) of the Judicial Code; and notice of the Motion having been provided as set forth in the Motion; and the Court having determined that the relief sought in the Motion is in the best interest of the Debtors, the Debtors' creditors, all parties-in-interest, and the Debtors' estates; and after due deliberation, sufficient cause appearing therefore; accordingly it is hereby

**ORDERED,** that the Motion be, and it hereby is, granted, to the extent set forth herein; and it is further

**ORDERED,** that that the notice provided for in the Motion and relevant affidavits constitutes sufficient notice of the Motion; and it is further

**ORDERED,** that the Debtors are authorized and empowered to designate, maintain and continue to use the Bank Accounts, with the same account number, and to treat the Bank Accounts for all purposes as an account of the Debtors, provided, however that the Debtors change the name of the signature cards to "Debtor In Possession" and stamps all postpetition checks with "DIP"; and it is further

**ORDERED,** that for all Bank Accounts held in banks that are not designated as Authorized Depositories, the Debtors are required to maintain such Bank Accounts in accordance with the provisions of Bankruptcy Code section 345; and it is further

**ORDERED,** that the Debtors' Banks are authorized and directed to receive, process, honor and pay all checks and drafts drawn by employees for prepetition wages, whether presented, drawn or issued before or after the Petition Date by the holders or makers thereof, as the case may be; provided however, that sufficient funds, whether deposited prior or subsequent to the Petition Date, are in, or otherwise available to fund and permit payment thereof provided, further, however, that the Debtor's Banks shall have no liability resulting from noncompliance

with this decretal paragraph unless such noncompliance is a result of gross negligence or willful misconduct; and it is further

**ORDERED,** that the Debtors shall serve a copy of this Order on each of the Debtors' Banks within one (1) business day of the entry of this Order; and it is further

**ORDERED,** that the Debtors are authorized to continue to use their existing business forms and stationery without alteration or change; and it is further

**ORDERED,** that this Order shall be without prejudice to the rights of the Debtors or any party-in-interest, including without limitation, the Office of the United States Trustee for the Eastern District of New York, to apply to the Court for authority to further modify the terms hereof on appropriate notice and motion; and it is further

**ORDERED,** that notwithstanding anything contained in the decretal paragraphs of this Order to the contrary, to the extent this Order is inconsistent with any term or provision of any Court approved debtor in possession financing and/or use of cash collateral or any future order in respect of the same, such other documents or orders shall govern and control in all respects.

Dated: November *16*, 2006
      Brooklyn, New York

                                  *s/Carla E. Craig*
                                  HONORABLE CARLA E. CRAIG
                                  UNITED STATES BANKRUPTCY JUDGE