UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re: : Chapter 11
:
VICTORY MEMORIAL HOSPITAL, et al., : Case Nos. 06-44387
: 06-44388
: 06-44389
:
Debtors. : (Jointly Administered)
---------------------------------------------------------------X

# FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING THE SECOND AMENDED PLAN OF REORGANIZATION OF VICTORY MEMORIAL HOSPITAL DATED JULY 3, 2008 AND GRANTING RELATED RELIEF

Victory Memorial Hospital, the above-captioned debtor and debtor in possession (the "Debtor"), having filed its Second Amended Plan of Reorganization of Victory Memorial Hospital, dated July 3, 2008 (as amended, the "Second Amended Plan", a copy of which is attached hereto as Exhibit A),[1] and the Disclosure Statement With Respect to the Second Amended Plan of Reorganization of Victory Memorial Hospital dated July 3, 2008 (the "Disclosure Statement"), having been approved by the Court pursuant to the Order Approving Disclosure Statement, Approving Voting and Solicitation Procedures and Establishing Certain Dates and Procedures for Confirmation Hearing on Plan of Reorganization, dated July 7, 2008 (the "Disclosure Statement Order"); and copies of (a) the Notice of (i) the Court's approval of the Disclosure Statement, (ii) the date of the Confirmation Hearing, (iii) the deadline and procedures for filing objections to confirmation of the Second Amended Plan, and (iv) the last date for receipt of ballots to accept or reject the Second Amended Plan; (b) copies of the Second

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Second Amended Plan.

Amended Plan, the Disclosure Statement and this Order; (c) the ballots for holders of Claims in Class 6 together with the ballot envelopes; (d) the instructions for voting on the Second Amended Plan, all of which have been approved by the Court; and upon the affidavits of service of the Solicitation Package (as defined in the Disclosure Statement Order) and the Disclosure Statement Order having fixed (a) August 8, 2008, at 5:00 p.m. as the last day for voting on the Second Amended Plan (the "Voting Deadline"), (b) August 8, 2008 as the last day for filing and serving written objections to confirmation of the Second Amended Plan (the "Objection Deadline"), and (c) August 14, 2008 at 3:00 p.m. (prevailing Eastern Time) as the date and time for the hearing on confirmation of the Second Amended Plan, which hearing was adjourned to December 3, 2008 (the "Confirmation Hearing"); and proper, timely and sufficient notice of the Objection Deadline, Voting Deadline and the Confirmation Hearing having been given in accordance with the terms of the Disclosure Statement Order; and no further notice being required; and an objection to the confirmation of the Debtor's Second Amended Plan having been filed by the United States Trustee on August 7, 2008, a statement and reservation of rights regarding the Debtor's first amended plan of reorganization having been filed by Maimonides Medical Center on August 6, 2008, and an objection to the confirmation of the Debtors' Second Amended Plan having been filed by the New York State Department of Health on August 6, 2008; and upon the Affidavit of Vincent Calamia, M.D., in Support of Confirmation of the Second Amended Plan of Reorganization of Victory Memorial Hospital, dated December 3, 2008 ("Calamia Affidavit"); and upon the Memorandum of Law in Support of Confirmation of the Debtor's Second Amended Plan of Reorganization Pursuant to Section 1129 of the Bankruptcy Code and Reply to Objections, dated December 3, 2008 ("Memorandum"); and the Confirmation Hearing having been held on December 3, 2008; and no other objections to

confirmation of the Second Amended Plan having been made or filed and upon the entire record and the evidence presented at the Confirmation Hearing, all pleadings of record, and the arguments and representations of counsel, the Court makes the following findings of fact and conclusions of law:

**THE COURT HEREBY FINDS THAT:**

1. The Court has jurisdiction over this Chapter 11 Case[2] pursuant to section 1334 of title 28 of the United States Code.

2. Venue of this Chapter 11 Case is proper in this District pursuant to sections 1408 and 1409 of title 28 of the United States Code.

3. Confirmation of the Second Amended Plan constitutes a core proceeding pursuant to section 157(b)(2)(L) of title 28 of the United States Code, over which this Court has jurisdiction to enter a final order.

4. To the extent that any provision designated herein as a finding of fact is more properly characterized as a conclusion of law, it is adopted as such. To the extent that any provision designated herein as a conclusion of law is more properly characterized as a finding of fact, it is adopted as such.

5. The Court takes judicial notice of the docket of this Chapter 11 Case maintained by the clerk of the Court, including, but not limited to, all pleadings, affidavits and all evidence and arguments made, proffered or adduced at the hearings held before the Court.

---

[2] For the purposes this Order, references to "this Chapter 11 Case" shall mean and refer to the Chapter 11 case for Victory Memorial Hospital.

6. On July 7, 2008, the Court approved the Disclosure Statement. Upon the entry of the Disclosure Statement Order, the Debtor or its designees timely and properly gave notice of the Confirmation Hearing, the Voting Deadline, the Objection Deadline, and other matters to be noticed pursuant to the Disclosure Statement Order. In accordance therewith, the Debtor served copies of the Solicitation Package by mail to all creditors, equity security holders and other parties in interest as provided by Rules 3017(c) and (d) of the Federal Bankruptcy Rules of Procedure (the "<u>Bankruptcy Rules</u>"). The Court finds that mailing of the Solicitation Packages, as evidenced by the affidavits of service filed by Donlin, Recano & Company Inc. and their designees and the representations made by Debtor's counsel at the Confirmation Hearing, was proper, timely, and constituted sufficient notice of the Confirmation Hearing, voting on the Second Amended Plan and all other matters to be noticed pursuant to the Disclosure Statement Order and no further notice is required.

7. The Court finds that in accordance with Bankruptcy Code section 1125(e), the Debtor and its designees, agents, representatives, attorneys, accountants and advisors acted in good faith in soliciting acceptances or rejections of the Second Amended Plan and in compliance with all applicable provisions of the Bankruptcy Code.

8. The Court further finds that the solicitation of acceptances or rejections of the Second Amended Plan and related documents by the Debtor was conducted in good faith and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Disclosure Statement Order and any other procedures established by the Court. The process, procedures and mechanisms for creditors and equity security holders to make any permitted elections as provided under the Second Amended Plan have been conducted in good faith and comply with any applicable

provisions of the Bankruptcy Code, the Bankruptcy Rules, the Disclosure Statement Order and any other procedures established by the Court.

9. As set forth in the Certificate of Balloting regarding the results of voting on the Second Amended Plan filed on August 14, 2008, all Classes entitled to vote on the Second Amended Plan have accepted the Second Amended Plan in terms of both number and amount, in accordance with Bankruptcy Code section 1126.

10. The Debtor, as proponent of the Second Amended Plan, is a proper proponent of the Second Amended Plan pursuant to Bankruptcy Code section 1121(a).

11. The Second Amended Plan complies with the applicable provisions of the Bankruptcy Code as required by Bankruptcy Code section 1129(a)(1).

12. The Debtor has complied with the applicable provisions of the Bankruptcy Code, as required by Bankruptcy Code section 1129(a)(2).

13. The Second Amended Plan has been proposed in good faith and not by any means forbidden by law and has been proposed for valid business proposes to satisfy substantial obligations of the Debtor, as required by Bankruptcy Code section 1129(a)(3).

14. Any payment made or to be made by the Debtor or by a person acquiring property under the Second Amended Plan, for services, costs or expenses in or in connection with this Chapter 11 Case, or in connection with the Second Amended Plan and incident to this Chapter 11 Case, has been approved by or is subject to approval of the Court as reasonable, as required by Bankruptcy Code section 1129(a)(4).

15. The identity and affiliations of the persons proposed to serve, after confirmation of the Second Amended Plan, as a director, officer or voting trustee, or Plan Administrator, if any, of the post-Effective Date Debtor, to the extent known, have been fully disclosed by the Debtor, are consistent with the interests of creditors and equity security holders and are in accord with public policy; the Debtor has also disclosed the identity of any insider that will be employed or retained by the post-Effective Date Debtor, and has otherwise complied with all of the requirements of Bankruptcy Code section 1129(a)(5) and all relevant subparagraphs.

16. The Second Amended Plan does not provide for any rate changes requiring the approval of a governmental regulatory commission. Accordingly, compliance with Bankruptcy Code section 1129(a)(6) is unnecessary.

17. Each Class of Claims or interests has accepted the Second Amended Plan or will receive or retain under the Second Amended Plan on account of such Claim or interest property of a value, as of the Effective Date of the Second Amended Plan, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date, as is required by Bankruptcy Code section 1129(a)(7)(A). The Court further finds that, under the Second Amended Plan, the holders of Claims and interests will receive more than they would receive if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code. Accordingly, the Second Amended Plan satisfies Bankruptcy Code section 1129(a)(7)(A).

18. No qualifying election for application of Bankruptcy Code section 1111(b)(2) by any secured creditor has been made. Accordingly, the requirements of Bankruptcy Code section 1129(a)(7)(B) do not apply to the Second Amended Plan.

19. All classes of claims and interests have either accepted the Second Amended Plan or are not impaired by the Second Amended Plan. Accordingly, the requirements of Bankruptcy Code section 1129(a)(8) have been satisfied.

20. Article III of the Second Amended Plan provides for the payment of Allowed Claims under Bankruptcy Code sections 507(a)(2) and there are no claims arising under Bankruptcy Code section 507(a)(3), thus complying with Bankruptcy Code section 1129(a)(9)(A). Class 5 of the Second Amended Plan provides for payment of Allowed Claims under Bankruptcy Code sections 507(a)(4) and 507(a)(5) and there are no claims under Bankruptcy Code sections 507(a)(1), 507(a)(6) or 507(a)(7), thus complying with Bankruptcy Code section 1129(a)(9)(B). Article II of the Second Amended Plan provides for treatment of Allowed Claims under Bankruptcy Code sections 507(a)(8), thus complying with Bankruptcy Code section 1129(a)(9)(C). Accordingly, the Second Amended Plan satisfies Bankruptcy Code section 1129(a)(9).

21. Class 6 is an impaired class under the Second Amended Plan that voted to accept the Second Amended Plan. Accordingly, the Second Amended Plan satisfies Bankruptcy Code section 1129(a)(10).

22. The Court finds that the Second Amended Plan is feasible and that confirmation and consummation of the Second Amended Plan is not likely to be followed by ~~the liquidation, or~~ *(CEC)* the need for further financial reorganization, of the post-Effective Date Debtor as required by Bankruptcy Code section 1129(a)(11). The Court also finds that the post-Effective Date Debtor will have adequate capital to meet its ongoing obligations.

23. The principal purpose of the Second Amended Plan is not the avoidance of taxes and no party in interest or governmental unit has requested that this Court deny confirmation of the Second Amended Plan on the ground that the principal purpose of the Second Amended Plan is the avoidance of taxes.

24. All outstanding fees payable to the Office of the United States Trustee under 28 U.S.C. § 1930 have been paid, or the Second Amended Plan provides for the payment of all such fees on or before the Effective Date of the Second Amended Plan, as required by Bankruptcy Code section 1129(a)(12), and the Debtor or Plan Administrator shall pay fees that accrue under 28 U.S.C. § 1930 until a final decree is entered in this Chapter 11 Case, or this Court orders otherwise.

25. The classification of all Claims and interests as provided under the Second Amended Plan is hereby authorized and approved, and is reasonable, proper, complies with applicable law, and satisfies the requirements of the Bankruptcy Code, including, but not limited to, sections 1122(a) and 1123(a)(1), (2), (3) and (4).

26. The Second Amended Plan provides adequate means for the execution and implementation of the Second Amended Plan. The provisions governing the making of distributions and payments, as provided for in the Second Amended Plan, are necessary, fair, reasonable and appropriate. The distribution procedures, mechanisms and proposed allocations provided in the Second Amended Plan are necessary, fair, reasonable and appropriate.

27. With the exception of any collective bargaining agreements, the Debtor is rejecting all executory contracts and unexpired leases as of the Confirmation Date, subject to the occurrence of the Effective Date, pursuant to Bankruptcy Code section 365. Any Claim for

damages arising from the rejection of an executory contract or unexpired lease must be filed with the Court and served upon the Debtor within thirty (30) days after the mailing of notice of entry of the Confirmation Order.  Any Claim arising from the rejection of an executory contract or unexpired lease not filed within such time will be forever barred and the holder of such Claim will be forever barred from receiving any distribution under this Plan or asserting any Claims against the Debtor, the Estate or the Plan Administrator on account of such Claim.  The Debtor shall reject all collective bargaining agreements as of the Confirmation Date, subject to the occurrence of the Effective Date, pursuant to a stipulation with the counterparties or a separate motion.

28. All settlements and compromises of claims and causes of action against non-Debtor entities that are embodied in the Second Amended Plan, including, without limitation, the releases and injunctions provided in Article VII of the Second Amended Plan, which are approved herein as proper, fair, reasonable and in the best interests of the Debtor, its Estate and any holders of Claims against or membership and other interests in the Debtor, are effective and binding on all persons and entities who may have standing to assert such claims or causes of action.

29. The Court finds that the Debtor has adequately disclosed the identity of the post-Effective Date Debtor's Plan Administrator.

30. All conditions precedent to the entry of this Confirmation Order as set forth in Article VI of the Second Amended Plan have been satisfied or waived in accordance with the provisions of the Second Amended Plan.

**NOW, AFTER DUE DELIBERATION, THE COURT HEREBY ORDERS, ADJUDGES AND DECREES THAT:**

31. The Second Amended Plan, as amended by this Order and each of its provisions, be, and hereby are, confirmed in each and every respect pursuant to Bankruptcy Code section 1129.

32. All objections, limited objections, reservation of rights and responses to confirmation of the Second Amended Plan, other than those withdrawn with prejudice in their entirety prior to or on the record at the Confirmation Hearing shall be, and hereby are, overruled.

33. The Debtor is authorized to enter into any and all documentation necessary to effectuate the terms of the Second Amended Plan, as amended.

34. Upon and following the Effective Date, the Debtor shall be deemed to have appointed Frank Conrad as Plan Administrator. The Plan Administrator shall be responsible for the liquidation of the Debtor's remaining Assets, administration of the Plan and the wind-down of the Debtor and its Estate post-Effective Date. The Plan Administrator shall be deemed the Estate's representative in accordance with Bankruptcy Code section 1123 and shall have all powers, authority and responsibilities specified in the Plan, including, without limitation, the powers of a trustee under Bankruptcy Code section 1106.

35. In accordance with Bankruptcy Code section 1141, the Second Amended Plan and its provisions hereby are binding upon and inure to the benefit of the Debtor and its successors, including the post-Effective Date Debtor, Plan Administrator, any Person or entity acquiring or receiving property under the Second Amended Plan, and any holder of a Claim against or membership interest or other interest in the Debtor, whether the Claim, membership interest or

other interest of such holder is impaired under the Second Amended Plan and whether or not such holder has filed, or is deemed to have filed, a proof of Claim, or has accepted or rejected the Second Amended Plan.

36. Pursuant to this Order, on the Effective Date, the transfers of assets by the Debtor contemplated under the Second Amended Plan will be deemed legal, valid, binding and effective transfers of property and will, to the fullest extent permitted by the Bankruptcy Code, vest in the respective transferee good title to such property, free and clear of all liens, claims and encumbrances, except as otherwise provided for by the Second Amended Plan or as required in order to implement the Second Amended Plan and related agreements provided thereunder.

37. The releases and injunctions set forth in Article VII of the Second Amended Plan are hereby approved as proper and valid and as effecting a fair, equitable, reasonable and non-discriminatory compromise of the controversies and claims released and enjoined thereby and are in the best interests of the Debtor's Estate. The consideration given under the Second Amended Plan in exchange for the releases and injunctions approved hereby is deemed adequate and fair.

38. Notwithstanding anything in the Second Amended Plan or this Order to the contrary, the Committee and the Plan Administrator shall each have until February 28, 2009 or such later date(s) established in accordance with this paragraph 38 of this Order (the "Release Date") to file actions against any current or former director or officer of the Debtor or any current or former member of the Debtor's Board of Trustees for any and all claims, obligations, rights, suits and causes of action whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that the Debtor and/or the

Estate would have been entitled to assert whether directly, indirectly, derivative or otherwise, based in whole or in part upon any action, omission, transaction, agreement, event, conduct or other occurrence taking place on or before the Effective Date in any way relating or pertaining to the Debtor. Any and all of the foregoing such actions filed on or before the Release Date shall not be released under the Second Amended Plan and the Committee and/or the Plan Administrator shall be entitled (and have standing) to prosecute such actions. The Release Date may be extended by the Court for cause shown on motion filed by any party-in-interest on or prior to the Release Date. Prior to the Effective Date, the Release Date may be extended by the Debtor.

39. Nothing in the Second Amended Plan or this Order, including without limitation the release and exculpation provisions in Article VII of the Second Amended Plan and the limitation of liability provisions in Article VIII of the Second Amended Plan, shall constitute a release of, or affect the liability for, any claims, obligations, rights, suits and causes of action of any kind whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereafter arising in law, equity or otherwise, against any Person who served prepetition in the capacity of financial advisor, director or officer of the Debtor, or member of the Debtor's Board of Trustees and was removed, voluntarily resigned from, voluntarily stopped working, or otherwise vacated their position as financial advisor, director or officer of the Debtor, or member of the Debtor's Board of Trustees prior to December 31, 2006 from liability arising from any action or inaction in such capacity for any pending or potential cause of action, claim, obligation, right, suit and/or cause of action whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that the Debtor, Committee, Plan Administrator,

the Estate or such other Person or entity would be entitled to assert whether directly, indirectly, derivative or otherwise.

40. All injunctions or stays provided for in the Chapter 11 Case under Bankruptcy Code sections 105 or otherwise in effect on the Confirmation Date shall remain in full force and effect until the Debtor's Chapter 11 case is closed.

41. In accordance with Bankruptcy Code section 1142, the Debtor, Plan Administrator and any other entity or person designated pursuant to the Plan be, and they hereby are, authorized, empowered and directed to issue, execute, deliver, file and record any document, and to take any action necessary or appropriate to implement, effectuate and consummate the Second Amended Plan and the transactions contemplated thereunder, and any transactions contemplated thereby in accordance with their respective terms, whether or not any such document is specifically referred to in the Second Amended Plan or exhibits thereto, and without further application to or order of this Court.

42. Pursuant to Bankruptcy Code section 1142(b), but subject to the retained jurisdiction of the Court to resolve disputes as provided in the next sentence, all Persons holding Claims, membership interests or other interests which are dealt with under the Second Amended Plan be, and they hereby are, directed to execute, deliver, file or record any document, and to take any action necessary to implement, effectuate and consummate the Second Amended Plan in accordance with its terms and all such persons shall be bound by the terms and provisions of all documents to be executed by them in connection with the Second Amended Plan, whether or not such documents actually have been executed by such Persons. The Court shall retain jurisdiction to hear and determine any dispute concerning the proposed application of

Bankruptcy Code section 1142 and of the preceding sentence. The foregoing shall not, however, in any manner adversely affect or impair any of the rights of the parties to the agreements under the Second Amended Plan or release any such party from any condition under the agreements and instruments relating thereto.

43. After the Effective Date, objections to Claims shall be made, and objections to Claims against or other interests in the Debtor made previous thereto shall be pursued in accordance with the Second Amended Plan. Any objections made by the Plan Administrator or the Committee after the Effective Date shall be served and filed not later than one hundred and eighty (180) days after the Effective Date; <u>provided</u>, <u>however</u>, that such period may be extended by the Court upon request of the Plan Administrator or Committee upon notice to the Plan Administrator, the Committee, ASM Capital, L.P., ASM Capital II, L.P. and ASM Capital III, L.P. (collectively, the ASM entities are referred to herein as "<u>ASM Capital</u>"), and such other parties as shall request such notice.

44. Subject to the terms of the Second Amended Plan, from and after the Effective Date, the Plan Administrator and/or Committee may litigate to judgment, propose settlements of, or withdraw objections to, all pending or filed disputed Claims and may settle or compromise any disputed Claim.

45. From and after the Effective Date, any notice to be provided shall be sufficient if provided to (a) the list of creditors as required under Bankruptcy Rule 2002; or (b) all parties whose rights may be affected by the action which is the subject of the notice, and such notice as is approved as sufficient by Order of this Court.

46. In accordance with Article VII of the Second Amended Plan, the appointment and duties of the Committee shall continue to exist and the Committee shall continue to exercise all of its rights and powers conferred upon it by the Bankruptcy Code and the Second Amended Plan. Upon all distributions to holders of Allowed Unsecured Claims having been made pursuant to the Second Amended Plan and the entry of a final decree closing the Debtor's Chapter 11 case having been entered, the Committee shall be deemed dissolved and shall have no further duties, powers, rights or responsibilities. Upon the Effective Date, ASM Capital, collectively, shall be deemed to be one member of the Committee and shall have the same fiduciary duties as the other members of the Committee. Upon the Effective Date, ASM Capital shall not purchase or sell any Claims.

47. Pursuant to the Second Amended Plan, and in accordance with Bankruptcy Code section 1142 or other similar provisions in the corporate or comparable laws of the Debtor's jurisdiction of incorporation, the Debtor and/or Plan Administrator are hereby authorized to take such corporate action as may be necessary and appropriate to implement and effectuate consummation of the Second Amended Plan and each of the agreements and instruments referred to therein or contemplated thereby, in this Order, or under the Second Amended Plan and all such actions are approved.

48. If the Effective Date does not occur, then the Second Amended Plan, any settlement or compromise embodied in the Second Amended Plan (including, the fixing or limiting to an amount certain any Claim or Class of Claims), and any document or agreement executed pursuant to the Second Amended Plan shall be null and void in all respects. In the event the Effective Date does not occur, nothing contained in the Second Amended Plan or this Order, and no acts taken in preparation for consummation of the Second Amended Plan shall (a)

constitute a waiver or release of any Claims or interests by or against the Debtor or any Person; (b) prejudice in any manner the rights of the Debtor or any Person; (c) constitute an admission of any sort of the Debtor or any Person; or (d) be construed as a finding of fact or conclusion of law with respect thereto. Upon the occurrence of the Effective Date, the Second Amended Plan shall be deemed substantially consummated.

49. The Second Amended Plan and its provisions shall be binding upon the Debtor, Plan Administrator and the Committee and any entity acquiring property under the Second Amended Plan or any entity to which property is tendered under the Second Amended Plan or any holder of an interest whose interest is extinguished and cancelled by the Second Amended Plan, whether or not the holder of the Claim or interest or creditor is impaired under the Second Amended Plan and whether or not such holder of the Claim or interest or creditor accepted the Second Amended Plan.

50. All Allowed Administrative Claims shall be paid on (a) the third Business Day after the Effective Date; (b) the date on which such Person becomes the holder of such an Allowed Administrative Claim; or (c) the date or dates when that Claim is payable by its terms, consistent with past practice and in accordance with past terms. With the exception of Fee Claims, all Administrative Claims must be filed no later than 30 days after the Effective Date. All Administrative Claims (other than Fee Claims) not filed within 30 days after the Effective Date shall be forever barred. The Debtor shall provide notice to known and unknown administrative creditors pursuant to procedures approved by this Court prior to the Effective Date. The Plan Administrator or the Committee may object to the allowance of any Administrative Claim.

51. All applications of Professionals under Bankruptcy Code sections 330 or 503(b) for allowance of compensation and reimbursement of expenses accrued through the Effective Date, must be filed not later than sixty (60) days after the Effective Date, and shall only be paid pursuant to applicable orders of this Court governing payment of professional fees and the applicable provisions of the Plan. Fee Claims filed after such date shall automatically be deemed disallowed for all purposes under the Plan unless and until the Claimant obtains an order of the Court allowing such Fee Claims.

52. Allowed Priority Tax Claims shall be paid by the Debtor. Unless otherwise agreed by the holders of the Allowed Priority Tax Claims to different treatment, any Person holding an Allowed Priority Tax Claim will receive, in full satisfaction of such Claim: (a) payment in Cash in full on the later of the Effective Date or the date such Claim becomes an Allowed Claim, or (b) Cash over a period not exceeding six (6) years after date of assessment of such Claim, with interest at a rate equal to four percent (4%) per year, payable monthly, in periodic payments, having the value of such Claim as of the Effective Date.

53. The Debtor shall establish a Professional Fee Reserve as contemplated by the Plan.

54. The protection afforded by Bankruptcy Code section 1125(e) with regard to the solicitation of acceptances or rejections of the Second Amended Plan shall apply to the full extent provided by law, and the entry of the Confirmation Order shall constitute the determination by this Court that the Debtor and its officers, directors, attorneys, accountants, or other professionals, shall have acted in good faith and in compliance with the applicable provisions of the Bankruptcy Code pursuant to Bankruptcy Code section 1125(e).

55. Notwithstanding confirmation of the Second Amended Plan or the occurrence of the Effective Date and in addition to the provisions in Article VII of the Second Amended Plan for retention of jurisdiction thereunder, which provisions are incorporated herein by reference, this Court hereby retains exclusive jurisdiction over all matters arising out of, and related to, this Chapter 11 Case and the Second Amended Plan to the fullest extent permitted by law, including, among other things, (a) Bankruptcy Code sections 105(a), 1127(b) and 1142; (b) Article VII of the Second Amended Plan; and (c) for such other purposes as may be necessary or useful to aid in the confirmation and consummation of the Second Amended Plan and its implementation, including, but not limited to:

(a) To determine any motion, adversary proceeding, avoidance action, application, contested matter, and other litigated matter pending on or commenced after the Confirmation Date;

(b) To hear and determine applications for the assumption or rejection of executory contracts or unexpired leases and the allowance of Claims resulting therefrom;

(c) To ensure that distributions to holders of Allowed Claims are accomplished as provided in the Second Amended Plan;

(d) To hear and determine objections to the allowance of Claims, whether filed, asserted or made before or after the Effective Date, including, without limitation, to hear and determine objections to the classification of Claims and the allowance or disallowance of disputed Claims, in whole or in part;

(e) To consider Claims or the allowance, classification, priority, compromise, estimation, or payment of any Claim;

(f) To enter, implement, or enforce such Orders as may be appropriate in the event the Confirmation Order is for any reason stayed, reversed, revoked, modified, or vacated;

(g) To issue injunctions, enter and implement other Orders, and take such other actions as may be necessary or appropriate to restrain interference by any Person with the consummation,

implementation, or enforcement of the Second Amended Plan, the Confirmation Order or any other Order of the Bankruptcy Court;

(h)  To hear and determine any application to modify the Second Amended Plan in accordance with Bankruptcy Code section 1127, to remedy any defect or omission or reconcile any inconsistency in the Second Amended Plan, the Disclosure Statement, or any Order of the Bankruptcy Court, including the Confirmation Order, in such a manner as may be necessary to carry out the purposes and effects thereof;

(i)  To hear and determine all Fee Claims;

(j)  To hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of the Second Amended Plan, the Confirmation Order, or any transactions or payments contemplated hereby or thereby, or any agreement, instrument, or other document governing or relating to any of the foregoing;

(k)  To take any action and issue such Orders as may be necessary to construe, enforce, implement, execute, and consummate the Second Amended Plan, including any release or injunction provisions set forth herein or in the Second Amended Plan, or to maintain the integrity of the Second Amended Plan following consummation;

(l)  To determine such other matters and for such other purposes as may be provided in the Confirmation Order;

(m)  To hear and determine matters concerning state, local, and federal taxes in accordance with Bankruptcy Code sections 346, 505, and 1146;

(n)  To enter a final decree closing the Debtor's Chapter 11 case;

(o)  To recover all assets of the Debtor and property of the Estate, wherever located; and

(p)  To hear and determine any other matters related hereto and not   inconsistent with the Bankruptcy Code, title 28 of the United States Code and other applicable law.

56.  Pursuant to Bankruptcy Rule 3020(c), the Debtor shall promptly serve notice of entry of this Order as provided in Bankruptcy Rule 2002(f) to all creditors, equity security

holders and other parties in interest, to be sent by first class mail, postage pre-paid, except to such parties who may be served by hand or facsimile or overnight courier, which service is hereby authorized.

57. The provisions of this Order are integrated with each other and are non-severable and mutually dependent.

58. To the extent that the terms of this Order are inconsistent with the terms of the Second Amended Plan, the terms of this Order shall control; in all other respects, the terms of the Second Amended Plan shall remain in full force and effect.

59. The failure to specifically include any particular provisions of the Second Amended Plan in this Order will not diminish the effectiveness of such provisions, it being the intent of the Court that, except to the extent specifically modified by this Order, the Second Amended Plan is confirmed in its entirety and incorporated herein by reference.

Dated: February [*20*], 2009
      Brooklyn, New York

                                        *s/Carla E. Craig*
                                        HONORABLE CARLA E. CRAIG
                                        CHIEF U.S. BANKRUPTCY JUDGE