LAW OFFICES
CHARLES A. GRUEN
Attorneys for Creditor
VGM Financial Service
381 Broadway, Suite 300
Westwood, New Jersey 07675
(201) 342-1212
Telecopier (201) 342-6474
Charles A. Gruen, Esq. (CG 5456)

**Hearing Date and Time: June 3, 2009, 3:00 p.m.**
**Objection Deadline: May 29, 2009**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>VICTORY MEMORIAL HOSPITAL,<br><br>Debtor. | Chapter 11<br><br>Case Nos. 06-44387-CEC<br>06-44388-CEC<br>06-44389-CEC<br><br>(Jointly Administered) |

**LIMITED OBJECTION OF SECURED CREDITOR, VGM FINANCIAL SERVICES, TO THE DEBTORS' MOTION AND APPLICATION FOR AN ORDER (A) AUTHORIZING THE EMPLOYMENT AND RETENTION OF GREAT AMERICAN GROUP, LLC, A LIQUIDATOR, AND (B) APPROVING THE SALE OF CERTAIN ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS**

Creditor, VGM FINANCIAL SERVICES (hereinafter referred to as "VGM") objects to the referenced Motion of the Debtors (hereinafter referred to as the "Motion") and responds to the requests for relief set forth therein. VGM, by and through its counsel, hereby objects to the Debtors' Motion, and in support of such objection, states as follows:

1. On or about January 24, 2005, the Debtors and VGM entered into Rental Agreement No. 8354001 (the "Agreement"). A true copy of the Rental Agreement is attached hereto and made a part hereof as Exhibit "A". The equipment which is the subject of the Agreement is more particularly described therein.

2. On or about December 23, 2008, Creditor, VGM, received correspondence from the Debtors advising that, due to a Department of Health mandate to close and/or terminate its operation, it was terminating existing contracts. As such, the Debtors ceased making any payments under the Agreement in December of 2008. To date, despite several requests, the Debtors have not provided us with the information necessary for VGM to recover its equipment. On or about May 8, 2009, VGM filed a Motion to Compel the Debtors to Return Equipment. The Motion was originally returnable on Wednesday, June 3, 2009. However, pursuant to the Debtors' request, we consented to a one (1) month adjournment of VGM's Motion to Compel to give the Debtors the opportunity to ascertain whether SUNY- Downstate intends to assume the subject Agreement.

3. In their Motion, the Debtors seek to sell certain assets free and clear of all liens, claims, encumbrances and interests. However, the Debtors do not specify which assets they intend to sell. As such, VGM cannot properly determine whether its equipment is included in the sale. If the Debtors intend to include VGM's equipment in the sale, VGM would like the opportunity to analyze whether it is in its best interest to have the equipment included in the sale or whether it should repossess its equipment and sell same on its own in mitigation of VGM's damages.

Accordingly, Creditor, VGM, respectfully requests that the Court deny the Debtors' Motion as to any equipment which is the subject of an Agreement between VGM and the Debtors.

Dated: Westwood, New Jersey
May 29, 2009

LAW OFFICES OF CHARLES A. GRUEN

By: /s/ Charles A. Gruen

Charles A. Gruen, Esq.
381 Broadway
Suite 300
Westwood, New Jersey 07675
Tel: (201) 342-1212
Fax: (201) 342-6474
Attorneys for Secured Creditor,
VGM Financial Services

# EXHIBIT A

VGM FINANCIAL SERVICES RENTAL AGREEMENT LEASE #83540[illegible]01

| CUSTOMER: VICTORY MEMORIAL HOSPITAL | | | |
|---|---|---|---|
| ADDRESS: 9036 7TH AVENUE | | | |
| CITY: BROOKLYN | | STATE: NY COUNTY: KINGS | ZIP: 11228 |
| EQUIPMENT DESCRIPTION: *SEE ATTACHED SCHEDULE A* | | | |
| TOTAL # OF RENTAL PMTS 60 | PAYMENTS: Payment $4,561.97 Tax $ 0.00 Total $4,561.97 | ADVANCES First: $0.00 Last: Security Deposit: | PURCHASE OPTION FMV: ____ $1.00: X Other : |

**TERMS AND CONDITIONS --READ CAREFULLY BEFORE SIGNING**

1. **RENTAL:** VGM Financial Services ("VGM") rents to Customer the equipment, furniture, fixtures, machinery, inventory and goods (collectively, "Equipment") described above and in any schedule made a part hereof upon the terms and conditions set forth herein. This Agreement shall not be deemed *terminated until Customer has fulfilled all obligations* hereunder. The parties intend this Agreement to be governed by Article 2A of the Uniform Commercial Code ("UCC"). Pursuant to Article 2A, Customer is entitled to the promises and warranties, including those of any third party, provided to VGM by the Equipment supplier. Customer may contact the Equipment supplier and receive an accurate and complete statement of the promises and warranties, including any disclaimers and limitations of them or of remedies.
2. **PAYMENTS:** Other than as set forth in a rider hereto, payments are due monthly, beginning the date designated by VGM. VGM may change *the payment by not more than 10% in the event of price changes*, changed order, etc. Security deposit is refundable upon expiration of the Agreement provided all terms and conditions of this Agreement have been fulfilled. Security deposit and payments may be commingled and do not earn interest.
3. **EQUIPMENT ACCEPTANCE;USE** Customer has inspected the Equipment, and Customer's acceptance of the Equipment shall be conclusively and irrevocably evidenced by Customer signing this Agreement, and upon acceptance, THIS AGREEMENT SHALL BE NON-*CANCELABLE, and Customer's obligations* hereunder shall not abate for any reason. Customer agrees that the Equipment will be used for business purposes only.
4. **DISCLAIMER OF WARRANTIES:** THE EQUIPMENT IS BEING RENTED IN "AS IS" CONDITION. CUSTOMER AGREES THAT VGM IS NOT THE MANUFACTURER OR SUPPLIER OF THE EQUIPMENT. CUSTOMER HAS SELECTED THE EQUIPMENT BASED UPON ITS OWN JUDGMENT AND ACKNOWLEDGES THAT VGM HAS NOT MADE AND DOES NOT MAKE ANY **REPRESENTATION OR WARRANTY OF ANY KIND, DIRECT OR INDIRECT, EXPRESS OR IMPLIED, AS TO THE SUITABILITY, DURABILITY, DESIGN, OPERATION OR CONDITION OF THE EQUIPMENT, ITS MERCHANTABILITY, FITNESS FOR USE FOR ANY PARTICULAR PURPOSE, OR OTHERWISE.** No broker, equipment supplier, or other person (other than an employee of VGM) is an agent of VGM.
5. **GOVERNING LAW; LITIGATION:** This Agreement shall be interpreted and governed by the laws of the State of Iowa. BY SIGNING THIS AGREEMENT, CUSTOMER AGREES TO THE JURISDICTION AND VENUE OF FEDERAL AND STATE COURTS IN IOWA AND. **CUSTOMER HEREBY WAIVES ITS RIGHT TO A JURY TRIAL.** VGM at its sole discretion may enforce this Agreement in any state or federal court having lawful jurisdiction thereof.
6. **SECURITY AGREEMENT:** If this Agreement is determined to create a security interest, Customer hereby grants VGM a security interest in all Equipment financed by or rented from VGM of any kind or nature whatsoever, wherever located, *whether now owned or hereafter acquired,* and all returns, repossessions, substitutions, replacement parts, accessories, and accessions thereto and thereof, and all proceeds thereof.
7. **APPOINTMENT OF ATTORNEY IN FACT:** Customer authorizes VGM, its successors and assigns, and VGM's filing agent to cause this Agreement, or any other document(s) showing the interest of VGM, including but not limited to UCC financing statements, to be authenticated and filed or recorded. In addition, Customer appoints VGM, its successors and assigns, as Customer's attorney-in-fact (1) to arrange for property damage coverage under a policy of insurance *and to transmit Customer's premium payments to the insurer,* (2) to deal with and to direct any insurer as to any matter concerning the claim for, disposition of, and/or application of proceeds from any policy of insurance, and (3) to receive payments and execute and endorse all documents, checks, drafts, or other instruments necessary or advisable to secure payments due under any policy of insurance. Customer authorizes VGM to make non-substantive changes hereto, including but not limited to Customer's legal name. These appointments and authorizations shall be continuous. Nothing in this paragraph shall relieve Customer of its duty to procure required insurance, *to make timely insurance claims, and to otherwise cooperate with insurance carriers* and VGM in seeking insurance coverage and recoveries.
8. **NET LEASE:** Customer agrees to be unconditionally obligated to pay all payments and other amounts due hereunder no matter what happens, even if the Equipment is damaged or destroyed, if it is defective, if Customer no longer can use it, or if the manufacturer or supplier ceases doing business or cannot service and/or support the Equipment, and irrespective of any set-off, counterclaim, defense, or other right which Customer *may have against VGM or any other person.*

**SEE REVERSE SIDE FOR ADDITIONAL TERMS AND CONDITIONS**

Customer acknowledges having read the terms and conditions printed above and on the reverse side hereof, and unconditionally agrees to same. By signing below, Customer acknowledges that it has received delivery of all Equipment and that the Equipment is satisfactory for purposes of this Agreement. Customer requests that VGM countersign this Agreement and requests and hereby authorizes VGM to pay the Equipment vendor/manufacturer. **VGM Complies with Section 326 of the USA PATRIOT Act. This law mandates that VGM verify certain information about Customers while processing account applications.**

Acceptance by VGM on 1-24-05

**THIS AGREEMENT IS NOT BINDING UNTIL ACCEPTED BY VGM**

VGM: VGM Financial Services

By: [signature]

1111 West San Marnan Dr., Waterloo, Iowa 50701

DATE: X 12/15/04

CUSTOMER: VICTORY MEMORIAL HOSPITAL

By: X [signature]

KRISHIN BHATIA

X [signature]

TITLE

9. **TAXES:** Customer agrees to pay all taxes, fees, and governmental charges related to this Agreement and the Equipment, which during the term of this Agreement or at any time thereafter may be imposed. If VGM pays any of the above for Customer, Customer agrees to reimburse VGM on demand, plus interest. VGM shall not be obligated to contest any valuation of or tax imposed on the Equipment or this Agreement

10. **INDEMNITY:** VGM is not responsible for any losses or injuries caused by the Equipment, and Customer agrees to indemnify VGM with respect to all claims for losses imposed on, incurred by, or asserted against VGM, including attorneys' fees and expenses plus interest, where such claims in any way relate to the Equipment, whether or not caused in whole or in part by the negligence of VGM. Customer shall, if requested by VGM, defend VGM against any claims for losses or injuries caused by the Equipment, including but not limited to any claim arising out of strict liability in tort. This provision shall survive the termination or expiration of this Agreement.

11. **INSURANCE:** Customer shall keep the Equipment insured against loss for not less than its replacement cost, and shall carry public liability insurance, both personal injury and property damage. On any policy maintained by Customer, Customer shall name VGM as an additional insured and as loss payee. If Customer fails to procure or maintain insurance, VGM may obtain same and pay the amount due thereon, and Customer shall reimburse VGM upon demand and, if required by VGM, pay interest on such sums due and owing at a rate of up to 18% per annum, but in no event more than the maximum rate permitted by law. With respect to any policy obtained by VGM, VGM may charge a monthly administrative fee. Any insurance proceeds received with respect to the Equipment will be applied, at the option of VGM, to repair, restore, or replace the Equipment, or to pay VGM the remaining balance and any other amounts payable hereunder. Nothing in this paragraph shall relieve Customer of its duty to procure required insurance.

12. **LATE CHARGES:** If Customer is delinquent in paying any sum due, Customer shall pay a charge to offset collection expenses on such delinquent payment of $25.00 or at a rate of up to 10% of the payment amount that is past due, whichever is greater.

13. **DEFAULT:** Any of the following constitute default: (1) Customer fails to pay any sum due VGM; (2) Customer fails to observe or perform any other term of this Agreement; (3) Customer encumbers or disposes of the Equipment without VGM's written consent; (4) The filing by or against Customer of a petition under the Bankruptcy Code or any other insolvency law; (5) The voluntary or involuntary commencement of any formal or informal proceeding for dissolution, liquidation, settlement of claims against or winding up of Customer's affairs, or Customer ceases doing business of going concern; (6) Any representation or warranty made by Customer in connection herewith proves to have been materially misleading; (7) Customer is in default under any other contract or agreement with VGM.

14. **REMEDIES:** Upon an occurrence of default, VGM may exercise one or more of the following remedies: (1) Declare due, sue for, and receive from Customer the sum of all payments and other amounts then due and owing under this Agreement or any schedule hereto, plus (a) the present value of the sum of payments for the unexpired term of this Agreement, discounted at the rate of 6% per annum and (b) the anticipated value of the Equipment at the end of the initial term or applicable renewal term of the Agreement (but in no event less than 15% of the original cost of the Equipment), or (c) in lieu of (a) and/or (b) above, the accelerated balance of payments for the unexpired term of the Agreement; (2) Accelerate the payments of any other agreement between Customer and VGM in the same manner as set forth in clause (1) above; (3) Require Customer to return the Equipment at its own expense to any reasonable location designated by VGM; (4) Terminate this Agreement or any other agreement between Customer and VGM; (5) Charge Customer interest on all monies due hereunder from and after the date of default at the rate of 18% per annum, compounded monthly until paid in full, but in no event more than the maximum rate permitted by law; (6) Charge and collect from Customer all other amounts due and owing under this Agreement. In addition, VGM may use any other remedies available to it under applicable law. These remedies will be applied, to the extent allowed by law, cumulatively. No delay in exercising any right or remedy shall operate as a waiver of any right or remedy or modify the terms of this Agreement. A waiver of default shall not be construed as a waiver of any other or subsequent default. Customer agrees to pay VGM all costs and expenses, including attorneys' fees, incurred by VGM in exercising or attempting to exercise any of its rights or remedies. If appropriate in the circumstances, remedies will include those available under UCC Article 9.

15. **ASSIGNMENT:** Customer may not sublet, lend, assign, or pledge this Agreement, the Equipment, or any interest in either, or permit any lien or security interest thereon. Any and all of VGM's interest and rights in the Equipment and under this Agreement may be assigned, pledged, or otherwise disposed of without notice to Customer. Any assignment of this Agreement by Customer, whether or not permitted by VGM, shall not release Customer from its obligations hereunder.

16. **PURCHASE OPTION; RETENTION OF EQUIPMENT:** At the end of the Agreement period, and provided Customer is not in default, Customer shall have the option to purchase all (not part) of the Equipment at fair market value or at any other price set forth herein or in any rider or attachment hereto, if any, AS IS, WHERE IS without any express or implied warranty whatsoever. If Customer fails to exercise its purchase option, if any, or if Customer fails to return the Equipment at its own expense to VGM in good working order at the expiration of the original payment period, the Agreement will automatically convert to a month-to-month rental agreement on the same terms.

17. **CUSTOMER WAIVERS:** To the extent permitted by law, Customer waives all rights and remedies against VGM provided by Article 2A or Article 9 of the UCC or other applicable law, including but not limited to any right which requires VGM to sell, lease, or otherwise use any Equipment to reduce VGM's damages or which may otherwise limit or modify any of VGM's rights or remedies. Any action against VGM for any default, including breach of warranty or indemnity, must be started within one (1) year after the event which caused it. VGM will not be liable for specific performance of this Agreement or for any losses, damages, delay, or failure to deliver the Equipment. **BY SIGNING THIS AGREEMENT CUSTOMER HEREBY WAIVES ITS RIGHT TO A JURY TRIAL OF ANY MATTER ARISING OUT OF OR IN ANY WAY CONNECTED WITH THIS AGREEMENT.**

18. **GENERAL:** This Agreement may be signed in any number of counterparts each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same Agreement. This Agreement shall inure to the benefit of and is binding upon the parties and their heirs, personal representatives, successors, and assigns. This Agreement represents the entire agreement between the parties, superseding all prior or contemporaneous negotiations, discussions, understandings, or agreements pertaining to the subject matter hereof. This Agreement shall not be modified without VGM's written consent. If any provision of this Agreement is deemed unenforceable, then such provision shall be deemed deleted and all other provisions of this Agreement shall remain in full force and effect. Customer agrees that VGM may receive from and disclose to other persons, including credit reporting agencies, VGM and Associates and its affiliates, and respective equipment vendors, information about Customers accounts and credit experience. Customer hereby authorizes any person to release to VGM credit experience and account information relating to Customer. These authorizations are intended to be continuous and shall survive the expiration and/or termination of this Agreement. Time is of the essence of this Agreement.

X [illegible] **INITIALS**




# SCHEDULE "A"

Customer:

This Schedule "A" attached to and made a part of Rental Agreement No. 8354001 dated X 12/15/04

Address of Equipment: (if different than address on Rental Agreement)

******* ASSET #1 *******

**Vendor: 2227 RESP. HOSPITAL-2227**

**10 -- V1000 ESPRIT VENTILATOR**
**10 -- 1001453 LX 200-MJL CART**
**10 -- 1001664 U.S. 02 HOSE**
**10 -- 27113 FLEX ARM**
**10 -- 1002497 FLEX ARM BRACKET**
**10 -- 500-100-09 DISPOSABLE EXPIRATORY FILTER (SPU)**
**10 -- 1002504 INSPIRATORY FILTER (SPU)**
**10 -- 1001832 A/C POWER CORD**
**10 -- 1001737 TEST LUNG**
**10 -- 1001668 PATIENT CIRCUIT**
**10 -- 1001470 ENGLISH BACK-UP BATTERY**
**10 -- 1003772 ESPRIT GRAPHICS OPTION**
**10 -- 1004956 ESPRIT COLOR SCREEN OPTION**
**10 -- 1012595 ESPRIT RESPIRATORY MECHANICS**
**10 -- 1009829 TRENDING OPTION, ESPRIT**
**10 -- 1016396 FLOWTRAK**
**10 -- TWO YEAR WARRANTY ON PARTS AND LABOR**
**10 -- 1002241 02 CYLINDER BRACKETS**
**10 -- 1002227 F&P HUMIDIFIER BRACKET**
**3 -- 582059 BIPAP VISION**
**3 -- 6700-00 TIDAL WAVE CO2 MAINSTREAM CAPNOGRAPHY MONITOR**

This schedule is hereby verified as correct by the Undersigned Customer, who acknowledges receipt thereof. The Undersigned Customer agrees that VGM Financial Services may accept a facsimile copy of this document bearing facsimile signatures, which shall be deemed an original for all purposes.

By: X [signature]
KRISHIN BHATIA

X [signature]
ADMINISTRATOR

U:\PDF Conversions\12-12-2004\VGM Financial Rental Schedule A.DOC

Revised 3/3/03

# UCC PLUS ELECTRONIC FILING ACKNOWLEDGEMENT

The information contained below is an acknowledgment that the filing office has received and filed the UCC document identified by the listed UCC ID #.

**Filer's Reference #:** NEW/2004120213
**File Number:** 200501245061552
**File Date:** 01/24/2005
**Fee Amount:** 20
**STR:**

**UCC ID #** 414117 / 12650
**Submitted By:** Linda Juhl
**State:** NY
**Jurisdiction:** Secretary of State

| | Debtor 1 | Debtor 2 |
|---|---|---|
| **Business/Individual Name** | VICTORY MEMORIAL HOSPITAL | |
| **Mail Address** | 9036 7TH AVENUE | |
| **City** | BROOKLYN | |
| **State** | NY | |
| **Postal Code** | 11228 | |
| **Country** | USA | |
| **Type of Organization** | CORPORATION | |
| **Jurisdiction of Org** | NY | |
| **Organizational ID** | | |
| **Debtor Status** | | |

| | Secured Party |
|---|---|
| **Name** | VGM FINANCIAL SERVICES A DIVISION OF TCF LEASING, INC. |
| **Address** | 1111 SAN MARNAN DRIVE |
| **City, State Zip** | WATERLOO<br>IA<br>50701 |

**Collateral Statement**

ANY AND ALL EQUIPMENT FURNITURE FIXTURES MACHINERY INVENTORY GOODSAND SOFTWARE FINANCED BY OR LEASED FROM VGM FINANCIAL SERVICES AND THAT ARE SUBJECT OF AN AGREEMENT BETWEEN DEBTOR AND VGM FINANCIAL SERVICES OFANY KIND OR NATURE WHATSOEVER WHEREVER LOCATED WHETHER NOW OWNED ORHEREAFTER ACQUIRED AND ALL RETURNS REPOSSESSIONS SUBSTITUTIONS REPLACEMENT PARTS ADDITIONS ACCESSORIES AND ACCESSIONS THERETO ANDTHEREOF AND ALL PROCEEDS THEREOF.

**Alternative Designation (if applicable):**

**Assignor**

All data contained in this acknowledgment was provided by the filing office. Please review all the data and notify US Corporate Services of any errors immediately.