**DLA PIPER US LLP**
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: (212) 335-4500
Fax: (212) 335-4501
Timothy W. Walsh (TW-7409)

Attorneys for Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                             : Chapter 11
                                                   :
VICTORY MEMORIAL HOSPITAL, et al.,                 : Case Nos.:   06-44387-CEC
                                                   :              06-44388-CEC
                                                   :              06-44389-CEC
                        Debtors.                   :
-------------------------------------------------------------X  (Jointly Administered)

### DEBTORS' MOTION FOR AN ORDER APPROVING (I) PROCEDURES FOR FUTURE SALE OF CERTAIN PROPERTY, AND (II) SALE OF CERTAIN PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363

Victory Memorial Hospital ("Victory Hospital"), Victory Memorial Ambulance Services, Inc. ("Victory Ambulance"), and Victory Memorial Pharmacy Services, Inc. ("Victory Pharmacy"), the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by their attorneys, DLA Piper LLP (US), hereby file this motion (the "Motion") for an order approving (i) procedures for the Debtors' future sale of property of the estate pursuant to the Rules 2002 and 6004 of the Federal Rules of Bankruptcy Practice (the "Bankruptcy Rules") and Rule 6004-1 of the Local Rules of the Bankruptcy Court for the Eastern District of New York (the "EDNY Local Rules"), and (ii) the Debtors' sale of certain property in a manner consistent with the approved procedures pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code"). In support of the Motion, the Debtors respectfully represent as follows:

**BACKGROUND**

1.	On November 15, 2006 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2.	The Debtor remains in possession of its assets and continues to manage its business as a debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108.

3.	No trustee, examiner or committee of creditors has been appointed in these cases.

4.	Victory Hospital is a not-for profit, voluntary hospital located in Bay Ridge, Brooklyn and is a full service acute care hospital with approximately 241 beds and a 150-bed skilled nursing unit. Victory Ambulance is a subsidiary that operates on Victory Hospital's premises. Victory Pharmacy is a non-operating subsidiary. The Debtors have been providing a full range of medical services with a focus on community care and a program of community outreach to the Brooklyn community since approximately 1900.

5.	On January 1, 2007, the recommendations of The New York State Commission on Healthcare Facilities in the 21st Century (the "Berger Commission") became law. The Berger Commission recommended closure of Victory Hospital's acute-care facility and a continuation of Victory Hospital's skilled nursing, ambulatory, and home health care programs. Victory Hospital intends to comply with the Berger Commission's recommendations and seek approval from the New York Department of Health of a plan that will provide for closure or an alternative use of Victory Hospital's acute-care facility. Victory Hospital intends to reorganize and emerge from bankruptcy as a healthcare business focused on the skilled nursing, ambulatory and home health care programs.

EAST\42456941.1

**BACKGROUND RELATING TO MOTION**

6. On March 31, 2008, the Debtors conducted an auction for the sale of the Debtors' principal assets (the "Primary Sale") – including, but not limited to, a facility located at 699 92nd Street, Brooklyn, New York and certain fixtures and personal property related thereto. Three bidders were present at the auction, and the successful bidder, Dervaal LLC, offered a price of $44,900,000. A motion seeking an order to approve that sale is currently pending in this Court at the time of this filing.

7. The Debtors own various other assets that were not transferred pursuant to the Primary Sale ("Remaining Assets"). The Debtors have received offers from various parties interested in purchasing certain Remaining Assets.

8. On or around March 2, 2009, the Debtors received an offer of $25,000 from Belair Instrument Company for the purchase of certain Remaining Assets (the "Proposed Belair Sale"). On or around April 22, 2009, the Debtors received an offer from North General Hospital for the purchase of other certain Remaining Assets (the "Proposed North General Sale"). Finally, the Debtors also received an offer of $33,354.80 from Richmond University Medical Center for the purchase of certain Remaining Assets (the "Proposed Richmond Sale", and together with the Proposed Belair Sale and Proposed North General Sale, the "Proposed Sale").

9. Given the fact that the Debtors have ceased substantially all operations and, absent the sale of the Remaining Assets, will be burdened with the costs of transport, storage and maintenance upon closing on the Primary Sale, the Debtors seek authorization to sell the Remaining Assets pursuant to the Sale Procedures.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of these cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

11. The statutory predicates for the relief requested herein are, Bankruptcy Code sections 105(a) and 363, Bankruptcy Rules 2002 and 6004 and EDNY Local Rule 6004-1.

## RELIEF REQUESTED

12. By this Motion, the Debtors seek an order: (i) approval of the proposed procedures for the sale of certain Remaining Assets pursuant to Bankruptcy Rules 2002 and 6004 and EDNY Local Rule 6004-1; and (ii) authorizing and approving the sale of the Purchased Assets pursuant to Bankruptcy Code section 363 pursuant to the proposed sale procedures.

## BASIS FOR REQUESTED RELIEF

13. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). A debtor in possession is given these rights by section 1107(a) of the Bankruptcy Code. See 11 U.S.C. § 1107(a). Moreover, section 105(a) of the Bankruptcy Code provides that bankruptcy courts "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

14. Bankruptcy courts are given a great deal of discretion when deciding whether to authorize a sale of a debtor's assets outside of the ordinary course of business. See In re Chateaugay Corp., 973 F.2d 141, 144 (2d Cir. 1992). In addition to the notice and hearing requirements of section 363 of the Bankruptcy Code, the widely followed and liberal business

justification test has been applied by courts when a debtor wishes to conduct a preconfirmation sale of a substantial asset.  See Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1070 (2d Cir. 1983); see also In re Thomson McKinnon Secs., Inc., 120 B.R. 301, 307 (Bankr. S.D.N.Y. 1990); Stephens Indus., Inc. v. McClung, 789 F.2d 386, 389-90 (6th Cir. 1986); In re Brethren Care of South Bend, Inc., 98 B.R. 927 (Bankr. N.D. Ind. 1989); In re Industry Valley Refrigeration & Air Conditioner Supplies, Inc., 77 B.R. 15 (Bankr. E.D. Pa. 1987).

15. Courts have made it clear that a debtor's showing of a sound business justification need not be unduly exhaustive but, rather, a debtor is "simply required to justify the proposed disposition with sound business reasons." In re Baldwin United Corp., 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). Whether there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. See Lionel, 722 F.2d at 1071.

16. Clear business reasons exist to justify the sale of the Remaining Assets, including the Proposed Sale. The Debtors have ceased substantially all operations, continued ownership of the Remaining Assets provides little or no value to the Debtors or their estates. Further, the costs associated with the transport, storage and maintenance of the Remaining Assets upon the closing of the Primary Sale would be significant. Expeditious sale of the Remaining Assets will enable the estate to receive additional funds while ridding the Debtors of wasting assets.

### The Proposed Sale Procedures Will Assure That
### The Highest Value For The Remaining Assets is Received

17.     The Debtors have determined that the sale of the Remaining Assets, including the Proposed Sale (as defined herein) will enable the Debtors to obtain the highest and best offers in exchange for the Remaining Assets and maximize the Remaining Assets value to the estate, and is in the best interest of the Debtors, their creditors and other parties in interest.

18.     EDNY Local Rule 6004-1(b), Notice of Sale of Estate Property by Private Sale, provides:

> A party seeking to sell property of the estate outside the ordinary course of business shall give notice required by Bankruptcy Rule 2002(a)(2) and, if applicable, Bankruptcy Rule 6004(g). Such notice shall contain:
>
> (i) a general description of the property;
>
> (ii) a statement explaining where a complete description or inventory of the property may be obtained or examined;
>
> (iii) the terms of sale, including the upset price, if any, the procedures for bidding on the property to be sold, and the terms of any pending offer proposed to be acceptable;
>
> (iv) the place, date and time of the sale;
>
> (v) the place, date and time the property may be examined prior to the sale;
>
> (vi) the date by which objections to the sale must be filed with the Court;
>
> (vii) the date of the hearing to consider any objections to the sale; and
>
> (viii) the name and address of the trustee, if any.

EDNY Local Rule 6004-1(b)(2009).

19.     In accordance with Bankruptcy Rule 6004(f)(1), sales of property outside of the ordinary course of business may be by private or by public auction. See Fed. R. Bankr. P.

6004(f)(1). Further, pursuant to Bankruptcy Rule 2002(a)(2), this Court may, for cause shown, shorten or direct another method of giving notice regarding the general twenty (20) day by mail period for the proposed use, sale, or lease of property of the estate other than in the ordinary course of business. See Fed. R. Bankr. P. 2002(a)(2). Subject to Bankruptcy Rule 6004, the notice of a proposed use, sale, or lease of property required under Bankruptcy Rule 2002(a)(2) must include the time and place of any public sale, the terms and conditions of any private sale, and the time fixed for filing objections. See Fed. R. Bankr. P. 2002(c)(1). Moreover, the notice of a proposed use, sale, or lease of property is sufficient if it generally describes the property to be sold. See id.

20. Based on the foregoing, the Debtors propose the following sale procedures (the "Sale Procedures") for the sale of any Remaining Assets, including the Proposed Sale (as defined herein), with a proposed purchase price not exceeding $50,000, including the Purchased Assets:

- No less than twenty (20) days prior to a proposed sale of any Remaining Assets with a proposed purchase price not exceeding $50,000 in the aggregate, the Debtors shall file with the Court a "Notice of Proposed Private Sale": (a) a general description of the property; (b) a statement including a complete description or inventory of the property; (c) the terms of sale, including the upset price, if any, the procedures for bidding on the property to be sold, and the terms of any pending offer proposed to be acceptable; (d) the place, date and time the property may be examined prior to the sale; (e) the date by which objections to the sale must be filed with the Court; (g) the date of the hearing, if any, to consider any objections to the sale; and (e) a proposed sale order (the "Sale Order").

- The Debtors shall provide such "Notice of Proposed Private Sale" to: (a) counsel for the Official Committee of Unsecured Creditors; (b) the Office of the United States Trustee; (c) all parties that have filed notices of appearance in the Debtors' jointly-administered bankruptcy cases; and (d) any party who has expressed an interest in purchasing the Remaining Assets

7

- at issue, or any substantially similar Remaining Assets, from the Debtors.

- Any objection to the proposed sale of Remaining Assets must be: (a) in writing, (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Rules, (c) be filed with the Clerk of the Untied States Bankruptcy Court for the Easter District of New York, within ten (10) business days of the party's receipt of "Notice of Proposed Sale (the "<u>Objection Deadline</u>"), and (d) be served so as to be received no later than 4:00 p.m. (Prevailing Easter Time) on the same day, upon (i) Debtors' counsel (ii) counsel for the Official Committee of Unsecured Creditors; (iii) the Office of the United States Trustee; and (iv) any party who has expressed an interest in purchasing the Remaining Assets at issue, or any substantially similar Remaining Assets, from the Debtors. The Notice shall state that if no objections are received by the Objection Deadline, the Sale Order may be entered.

- If a written objection is timely filed, the Debtors will schedule a hearing on the objection on the next available omnibus hearing date that is more than 15 days from the date of receipt of the objection. The notice shall state that the Debtors and objecting party are required to attend the hearing and that failure to attend the hearing in person or by counsel may result in the entry of the Sale Order by default.

- If no objection to the Sale Order is received by the Objection Deadline, the Debtors may file a certificate of no objection with the Court and seek approval of the Sale Order without further notice to any party.

21. The Debtors submit that the Sale Procedures satisfy the notice requirements of Bankruptcy Code section 363(b), Bankruptcy Rules 2002(a)(2) and 6004 and EDNY Local Rule 6004-1, constitute good and sufficient notice, and that no other or further notice is required for the proposed sale of the Purchased Assets or any future sale of any Remaining Assets with a proposed purchase price not exceeding $50,000 in the aggregate.

8

EAST\42456941.1

### The Proposed Sale Notice Procedures Will Ensure That the Sale Of the Remaining Assets is Proposed in Good Faith

22. Bankruptcy Code section 363(m) provides that:

> The reversal or modification on appeal of an authorization under [section 363(b) or (c)] of a sale or lease of property does not affect the validity of the sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

23. The Debtors will fully disclose and request the Court's approval of all of the terms and conditions of any proposed sale of the Remaining Assets and intend to provide notice pursuant to the Sale Notice Procedures or as otherwise directed by the Court. See generally In re Colony Hill Associates, 111 F.3d 269 (2d Cir. 1997) (stating that determination of "in good faith" is based upon traditional equitable principles, including whether there has been full disclosure to the bankruptcy court).

24. Further, the Sale Notice Procedures will permit the Debtors to solicit several potential purchasers in order to maximize the value of the Remaining Assets while minimizing the expenses. All parties will have equal opportunity to partake in the sale process. Accordingly, the sale of the Remaining Assets, including the Proposed Sale, shall be proposed in good faith.

### **WAIVER OF MEMORANDUM OF LAW**

25. Based upon the authority provided herein, the Debtors respectfully request that the Court waive the requirement that the Debtors file a memorandum of law in support of this Motion pursuant to Local Bankruptcy Rule for the Eastern District of New York 9013-1(b).

## NOTICE

26. The Debtors have provided notice of this Motion to (a) the Office of the United States Trustee for the Eastern District of New York, (b) counsel to the Committee; (c) counsel to the Debtors' postpetition lenders; and (d) those parties requesting notice pursuant to Federal Rules of Bankruptcy Procedure 2002. The Debtors submit that given the circumstances and the notice of the relief requested herein, no other or further notice is required.

## NO PRIOR REQUEST

27. No prior application for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially similar to the form attached hereto as Exhibit A, (i) approving the Sale Notice Procedures for any proposed sale of the Remaining Assets, (ii) approving the Proposed Sale, in a manner consistent with the Sale Notice Provisions, and (iii) granting such other relief as is just and proper.

Dated: June 17, 2009
        New York, New York

                **DLA PIPER US LLP**

                /s/ Timothy W. Walsh
                Timothy W. Walsh (TW 7409)
                1251 Avenue of the Americas
                New York, NY 10020-1104

                Attorneys for the Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
In re:                                            :     Chapter 11
                                                  :
VICTORY MEMORIAL HOSPITAL, et al.,                :     Case Nos.:    06-44387-CEC
                                                  :                   06-44388-CEC
                                                  :                   06-44389-CEC
                       Debtors.                   :
------------------------------------------------------------X     (Jointly Administered)

**ORDER APPROVING (A) PROCEDURES FOR SALE OF CERTAIN PROPERTY; AND (B) THE SALE OF CERTAIN PROPERTY OF THE ESTATE PURSUANT TO APPROVED PROCEDURES**

This matter coming before the Court on motion (the "Motion") of the above-captioned debtors and debtors in possession (the "Debtors") seeking an order approving (i) procedures for the Debtors' future sale of property of the estate pursuant to the Rules 2002 and 6004 of the Federal Rules of Bankruptcy Practice (the "Bankruptcy Rules") and Rule 6004-1 of the Local Rules of the Bankruptcy Court for the Eastern District of New York (the "EDNY Local Rules"), and (ii) the Debtors' sale of certain property in a manner consistent with the approved procedures pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code");[2] and the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a hearing (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and (d) notice of the Motion and the Hearing was sufficient under the circumstances, the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein

---

[2] Unless otherwise noted, capitalized terms used but not defined herein shall have the meanings provided in the Motion.

11

and it appearing that the relief requested is in the best interest of the Debtors and their estates; it is hereby

**ORDERED**, that the Motion is granted in its entirety; and it is further

**ORDERED,** that the Debtors are hereby authorized to sell the Remaining Assets from time to time, provided, however, any such sale of the Remaining Assets where the proposed purchase price does not exceed $50,000 in the aggregate shall comply with the Sale Procedures proposed in the Motion; and it is further

**ORDERED**, that the Sale Procedures proposed in the Motion for the sale of any Remaining Assets where the proposed purchase price does not exceed $50,000 in the aggregate are deemed sufficient and proper in their entirety; and it is further

**ORDERED**, that, no less than twenty (20) days prior to a proposed sale of any Remaining Assets with a proposed purchase price not exceeding $50,000 in the aggregate, the Debtors shall file with the Court a "Notice of Proposed Private Sale": (a) a general description of the property; (b) a statement including a complete description or inventory of the property; (c) the terms of sale, including the upset price, if any, the procedures for bidding on the property to be sold, and the terms of any pending offer proposed to be acceptable; (d) the place, date and time the property may be examined prior to the sale; (e) the date by which objections to the sale must be filed with the Court; (g) the date of the hearing, if any, to consider any objections to the sale; and (e) a proposed sale order (the "Sale Order"); and it is further

**ORDERED**, that the Debtors shall provide such "Notice of Proposed Private Sale" to: (a) counsel for the Official Committee of Unsecured Creditors; (b) the Office of the United States Trustee; (c) all parties that have filed notices of appearance in the Debtors' jointly-administered bankruptcy cases; and (d) any party who has expressed an interest in purchasing the

Remaining Assets at issue, or any substantially similar Remaining Assets, from the Debtors; and it is further

**ORDERED**, that any objection to the proposed sale of Remaining Assets must be: (a) in writing, (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Rules, (c) be filed with the Clerk of the Untied States Bankruptcy Court for the Easter District of New York, within ten (10) business days of the party's receipt of "Notice of Proposed Sale (the "<u>Objection Deadline</u>"), and (d) be served so as to be received no later than 4:00 p.m. (Prevailing Easter Time) on the same day, upon (i) Debtors' counsel (ii) counsel for the Official Committee of Unsecured Creditors; (iii) the Office of the United States Trustee; and (iv) any party who has expressed an interest in purchasing the Remaining Assets at issue, or any substantially similar Remaining Assets, from the Debtors. The Notice shall state that if no objections are received by the Objection Deadline, the Sale Order may be entered; and it is further

**ORDERED**, that if a written objection is timely filed, the Debtors will schedule a hearing on the objection on the next available omnibus hearing date that is more than 15 days from the date of receipt of the objection. The notice shall state that the Debtors and objecting party are required to attend the hearing and that failure to attend the hearing in person or by counsel may result in the entry of the Sale Order by default.

**ORDERED**, that if no objection to the Sale Order is received by the Objection Deadline, the Debtors may file a certificate of no objection with the Court and seek approval of the Sale Order without further notice to any party; and it is further

**ORDERED**, that the relief authorized herein shall be effective immediately upon entry of the Order and shall apply to any sale of the Remaining Assets where the proposed purchase

13

price does not exceed $25,00 in the aggregate, including, but not limited to, the Proposed Belair Sale, the Proposed North General Sale and the Proposed Richmond Sale; and it is further

**ORDERED**, that this Order shall in no way affect any future sale of property of the Debtors' estates wherein the proposed purchase price exceeds $25,000 in the aggregate; and it is further

**ORDERED**, that the Bankruptcy Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to the relief authorized herein or the Order.

Dated: July [__], 2009
      New York, New York

 

HONORABLE CARLA E. CRAIG
UNITED STATES BANKRUPTCY JUDGE