UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
In re:                                      : Chapter 11
                                            :
VICTORY MEMORIAL HOSPITAL, et al.,          : Case Nos.: 06-44387 (CEC)
                                            :            06-44388 (CEC)
                Debtors.                    :            06-44389 (CEC)
                                            :            (Jointly Administered)
-------------------------------------------------------------X


**ORDER (A) AUTHORIZING THE EMPLOYMENT AND RETENTION OF GREAT AMERICAN GROUP, LLC, AS CONSULTANT, AND (B) APPROVING THE SALE OF CERTAIN SURPLUS ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS**

Upon the application dated May 7, 2009 by the above-referenced Debtor seeking to, *inter alia*, retain Great American Group, LLC ("Great American"), as consultants to the Debtor pursuant to 11 U.S.C. §§ 327 and 328 and Fed. R. Bankr. P. 2014, as modified by amended application dated June 17, 2009 (collectively, the "Application"); and the Court having considered the Application of the Debtor and the supporting Declaration of Ross Ettin (the "Ettin Declaration"), and Notice of the Application having been given to the Office of the United States Trustee, counsel to the Official Committee of Unsecured Creditors, the Debtor's secured creditors, all parties having filed liens against property of the Debtor's, and all parties having filed a notice of appearance in this action; and no other or further notice being necessary; and the Court being satisfied based on the representations made in the Application and the Ettin Declaration that Great American neither holds nor represents any interest adverse to the Debtor's estates, that Great American is a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and that Great American's employment is necessary and in the best interests of the Debtor's, its unsecured creditors and its estate; and after due deliberation and for good cause shown, it is hereby:

**ORDERED** that the relief requested in the Application is granted to the extent provided in this Order; and it is further

**ORDERED** that the Debtor and Great American are authorized to take all steps reasonably necessary to sell the Assets by private sale, pursuant to the terms of the Agreement and sections 105(a) and 363 of the Bankruptcy Code; and it is further

**ORDERED** that the Debtor may sell the Assets free and clear of all liens, encumbrances, pledges, mortgages, deeds of trust, security interests, claims, leases, charges, options, rights of first refusal, easements, servitudes, proxies, voting trusts or agreements, transfer restrictions under any agreement, or other interests (collectively, "Liens"), because one or more of the standards set forth in sections 363(f)(1) – (5) of the Bankruptcy Code has been satisfied with regard to each such Lien. Those non-Debtor parties with Liens or adverse claims in or with respect to the Assets who received notice of the Application and did not object, or who withdrew

their objections to the Application, are deemed to have consented to the sale of the Assets free and clear of those non-Debtor parties' Liens in the Assets pursuant to section 363(f)(2) of the Bankruptcy Code; and it is further

**ORDERED** that this Court shall retain jurisdiction to allocate the consideration paid for some or all of the Assets to each individual asset, as necessary, to determine the proceeds to which each Lien attached; and it is further

**ORDERED** that, pursuant to sections 327(a) and 328 of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtor is authorized to employ and retain Great American as of the date of the entry of this Order, on the terms set forth in the Agreement; and it is further

**ORDERED** that Great American shall file a fee application documenting all of the expenses and providing a summary of all Proceeds, Buyer's Premiums, and Sale Expenses (each as defined in the Application) collectively (the "Summary"), within thirty (30) days after the Sale Termination Date (as defined in the Application). There will be no requirement for Great American to maintain or document time records and the fee application, inclusive of the Summary, and the filing of the fee application in order to secure payment of the Commissions and Sale Expenses shall be in full satisfaction of any requirements related to the filing of a fee application to secure payment of professionals' fees including, but not limited to, those imposed by sections 327, 328, 330 and 331 of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure; and it is further

**ORDERED**, no payments of Commissions or Expenses shall be paid to Great American until such time as the fee application identified above is filed and heard by this Court; and it is further

**ORDERED** that the Debtors are authorized to perform all of their obligations under the Agreement without further order of this Court or notice to any party.

Dated: ~~June~~ *July 7*, 2009
*Brooklyn* ~~New York~~, New York

> *s/Carla E. Craig*
> HONORABLE CARLA CRAIG
> UNITED STATES
> CHIEF BANKRUPTCY JUDGE
> EASTERN DISTRICT OF NEW YORK

F:\Great American\Victory Memorial Hospital\docs\Order providing for employment of consultant FINAL2.DOC

1