**DLA PIPER LLP (US)**  Hearing Date: Aug. 19, 2009
1251 Avenue of the Americas   Time: 3:30 p.m.
New York, New York 10020-1104
Tel: (212) 335-4500
Fax: (212) 335-4501
Timothy W. Walsh

Attorneys for the Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
In re:                                              :     Chapter 11
                                                    :
VICTORY MEMORIAL HOSPITAL, et al.,                  :     Case Nos.:   06-44387-CEC
                                                    :                  06-44388-CEC
                                                    :                  06-44389-CEC
              Debtors.                              :
--------------------------------------------------------------X     (Jointly Administered)

### DEBTORS' OBJECTION TO THE MOTION OF RESMAC 2 LLC TO COMPEL IMMEDIATE CLOSING OF ANCILLARY PROPERTIES OR, IN THE ALTERNATIVE, TO DECLARE RESMAC 2 LLC AS THE SUCCESSFUL BACKUP BIDDER

Victory Memorial Hospital ("Victory Hospital"), Victory Memorial Ambulance Services, Inc. ("Victory Ambulance") and Victory Memorial Pharmacy Services, Inc. ("Victory Pharmacy"), the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by their undersigned attorneys, DLA Piper LLP (US), file this objection (the "Objection") to the Motion of Resmac 2 LLC to Compel Immediate Closing of Ancillary Properties or, in the Alternative, to Declare Resmac 2 LLC a Successful Backup Bidder (the "Motion").[1] In support of this Objection, the Debtors respectfully represent as follows:

---

[1] Capitalized terms used but not defined herein shall have the meanings provided in the Motion.

EAST\42531990.1

**PRELIMINARY STATEMENT**

The Motion should be denied. First, Resmac 2 LLC was not deemed a Qualified Bidder (as required by the Bid Procedures Order), nor given authority to credit bid at the Auction. Accordingly, even if the Purchaser was deemed in default under the APA, Resmac would not be entitled to be named the successful bidder on account of their purported backup bid. Second, Resmac provides no justification for being awarded the Purchaser's deposit. Resmac is just like any other secured creditor in these cases and should not be accorded the special treatment requested in the Motion.

Based upon recent conversations between the Debtors and the Purchaser (the same party attempting to close the main property transaction), the Purchaser may not close the transaction originally approved by this Court. It is not appropriate, however, to grant the drastic relief requested by Resmac in the Motion at this time. As might be expected, the Debtors and their professionals have been working toward the closing of main property for the past several weeks and have not addressed the Ancillary Properties. After closing the main sale, the Debtors and their professionals will examine their options.

The Debtors respectfully request that they be allowed to focus on the closing of the main campus and transition of the health care businesses to the Purchaser and operator, respectively. After completing this task, the Debtors will consult with their real estate advisors and determine how to best liquidate the Ancillary Properties. Accordingly, the Debtors respectfully request that the Motion be denied.

**BACKGROUND**

1. On November 15, 2006 (the "Petition Date"), each of the Debtors filed a petition for relief under chapter 11 of the Bankruptcy Code and has continued in the management and

operation of their businesses and properties as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

2. On November 28, 2006, the Office of the United States Trustee for the Eastern District of New York appointed an Official Unsecured Creditors' Committee (the "Committee").

3. The Debtors own several parcels of real property (collectively referred to as the "Ancillary Properties") as follows:

| **Street Address** | **Block Number** | **Lot Number** |
|---|---|---|
| 166 Battery Avenue, Brooklyn, NY 11209 | 6142 | 0050 |
| 9006 7th Avenue, Brooklyn, NY | 6094 | 0024 |
| 655 92nd Street, Brooklyn, NY 11228 | 6093 | 0045 |
| 640 92nd Street, Brooklyn, NY 11228 | 6142 | 0046 |
| 9002 7th Avenue, Brooklyn, NY 11228 | 6094 | 0022 |
| 95 Parrot Place, Brooklyn, NY 11228 | 6094 | 0013 |
| 9010 7th Avenue, Brooklyn, NY 11228 | 6094 | 0026 |
| 670 92nd Street, Brooklyn, NY 11228 | 6143 | 0035 |

4. On or around October 3, 2008, the Court entered an order approving the bid procedures relative to the sale of the Ancillary Properties (the "Bid Procedures Order") that approved the proposed auction procedures for the Ancillary Properties (the "Auction") and provided, among other things, "the right of Resmac pursuant to Bankruptcy Code section 363(k)

is not affected by this order, subject to the objection of the Debtor and/or the Committee, which will be resolved prior to the auction."

5. Pursuant to the Bid Procedures Order, a "Potential Bidder that desires to make a Bid shall deliver written copies of its bid to the Notice Parties not later than November 5, 2008 at 4:00 p.m. (prevailing Eastern Time) (the "Bid Deadline") and shall comply with the requirements set forth in the Bid Procedures for making a bid.

6. The Bid Procedures Order also provided that an auction would be held on November 13, 2008 only "if one Qualified Bid other than the Stalking-Horse Bid" was received prior to the Bid Deadline.

7. Notably, the Debtors did not receive any Qualified Bids prior to the Bid Deadline. Accordingly, the stalking horse bid submitted by Sunset Inc. Properties LLC (the "Purchaser") for $5,750,000 was accepted pursuant to the terms of the APA.

8. On November 12, 2008, the Court approved that certain Stipulation and Order Resolving Adversary Proceeding (the "Settlement") whereby the Committee and Resmac resolved an adversary proceeding. The Settlement, among other things, settled Resmac's claim in the Debtors' chapter 11 cases and allowed the claim in the amount of $4.7 million (the "Resmac Claim"). The Settlement in no way provided that Resmac would be entitled to credit bid the Resmac Claim at an auction for the Ancillary Properties or otherwise.

9. On November 12, 2008 (the "Sale Hearing"), the Court approved the Purchaser as the successful bidder.

10. The Debtors submitted the first proposed sale order (the "First Proposed Sale Order") to the Court on January 13, 2009.

11. Subsequently, after several rounds of extensive negotiations between the Debtors, Committee and Purchaser with respect to the language to be included in the order approving the sale of the Ancillary Properties (the "Second Proposed Sale Order"), the Debtors submitted the Proposed Sale Order to the Court on or around February 23, 2009. The Second Proposed Sale Order included comments on the First Proposed Sale Order from the Committee, the Purchaser and the Court.

12. On March 6, 2009, the Court entered the order approving the sale (the "Sale Order") of the Ancillary Properties to the Purchaser.

13. Pursuant to the APA, the Closing on the Ancillary Properties shall occur within sixty (60) days following entry of the Sale Order, with the Debtors having a right to adjourn the closing for an additional thirty (30) days.

## **OBJECTION**

14. The Motion should be denied in its entirety. The Motion fails to provide anything other than conclusory statements in support of the requested extraordinary relief. Resmac fails to even allude to, let alone establish, any impropriety on the part of the Debtors or the Purchaser that would justify such relief. The Motion is devoid of either legal or equitable grounds sufficient to justify the extraordinary relief Resmac seeks. Resmac has no standing to require that the Debtors exercise any remedy they might have as a result of a default by the Purchaser under the APA.

15.     First, Resmac is not eligible to be deemed a Qualified Bidder under the terms of the Bid Procedures Order.  Resmac seeks an order of the Court establishing Resmac as the successful bidder, but fails to make reference to the fact that Resmac was never deemed a Qualified Bidder (as defined in the Bid Procedures Order) for several reasons and was rejected when they submitted the bid, and that objection still stands.  Thus, Resmac was, and remains, ineligible to be a successful bidder on the Ancillary Properties.

16.     Pursuant to the Bid Procedures Order, to be eligible to participate in the Auction, Resmac would have been required to submit a bid that the Debtors and Committee determined complied with, among other things, the following requirements (a "Qualified Bid") prior to the Bid Deadline:

> a. Good Faith Deposit. Each Bid must be accompanied by a deposit (the "Good Faith Deposit") in the form of a certified check or bank check payable to the order of the Debtors in an amount equal to the greater of (1) $595,000 or (2) ten (10%) percent of the bid amount.
>
> b. Irrevocable. Except as otherwise provided in the Bid Procedures, a Bid must be irrevocable until the conclusion of the Sale Hearing (the "Termination Date").
>
> c. A Bid must include executed binding transaction documents pursuant to which the Qualified Bidder proposes to effectuate the contemplated transaction (the "Contemplated Transaction Documents"). The Contemplated Transaction Documents must include: (a) a Purchase and Sale Agreement satisfactory to the Debtors, substantially in the form attached to the Sale Motion as Exhibit B; and (b) a commitment to close by no more than thirty (30) days after all closing conditions have been satisfied, but in no event later than ninety (90) days after date of entry of the Sale Order (the "Closing Date"). A Bid must include the offer to purchase all of the Ancillary Properties.
>
> d. Initial Bid: The consideration proposed by the Bid can include only cash. The aggregate consideration must equal or exceed $5,950,000.00.

Bid Procedures, pg. 2.

17. Resmac failed to submit a Qualified Bid prior to the Bid Deadline and, therefore, could not have been deemed the backup bidder at the Auction. Resmac's bid: (a) was too low – by almost $1.25 million – to be considered a Qualified Bid; (b) was not accompanied by a deposit; (c) was not accompanied with binding transaction documents; and (d) was not a cash bid. Resmac's bid was deficient in virtually every manner possible. Accordingly, even if the Purchaser is unable to complete the Closing, Resmac would not be deemed the successful bidder by virtue of being the backup bidder. .

18. Resmac is attempting to do an "end run" around the auction process. If the Debtors, after consultation with their real estate advisors, determine that an another auction is warranted, they will proceed down that path and Resmac can participate. The prior marketing was based upon a bid of $5.7 million and the estates have no way of knowing if parties will be interested in bidding if the price were lowered by 15-20%.

19. In addition, there is no basis in fact or law for Resmac's request to be awarded the deposit being held by the estates to secure Purchaser's performance. Resmac is no different than any other creditor in these bankruptcy cases and is not entitled to the requested special treatment.

20. The Debtors intend to address the situation with the Ancillary Properties upon closing the main asset sale. At the time, the Debtors may seek to compel closing, may seek to hold another auction for the Ancillary Properties or may request other relief. The Debtors' goal, as always, is to ensure a maximum return for the Debtors' creditors. The Debtors should not be compelled to respond to the whim of Resmac, but should be permitted to address the resolution of the Ancillary Properties in an orderly fashion. The Debtors will consult their professionals,

- 7 -

EAST\42531990.1

including the Committee and real estate advisors, to determine how to best liquidate the Ancillary Properties.

## CONCLUSION

21. For all the reasons stated above, the Debtors respectfully request that the relief sought in the Motion be denied.

Dated: August 14, 2009
       New York, New York

**DLA PIPER LLP (US)**

By: /s/ Timothy W. Walsh
    Timothy W. Walsh
    1251 Avenue of the Americas
    New York, New York 10020-1104
    Tel: (212) 335-4500
    Fax: (212) 335-4501

Attorneys for Debtors and Debtors in Possession