| | |
|---|---|
| **DLA PIPER LLP (US)** <br> 1251 Avenue of the Americas <br> New York, New York 10020-1104 <br> Tel: (212) 335-4500 <br> Fax: (212) 335-4501 <br> Timothy Walsh | **Hearing Date: To Be Determined** <br> **Time: To Be Determined** |

Attorneys for Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
| | | | |
|---|---|---|---|
| In re: | : | Chapter 11 | |
| | : | | |
| VICTORY MEMORIAL HOSPITAL, et al., | : | Case Nos.: | 06- 44387-CEC |
| | : | | 06-44388-CEC |
| | : | | 06-44389-CEC |
| Debtors. | : | | |

------------------------------------------------------------X    (Jointly Administered)

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO ENTER INTO AMENDMENT TO ASSET PURCHASE AGREEMENT BY AND BETWEEN SUNSET LG REALTY LLC AND VICTORY MEMORIAL HOSPITAL, DATED AUGUST 17, 2009**

Victory Memorial Hospital ("Victory Hospital" or the "Debtor"), one of the above-captioned debtors and debtors in possession (the "Debtors"), by its attorneys, DLA Piper LLP (US), hereby file this motion (the "Motion") pursuant to section 105 of title 11 of the Untied States Code (the "Bankruptcy Code"), section 11.9 of the asset purchase agreement, dated April 18, 2008 (as amended from time to time, the "Asset Purchase Agreement"), and the attached Amendment to Asset Purchase Agreement ("Amendment") by and between the Debtor, Sunset LG Realty LLC (the "Buyer"), a New York limited liability company, successor in interest to Dervaal LLC, and Hamilton Park Multicare, LLC (the "Operator"), a New York limited liability company, successor in interest to Chaim Sieger; and upon consent of the Official Committee for Unsecured Creditors (the "Committee), for the entry of an order approving the Amendment in order to facilitate the closing on the Asset Purchase Agreement. In support thereof, the Debtor respectfully represents as follows:

## GENERAL BACKGROUND

1. On November 15, 2006 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. The Debtor remains in possession of its assets and continues to manage its business as a debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108.

3. No trustee, examiner or committee of creditors has been appointed in these cases.

4. Victory Hospital was a not-for profit, voluntary hospital located in Bay Ridge, Brooklyn and is a full service acute care hospital with approximately 241 beds and a 150-bed skilled nursing unit. The Debtors provided a full range of medical services with a focus on community care and a program of community outreach to the Brooklyn community since approximately 1900.

5. On February 6, 2008, the Debtors filed a motion (the "Sale Motion") with the Court seeking approval of the process and procedures (the "Bid Procedures") through which the Debtors, in consultation with the Committee, would determine the highest, best, or otherwise financially superior offer for the Assets and approval of the sale of the Assets by the Court.

6. On March 10, 2008, the Court entered its order (the "Bid Procedures Order"), which, among other things, approved the Bid Procedures.

7. On or around April 18, 2008, Victory Hospital and its affiliates agreed to sell certain of the Debtor's assets to the Buyer pursuant to the Asset Purchase Agreement.

8. On or around June 4, 2008, the Debtor, Buyer and Chaim Sieger, entered into Amendment No. 2 to Asset Purchase Agreement ("Amendment No. 2") amending the Asset Purchase Agreement to, among other things, the Operator would act as operator of the business transferred business upon closing ("Closing") on the Asset Purchase Agreement.

9. On June 30, 2008 the Court entered its order (the "Sale Order") approving the Asset Purchase Agreement.

10. On July 3, 2008, the Court entered its order confirming (the "Confirmation Order") the Second Amended Plan of Reorganization of Victory Memorial Hospital (the "Plan"). Substantially all the funding necessary for consummation of the Plan will be obtained from the Closing.

11. Since entry of the Sale Order, the parties to the Asset Purchase Agreement have worked with appropriate state regulatory authorities to obtain necessary regulatory approvals of the proposed sale and have obtained the necessary approvals.

## CLOSING BACKGROUND

12. Given the complexity of the process and significant change in events since the Sale Order was entered including, among other things, unprecedented disturbances in the national credit market, the Buyer has experienced difficulties in its efforts to obtain approximately $5,000,000 of the funding necessary to cover the purchase price. The Buyer anticipates securing the additional funds in the immediate future.

13. Due to the Buyer's inability to meet the requirements to Closing, including its failure to procure the necessary funds, the Debtor provided the Buyer with a conditional termination notice (the "Termination Notice") with respect to the Asset Purchase Agreement on August 11, 2009. A copy of Termination Notice is attached hereto as Exhibit A.

14. However, given the Buyer's subsequent assurances with respect to procurement of the necessary funds and in order to expedite the Closing and facilitate the administration of the Plan, among other things, the Amendment would (a) reduce the cash amount to be paid at the Closing by $5,000,000 and require the Buyer to deliver at the Closing an interest bearing

promissory note (the "Note") secured by certain assets indirectly owned by the Buyer for such amount and certain other documents and agreements and (b) postpone the required delivery by the Buyer of the Asset Acquisition Statement until after the Closing, all upon the terms and conditions set forth in more detail in the Amendment. A copy of the draft Amendment is attached hereto as Exhibit B.[1]

15. The Note, among other things, shall mature nine months after the Closing, carry interest (payable monthly) at a rate of 10% per annum, provide for a $500,000 principal payment to be made by the Buyer on the five-month anniversary of the Note. The Note is secured by the pledge of certain limited liability company membership interests. The Debtor has conferred with the Committee and all parties have agreed that the terms of the Amendment, including the Note, are reasonable and in the best interest of the Debtor, its estate and creditors.

16. Given the significant time and effort the parties to the Asset Purchase Agreement have contributed in order to facilitate the Closing and the significance of the Closing to effectuating the Debtor's Plan, subject to the Court's approval, entered into the Amendment in order to, among other things, facilitate an expeditious Closing and, in turn, timely distribution to creditors.

## **JURISDICTION AND VENUE**

17. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of these cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). The statutory predicate for the relief requested herein is Bankruptcy Code sections 105(a).

---

[1] The Amendment has not yet been fully executed, but the Debtor represents that it will conform substantially to the attached version.

## RELIEF REQUESTED

18. By this Motion, the Debtor, pursuant to Bankruptcy Code sections 105(a), section 11.9 of the Asset Purchase Agreement, the attached Amendment to Asset Purchase Agreement, and upon consent of the Committee, seeks entry of an order approving the Amendment. The Debtor requires the capital it will obtain from the Closing to allow the Plan to go effective. Specifically, the Debtor requires the financing in order to, among other things, make a timely distribution to its creditors and wind down the Debtor's estate.

19. The Debtor and other parties to the Asset Purchase Agreement have contributed significant time, capital and effort toward bringing about the Closing. However, due to circumstances beyond its control, the Buyer has been unable to obtain $5,000,000 of the total $44,900,000 in funds necessary for the Closing.

20. The Debtor anticipates that the delayed payment of the deferred amount of the Note under the Amendment will be approximately seven to nine months. During that time the Debtor will be paid approximately $270,000 in interest for the benefit of its creditors. Further, during that time, the Debtor will be able to conclude its claims reconciliation process, pursue several preference actions and liquidate several nominal claims.

21. The Buyer has informed the Debtor that this is the last step required by the Buyer for the Closing and that the Closing will occur the week of August 17, 2009. Without the Amendment, the Closing, distributions to creditors and effectuation of the Plan will be postponed indefinitely. Because the Amendment contemplates delivery of an interest bearing note secured by the Buyer's assets in the amount of the purchase price to be reduced, the Amendment will provide significant benefit to the Debtor, its estate and creditors with minimal risk.

22. Thus, based on the aforementioned circumstances, the Debtor respectfully requests that the Court enter an order approving the Amendment.

## WAIVER OF MEMORANDUM OF LAW

23. Based upon the authority provided herein, the Debtor respectfully requests that the Court waive the requirement that the Debtor file a memorandum of law in support of this Motion pursuant to Local Bankruptcy Rule for the Eastern District of New York 9013-1(b).

## NOTICE

24. Notice will be provided in a manner consistent with the contemporaneously filed proposed order to show cause, a draft of which is attached as <u>Exhibit C</u>.

## NO PRIOR REQUEST

25. No prior application for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order (a) approving the Amendment (b) and granting such other relief as is just and proper.

Dated: August 14, 2009
       New York, New York

                **DLA PIPER LLP (US)**

                /s/ Timothy W. Walsh
                Timothy W. Walsh
                1251 Avenue of the Americas
                New York, NY 10020-1104

                Attorneys for the Debtors and Debtors in Possession