UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

| In re: | : | Chapter 11 | |
| --- | --- | --- | --- |
| | : | | |
| VICTORY MEMORIAL HOSPITAL, <u>et al.</u>, | : | Case Nos.: | 06-44387-CEC |
| | : | | 06-44388-CEC |
| | : | | 06-44389-CEC |
| Debtors. | : | | |

-------------------------------------------------------------X    (Jointly Administered)

**ORDER APPROVING (A) PROCEDURES FOR SALE OF CERTAIN
PROPERTY; AND (B) THE SALE OF CERTAIN PROPERTY OF THE
ESTATE PURSUANT TO APPROVED PROCEDURES**

This matter coming before the Court on motion (the "<u>Motion</u>") of the above-captioned debtors and debtors in possession (the "Debtors") seeking an order approving (i) procedures for the Debtors' future sale of property of the estate pursuant to the Rules 2002 and 6004 of the Federal Rules of Bankruptcy Practice (the "<u>Bankruptcy Rules</u>") and Rule 6004-1 of the Local Rules of the Bankruptcy Court for the Eastern District of New York (the "<u>EDNY Local Rules</u>"), and (ii) the Debtors' sale of certain property in a manner consistent with the approved procedures pursuant to section 363 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>");[2] and the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a hearing (the "<u>Hearing</u>"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and (d) notice of the Motion and the Hearing was sufficient under the circumstances, the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein

---

[2] Unless otherwise noted, capitalized terms used but not defined herein shall have the meanings provided in the Motion.

and it appearing that the relief requested is in the best interest of the Debtors and their estates; it is hereby

**ORDERED**, that the Motion is granted in its entirety; and it is further

**ORDERED,** that the Debtors are hereby authorized to sell the Remaining Assets from time to time, provided, however, any such sale of the Remaining Assets where the proposed purchase price does not exceed $25,000 in the aggregate shall comply with the Sale Procedures proposed in the Motion; and it is further

**ORDERED**, that the Sale Procedures proposed in the Motion for the sale of any Remaining Assets where the proposed purchase price does not exceed $25,000 in the aggregate are deemed sufficient and proper in their entirety; and it is further

**ORDERED**, that, no less than twenty (20) days prior to a proposed sale of any Remaining Assets with a proposed purchase price not exceeding $25,000 in the aggregate, the Debtors shall file with the Court a "Notice of Proposed Private Sale": (a) a general description of the property; (b) a statement including a complete description or inventory of the property; (c) the terms of sale, including the upset price, if any, the procedures for bidding on the property to be sold, and the terms of any pending offer proposed to be acceptable; (d) the place, date and time the property may be examined prior to the sale; (e) the date by which objections to the sale must be filed with the Court; (g) the date of the hearing, if any, to consider any objections to the sale; and (e) a proposed sale order (the "Sale Order"); and it is further

**ORDERED**, that the Debtors shall provide such "Notice of Proposed Private Sale" to: (a) counsel for the Official Committee of Unsecured Creditors; (b) the Office of the United States Trustee; (c) all parties that have filed notices of appearance in the Debtors' jointly-administered bankruptcy cases; and (d) any party who has expressed an interest in purchasing the

2

Remaining Assets at issue, or any substantially similar Remaining Assets, from the Debtors; and it is further

**ORDERED**, that any objection to the proposed sale of Remaining Assets must be: (a) in writing, (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Rules, (c) be filed with the Clerk of the United States Bankruptcy Court for the Eastern District of New York, within ten (10) business days of the party's receipt of "Notice of Proposed Sale (the "<u>Objection Deadline</u>"), and (d) be served so as to be received no later than 4:00 p.m. (Prevailing Easter***n*** *(CEC)* Time) on the same day, upon (i) Debtors' counsel (ii) counsel for the Official Committee of Unsecured Creditors; (iii) the Office of the United States Trustee; and (iv) any party who has expressed an interest in purchasing the Remaining Assets at issue, or any substantially similar Remaining Assets, from the Debtors. The Notice shall state that if no objections are received by the Objection Deadline, the Sale Order may be entered; and it is further

**ORDERED**, that if a written objection is timely filed, the Debtors will schedule a hearing on the objection on the next available omnibus hearing date that is more than 15 days from the date of receipt of the objection. The notice shall state that the Debtors and objecting party are required to attend the hearing and that failure to attend the hearing in person or by counsel may result in the entry of the Sale Order by default.

**ORDERED**, that if no objection to the Sale Order is received by the Objection Deadline, the Debtors may file a certificate of no objection with the Court and seek approval of the Sale Order without further notice to any party; and it is further

**ORDERED**, that the relief authorized herein shall be effective immediately upon entry of the Order and shall apply to any sale of the Remaining Assets where the proposed purchase

3

price does not exceed $25,00 in the aggregate, including, but not limited to, the Proposed Belair Sale, the Proposed North General Sale and the Proposed Richmond Sale; and it is further

**ORDERED**, that this Order shall in no way affect any future sale of property of the Debtors' estates wherein the proposed purchase price exceeds $25,000 in the aggregate; and it is further

**ORDERED**, that the Bankruptcy Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to the relief authorized herein or the Order.

Dated: August 19, 2009
      Brooklyn, New York

                                      */s/Carla E. Craig*_____
                                      HONORABLE CARLA E. CRAIG
                                      CHIEF UNITED STATES BANKRUPTCY JUDGE