**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: (212) 335-4500
Fax: (212) 335-4501
Timothy Walsh

Attorneys for Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
In re:                                                         :      Chapter 11
                                                               :
VICTORY MEMORIAL HOSPITAL, et al.,                             :      Case Nos.:    06-44387-CEC
                                                               :                    06-44388-CEC
                                                               :                    06-44389-CEC
                    Debtors.                                   :
--------------------------------------------------------------X      (Jointly Administered)

### STIPULATION AND ORDER BETWEEN THE DEBTOR AND AND RESMAC 2 LLC (A) ESTABLISHING PROPOSED BID PROCEDURES RELATED TO THE SALE OF CERTAIN OF THE DEBTORS' ASSETS, AND (B) SCHEDULING A SALE HEARING

This stipulation and order ("Stipulation"), dated September 3, 2009, between Victory Memorial Hospital ("Victory Hospital"), one of the above-captioned debtors and debtors in possession (collectively, the "Debtors") and Resmac 2 LLC ("Resmac", and together with Victory Hospital, the "Parties"), resolves the treatment of certain claims of Resmac and issues between the Parties. The Parties hereby make the following statements and agreements:

**WHEREAS**, on November 15, 2006, Victory Hospital filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"); and

**WHEREAS**, the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code section 1107 and 1108; and

**WHEREAS**, on November 28, 2006, the Office of the United States Trustee for the Eastern District of New York appointed an Official Unsecured Creditors' Committee (the "Committee"); and

**WHEREAS**, Victory Hospital own several parcels of real property (collectively, the "Ancillary Properties") as follows:

| Street Address | Block Number | Lot Number |
|---|---|---|
| 166 Battery Avenue, Brooklyn, NY 11209 | 6142 | 0050 |
| 9006 7th Avenue, Brooklyn, NY | 6094 | 0024 |
| 655 92nd Street, Brooklyn, NY 11228 | 6093 | 0045 |
| 640 92nd Street, Brooklyn, NY 11228 | 6142 | 0046 |
| 9002 7th Avenue, Brooklyn, NY 11228 | 6094 | 0022 |
| 95 Parrot Place, Brooklyn, NY 11228 | 6094 | 0013 |
| 9010 7th Avenue, Brooklyn, NY 11228 | 6094 | 0026 |
| 670 92nd Street, Brooklyn, NY 11228 | 6143 | 0035 |

**WHEREAS**, on or around October 3, 2008, the Court entered an order approving the bid procedures relative to the sale of the Ancillary Properties (the "Bid Procedures Order") that approved the proposed auction procedures for the Ancillary Properties (the "Auction"); and

**WHEREAS**, on November 12, 2008, the Court approved that certain Stipulation and Order Resolving Adversary Proceeding (the "Settlement") whereby the Committee and Resmac

resolved an adversary proceeding. The Settlement, among other things, settled Resmac's claims in the Debtors' chapter 11 cases and provided, among other things, that Resmac is entitled to an allowed secured claim in the amount of $4.7 million, which claim is secured by a first lien on the Ancillary Properties (the "Resmac Claim"); and

WHEREAS, on March 6, 2009, the Court entered the order approving the sale (the "Sale Order") of the Ancillary Properties pursuant to Sunset Eight Properties, LLC ("Sunset Eight") for $5.7 million; and

WHEREAS, pursuant to the APA, the closing (the "Closing") on the Ancillary Properties was to occur within sixty (60) days following entry of the Sale Order, with Victory Hospital having a right to adjourn the closing for an additional thirty (30) days; and

WHEREAS, the Closing for the Ancillary Properties has not yet occurred and Victory Hospital has defaulted Sunset Eight and terminated the applicable asset purchase agreement; and

WHEREAS, certain issues have arisen between the Parties with respect to the Resmac Claim and the sale of the Ancillary Properties; and

WHEREAS, on August 7, 2009, Resmac filed a motion (the "Resmac Motion") to (a) compel Sunset Eight to close or, in the alternative, to direct the Victory Hospital to sell the Ancillary Properties to Resmac; and (b) provide Resmac with adequate protection with respect to the Resmac Claim; and

WHEREAS, the Debtors have determined that, subject to the terms and conditions set forth in this Stipulation, establishing new bid procedures and auction for sale of the Ancillary

Properties and permitting Resmac to credit bid the Resmac Claim, as described more fully below, is in the best interests of the Debtors, their creditors and other parties in interest; and

**WHEREAS**, the Parties desire to resolve and settle the unresolved issues related to the Ancillary Properties and the Resmac Motion.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the Parties as follows:

1. Victory Hospital agrees to immediately implement a procedure for auction and sale of the Ancillary Properties free and clear of all interests, liens, claims and encumbrances, including any real estate taxes, sewer, water or other charges, unwritten leaseholds, licenses, possessory interests or squatters to the fullest extent permitted by Bankruptcy Code section 363 (collectively "Clear Title"). The Debtors agree to implement procedures substantially similar with the procedures contemplated in the Bid Procedures Order, provided, however, that in the event of conflict between the Bid Procedures Order and the provisions of this Order, this Order shall control.

2. The bid procedures described in the Bid Procedures Order shall be modified as follows:

    a. Victory Hospital shall immediately begin solicitation for bids on the Ancillary Properties. Resmac shall serve as the stalking horse bidder and is entitled to and deemed to have credit bid their allowed secured claim in the amount of $4.7 million pursuant to Bankruptcy Code section 363(k). Resmac will not be entitled to a break up fee.

    b. Bids shall be for all of the Ancillary Properties, provided, however, that Victory Hospital may consider bids for individual properties in the event the aggregate cash consideration exceeds $4.7 million. In the event the highest and best offer for the Ancillary Properties is a combination of bids on individual Ancillary Properties, Victory Hospital will hold simultaneous closings such that the aggregate amount of proceeds at closing exceeds $4.7 million and if that is not the case then Victory Hospital shall not close on any individual property.

    c. To be considered a qualified bid, the bid must: (i) be an all cash bid with no financing contingency and in an amount not less than $4.8 million; (ii) include a binding commitment to close by October 16, 2009; and (iii) be accompanied by a deposit of twenty percent (20%) of the total purchase price in cash or bank check.

- d. Bids shall be due on October 2, 2009 by 5:00 p.m. (prevailing Eastern time). The auction shall be held on October 5, 2009 at 10:00 a.m. (prevailing Eastern Time). In the event there are no qualified bids, Victory Hospital shall designate Resmac as the successful bidder without need for an auction.

- e. A hearing to consider approval of the sale to the highest and best bidder shall be held on October 7, 2009 **_at 11:30 a.m. (CEC)_**. Victory Hospital shall seek to sell and transfer the Ancillary Properties with Clear Title to the fullest extent permitted by Bankruptcy Code section 363.

- f. The highest and best bidder shall be required to close by October 16, 2009. In the event the highest and best bidder cannot close and, in any event, if the sale has not closed before October 16, 2009 at 5:00 p.m. (prevailing Eastern Time), the next highest bidder shall have two (2) business days to close. In the event no bidder can close as of October 20, 2009, Victory Hospital shall be authorized and directed to sell and transfer the Ancillary Properties with Clear Title to Resmac for Resmac's highest bid at the auction, but not less than Resmac's $4.7 million credit bid; provided, however, that if Resmac is the back up bidder after the auction and highest and best bidder does not close by October 16, 2009, Victory Hospital will close with Resmac as soon as practicable thereafter, but in any event prior to October 20, 2009.

- g. TIME IS OF THE ESSENCE with respect to all deadlines in this Order. No extensions will be authorized or allowed without the express written consent of the Committee and Resmac.

3. The terms and conditions of this Stipulation shall be effective and enforceable only upon (a) execution by both parties; and (b) approval and entry of an order approving the Stipulation on the docket by the Bankruptcy Court.

4. This Stipulation and any modifications or amendments thereto shall not be valid unless in writing, signed by the parties, and approved by the Bankruptcy Court.

5. This Stipulation shall be binding upon and inure to the benefit of the parties, their affiliates, successors, and assigns.

6. The Parties are authorized to enter into any related or ancillary agreements necessary or required to effectuate this Stipulation without obtaining Bankruptcy Court approval of such related or ancillary agreements.

7. The Parties hereto represent that they have read this Stipulation and have been advised by counsel regarding this Stipulation, that they understand its provisions and legal effect and that they are voluntarily entering into this Stipulation. The Parties

hereto acknowledge that this Stipulation is a full, fair and final settlement of all claims settled under this Stipulation. The Parties hereto further represent that, in executing this Stipulation, they are not relying on any inducements, promises or representations other than those expressly set forth in the Stipulation.

8. The individuals signing this Stipulation and the Parties hereto represent and warrant that they have full and complete authority and authorization to execute and effect this Stipulation, to take or cause to be taken all acts contemplated by this Stipulation and that the Parties hereto are the sole holders of the claims being settled hereunder.

9. Victor Hospital represents, warrants and covenants that it has not entered into any leases or licenses for any of the Ancillary Properties within the last six months and shall not do so hereafter.

10. Resmac shall have the right to inspect the Ancillary Properties during reasonable business hours.

11. If Victory Hospital fails to convey Clear Title or pay $4.7 million to Resmac on or before October 20, 2009, then Resmac shall have the right and be authorized to set an emergency hearing to enforce this Stipulation, and request damages and/or adequate protection, on three days written notice to Victory Hospital and the Committee. The rights of Victory Hospital and the Committee to object to any request by Resmac to enforce this Stipulation or for damages and/or adequate protection are fully reserved.

12. This Stipulation is subject to the approval of the Bankruptcy Court and upon such approval shall inure to the benefit of the Parties hereto and their respective successors and assigns.

13. Nothing in this Stipulation shall be deemed effective unless the Bankruptcy Court approves this Stipulation and enters an order, substantially in the form of the attached Bid Procedures Order. In the event the Bankruptcy Court declines to approve this Stipulation or enter the Bid Procedures Order, the Parties hereto shall return to their respective rights and obligations existing prior to the execution of this Stipulation. Nothing in this Stipulation shall be deemed an admission of the Parties.

14. This Stipulation may be executed in counterparts and by facsimile signature, all of which shall be deemed an original instrument.

15. The Bankruptcy Court shall retain jurisdiction over the Parties hereto with respect to this Stipulation including, but not limited to, for the purposes of interpreting, implementing and enforcing its terms.

DLA PIPER

By: _____/s/Timothy W. Walsh_____
    Timothy W. Walsh
    Jeremy R. Johnson
    DLA Piper LLP (US)
    1251 Avenue of the Americas
    New York, NY 10020
    (212) 335-4762

*Attorneys for Victory Memorial Hospital*

CROWELL & MORNING LLP

By: ___/s/Michael V. Blumenthal_____
    Michael V. Blumenthal

*Attorneys for Resmac 2 LLC*

ALSTON & BIRD, LLP

By: _____/s/Craig E. Freeman_____
    Craig E. Freeman

*Attorneys for the Committee*

SO ORDERED THIS *3* DAY
OF September, 2009

*s/Carla E. Craig*_____
HONORABLE CARLA E. CRAIG
CHIEF U.S. BANKRUPTCY JUDGE