**DLA PIPER US LLP**
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: (212) 335-4500
Fax: (212) 335-4501
Timothy W. Walsh (TW-7409)
Jeremy R. Johnson (JJ-9269)

Attorneys for Victory Memorial Hospital, et al.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:                                        :      Chapter 11
                                              :
VICTORY MEMORIAL HOSPITAL, et al.,            :      Case Nos. 06-44387, 06-44388
                                              :      and 06-44389
                                              :
                         Debtors.             :      (Jointly Administered)
-----------------------------------------------------------------X

### ORDER (I) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZING THE SALE OF VICTORY MEMORIAL HOSPITAL'S ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS, (II) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, AND (III) GRANTING RELATED RELIEF

Upon the Stipulation and Order dated September 3, 2009, docketed in this case on September 11, 2009 (the "Sale Order"), Victory Memorial Hospital ("Victory Hospital") was authorized, pursuant to sections 105, 363 and 365 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to, *inter alia*, sell the Ancillary Properties[1] which shall include (i) all of Victory Hospital's right, title and interest in, to and under the warranties, permits, licenses, certificates of occupancy, and approvals relating to the Ancillary Properties, (ii) all of Victory Hospital's right, title and interest in, to and under the litigation, petitions,

---

[1] Capitalized terms used, but not defined herein shall have the meanings ascribed to them in the Sale Order.

stipulations, judgments and warrants of eviction between Victory Hospital and any current or former tenants or occupants at the Ancillary Properties (the "Eviction Materials"); provided, however, Victory Hospital shall remain entitled to collect rent owed to it for the period prior to the closing, (iii) all of Victory Hospital's right, title and interest in, to and under the service, maintenance, supply and other contracts relating to the operation, maintenance and construction of the Premises (collectively, together with any amendments or modifications thereto, the "Contracts"), (iv) all of Victory Hospital's right, title and interest in, to and under the architectural, mechanical, electrical and structural plans, studies, drawings, specifications, surveys, renderings and other technical descriptions, any engineering reports and environmental reports that relate to the Ancillary Properties to the extent Victory Hospital may legally transfer the same and the same are available, (v) all of Victory Hospital's right, title and interest in, to and under any easements and rights of way, appurtenances, strips, gores and other rights pertaining to the Ancillary Properties, and (vi) all of Victory Hospital's right, title and interest in and to zoning and development rights, and other general intangibles relating to the Ancillary Properties (hereinafter collectively, the "Ancillary Properties"), free and clear of all liens, claims, encumbrances and interests, including any real estate taxes, sewer, water or other charges (the "Encumbrances"), to the fullest extent permissible under 363(f), with such sale to be in accordance with the terms and conditions of the Sale Order and the order dated October 3, 2008 (the "Bid Procedures Order"), as modified by the Sale Order approving the bid procedures (the "Bid Procedures").  The Court having held a hearing on October 7, 2009 (the "Sale Hearing"), and having considered the submissions and arguments of counsel and the files and records herein, and being now fully advised of the premises,

IT IS HEREBY FOUND, DETERMINED AND CONCLUDED THAT:

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C. The Court has jurisdiction over this matter and over the property of the Victory Hospital, including the Ancillary Properties to be sold, transferred or conveyed pursuant to the Sale Order, the Bid Procedures and this Order, and its estate pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these chapter 11 cases and the sale of the Ancillary Properties in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

D. The statutory predicates for the relief set forth in the Sale Order and the basis for the approvals and authorizations herein are (i) Bankruptcy Code sections 102, 105, 363, 365 and 1146, and (ii) Bankruptcy Rules 2002, 6004, 6006 and 9014.

E. On November 15, 2006 (the "Petition Date"), the Victory Hospital, Victory Memorial Ambulance Services, Inc. ("Victory Ambulance"), and Victory Memorial Pharmacy Services, Inc. ("Victory Pharmacy", and collectively with Victory Hospital and Victory Ambulance, the "Debtors") each filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have continued in possession and management of their businesses and properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

3

F.　As evidenced by the affidavits of service and publication filed with the Court, proper, timely, adequate, and sufficient notice of the Sale Order, the Bid Procedures, and the Sale Hearing have been provided in accordance with Bankruptcy Code sections 102(1) and 363(b), Bankruptcy Rules 2002, 6004, 9006, 9007, 9008 and 9014, the local rules of this Court, the procedural due process requirements of the United States Constitution, and in compliance with the Bid Procedures and Sale Order. Such notice was good and sufficient and appropriate under the particular circumstances. No other or further notice of the Sale Order, the Bid Procedures, the Sale Hearing, or of the entry of this Order is necessary or shall be required.

G.　A reasonable opportunity to object or be heard regarding the requested relief has been afforded to all interested persons and entities, including, without limitation, (i) all persons and entities that claim any interest in or lien upon the Ancillary Properties; (ii) all governmental taxing authorities that have, or as a result of the sale of the Ancillary Properties may have, claims, contingent or otherwise, against Victory Hospital; (iii) all parties that filed requests for notices under Bankruptcy Rule 9010(b) or were entitled to notice under Bankruptcy Rule 2002; (iv) all creditors (whether liquidated, contingent or unmatured) of Victory Hospital; (v) all interested governmental, pension and environmental entities; and (vi) the Office of the United States Trustee. Parties that expressed an interest in bidding on the Ancillary Properties were provided, upon request, sufficient information to make an informed judgment on whether to bid on the Ancillary Properties.

H.　The Ancillary Properties are property of the Victory Hospital's estate and title thereto is vested in Victory Hospital's estate.

I.　Victory Hospital has demonstrated a sufficient basis requiring them to sell the Ancillary Properties, as applicable under Bankruptcy Code section 363, and such actions are

appropriate exercises of the Victory Hospital's business judgment and in the best interests of Victory Hospital, its estate and its creditors.

J. The Bid Procedures set forth in the Bid Procedures Order, as modified by the Sale Order, were non-collusive, substantively and procedurally fair to all parties and were the result of arm's length negotiations between Victory Hospital and Resmac 2 LLC ("Resmac").

K. Victory Hospital and its professionals have complied, in good faith, in all respects with the Bid Procedures (as demonstrated by (i) the testimony and other evidence proffered or adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, through marketing efforts and a competitive sale process conducted in accordance with the Bid Procedures). Victory Hospital (i) afforded interested potential purchasers a full, fair and reasonable opportunity to qualify as bidders and submit their highest or otherwise best offer to purchase all of the Ancillary Properties, and (ii) provided potential purchasers, upon request, sufficient information to enable them to make an informed judgment on whether to bid on the Ancillary Properties.

L. The credit bid of Resmac in the amount of the Resmac Claim made pursuant to Section 363(k) of the Bankruptcy Code and the Sale Order (i) is the highest and best offer received by Victory Hospital; (ii) is fair and reasonable; (iii) is in the best interests of Victory Hospital's creditors and estate; (iv) constitutes full and adequate consideration and reasonably equivalent value for the Ancillary Properties; and (v) will provide a greater recovery for Victory Hospital's creditors and other interested parties than would be provided by any other practically available alternative.

M. Resmac is not an "insider" or "affiliate" of Victory Hospital as those terms are defined in the Bankruptcy Code. Resmac is a buyer in good faith, as that term is used in the

Bankruptcy Code and the decisions thereunder, and is entitled to the protections of Bankruptcy Code section 363(m) with respect to all of the Ancillary Properties. Resmac's bid was made in good faith, and without collusion or fraud of any kind. The sale was conducted in accordance with the Bid Procedures and Sale Order and in good faith within the meaning of Bankruptcy Code section 363(m). Neither Victory Hospital nor Resmac has engaged in any conduct that would prevent the application of Bankruptcy Code section 363(m) or the consummation of the sale transaction and transfer of the Ancillary Properties to Resmac or its designee (the "Buyer"). The Buyer is entitled to all the protections and immunities of Bankruptcy Code section 363(m), and the sale of the Purchased Assets satisfies the requirements of Bankruptcy Code section 363. Based upon the representations of Resmac and the Debtor, neither Victory Hospital nor Resmac has engaged in any conduct that would cause the application of or implicate Bankruptcy Code section 363(n).

N. Victory Hospital has full corporate power and authority to transfer and sell the Ancillary Properties and all other documents contemplated thereby, and the sale of the Ancillary Properties has been duly and validly authorized by all necessary corporate authority by Victory Hospital to consummate the transactions contemplated by this Order. No consents or approvals are required by Victory Hospital to consummate such transactions.

O. Victory Hospital has advanced sound business reasons to sell and/or assume and sell and assign the Ancillary Properties, as more fully set forth in the Sale Order and as demonstrated at the Sale Hearing, and it is a reasonable exercise of Victory Hospital's business judgment to sell the Ancillary Properties and to consummate the transactions contemplated by this Order. Notwithstanding any requirement for approval or consent by any person, the transfer

of the Ancillary Properties to Resmac or its designee, as applicable, is a legal, valid and effective transfer of the Ancillary Properties.

P. The terms and conditions of the sale of the Ancillary Properties to the Buyer, including the consideration to be realized by Victory Hospital pursuant to the Sale Order and this Order are fair and reasonable, and the transactions contemplated hereby are in the best interests of the Victory Hospital's estate.

Q. Except as otherwise provided in this Order, the Ancillary Properties shall be sold free and clear of all Encumbrances. ~~with any such Encumbrances and paid by Victory Hospital and the Debtors in the same priority and subject to the same defenses and avoidability, if any, as before the closing of the sale.~~ *(CEC)*

R. The transfer of the Ancillary Properties to Buyer will be a legal, valid and effective transfer of the Ancillary Properties, and, except as may otherwise be provided in this Order, shall vest the Buyer with all right, title and interest of Victory Hospital to the Ancillary Properties free and clear of any and all Encumbrances with respect to the Ancillary Properties. Except as specifically provided in this Order, the Buyer shall not assume or become liable for any Encumbrances relating to the Ancillary Properties being sold and transferred by Victory Hospital.

S. All persons having Encumbrances of any kind or nature whatsoever against or in Victory Hospital or the Ancillary Properties shall be forever barred estopped and permanently enjoined from pursuing or asserting such Encumbrances against the Buyer, any of its assets, property, successors or assigns, or the Ancillary Properties.

T. Victory Hospital may sell the Ancillary Properties free and clear of all Encumbrances of any kind or nature whatsoever with respect to the Ancillary Properties because,

in each case, one or more of the standards set forth in Bankruptcy Code section 363(f) has been satisfied. Those (i) holders of Encumbrances with respect to the Ancillary Properties and (ii) non-debtor parties, who did not object, or who withdrew their objections, to the sale of the Ancillary Properties and the Sale Motion are deemed to have consented pursuant to Bankruptcy Code section 363(f)(2). No objections to the sale of the Ancillary Properties have been filed or have been resolved.

U. Not selling the Ancillary Properties free and clear of all Encumbrances would adversely impact the Victory Hospital's estate, and the sale of Ancillary Properties other than one free and clear of all Encumbrances would be of substantially less value to the Victory Hospital's estate.

V. In the absence of a stay pending appeal, the Buyer will be acting in good faith, pursuant to Bankruptcy Code section 363(m), in closing the transactions contemplated by the Agreement at any time on or after the entry of this Order and cause has been shown as to why this Order should not be subject to the stay provided by Bankruptcy Rules 6004(g) and 6006(d).

W. The transactions contemplated under this Order do not amount to a consolidation, merger or de facto merger of the Buyer and Victory Hospital and/or Victory Hospital's estate, there is not substantial continuity between the Buyer and Victory Hospital, there is no continuity of enterprise between Victory Hospital and the Buyer, is not a mere continuation of Victory Hospital or its estate, and the Buyer does not constitute a successor to Victory Hospital or its estate.

X. The Asset Sale does not constitute a *sub rosa* chapter 11 plan and is being approved pursuant to Victory Hospital's plan of reorganization.

Y. The total consideration provided by Resmac for the Ancillary Properties is the highest and best offer received by Victory Hospital, and the Stalking Horse Bid of $4,700,000 constitutes (a) reasonably equivalent value under the Bankruptcy Code and the Uniform Fraudulent Transfer Act, (b) fair consideration under the Uniform Fraudulent Conveyance Act and (c) reasonably equivalent value, fair consideration and fair value under any other applicable laws of the United States, any state, territory or possession, or the District of Columbia, for the Ancillary Properties.

Z. Time is of the essence in consummating the sale of the Ancillary Properties. In order to maximize the value of the Ancillary Properties, it is essential that the sale of the Ancillary Properties occur within the time constraints set forth in the Sale Order. Accordingly, there is cause to lift the stays contemplated by Bankruptcy Rules 6004 and 6006.

AA. The Buyer shall have no obligations with respect to any liabilities of Victory Hospital other than its obligations under the Agreement.

BB. The asset purchase agreement between Sunset Eight Properties, LLC ("Sunset Eight") has been effectively terminated and Sunset Eight, its members and affiliates have no claims or rights with respect to the Ancillary Properties.

CC. There are no leases, licenses or other occupancy agreements in connection with the Ancillary Properties.

NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The relief set forth in the Sale Order is granted in its entirety, subject to the terms and conditions contained herein.

2. All objections, responses, and requests for continuance concerning the sale of the Ancillary Properties are resolved in accordance with the terms of this Order and as set forth in

the record of the Sale Hearing. To the extent any such objection, response or request for continuance was not otherwise withdrawn, waived, or settled, it, and all reservations of rights contained therein, is overruled and denied.

3. Notice of the Sale Hearing was fair and equitable under the circumstances and complied in all respects with 11 U.S.C. §102(1) and Bankruptcy Rules 2002, 6004 and 6006.

*Approval of Asset Sale*

4. The sale of the Ancillary Properties subject to and in accordance with the terms and conditions of the Sale Order, the Bid Procedures, this Order and the transactions contemplated thereby be, and hereby are, authorized and approved in all respects. The sale of the Ancillary Properties satisfies the requirements of Bankruptcy Code section 363.

5. The sale of the Ancillary Properties and the consideration provided by Resmac is fair and reasonable and shall be deemed for all purposes to constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law.

6. The Buyer is hereby granted and is entitled to all of the protections provided to a good faith buyer under Bankruptcy Code section 363(m).

7. Victory Hospital is authorized and directed to fully consummate and implement the terms of the Sale Order and this Order to effectuate the transfer of the Ancillary Properties to Resmac or its designee, and execute and deliver any and all instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of the Sale Order, this Order and sale of the Ancillary Properties contemplated thereby including, without limitation, deeds, assignments, stock powers and other instruments of transfer, and to take all further actions as may reasonably be requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer the Ancillary Properties, as may be necessary or appropriate, without any further corporate action or orders of this Court.

8. Victory Hospital and its respective directors, officers, employees, members, agents, representatives, and attorneys, are authorized and empowered, subject to the terms and conditions contained in the Sale Order and this Order, to issue, execute, deliver, file, and record, as appropriate, the documents evidencing and consummating the transfer of the Ancillary Properties to Buyer; to take any and all actions and to issue, execute, deliver, file, and record, as appropriate, such other contracts, instruments, releases, indentures, mortgages, deeds, bills of sale, assignments, leases, or other agreements or documents and to perform such other acts and execute and deliver such other documents, as are consistent with, and necessary or appropriate to implement, effectuate, and consummate, the transferring of the Ancillary Properties to Buyer; all without further application to, or order of, the Court or further action by its respective directors, officers, employees, members, agents, representatives, and attorneys, and with like effect as if such actions had been taken by unanimous action of the respective directors, officers, employees, members, agents, representatives, and attorneys of such entities. Victory Hospital is further authorized and empowered to cause to be filed with the secretary of state of any state or other applicable officials of any applicable governmental units any and all certificates, agreements, or amendments necessary or appropriate to effectuate the transactions contemplated by the Sale Order and this Order, including amended and restated certificates or articles of incorporation and by-laws or certificates or articles of amendment, and all such other actions, filings, or recordings as may be required under appropriate provisions of the applicable laws of all applicable governmental units or as any of the officers of Victory Hospital may determine are necessary or appropriate. The execution of any such document or the taking of any such action shall be, and hereby is, deemed conclusive evidence of the authority of such person to so act. Without limiting the generality of the foregoing, this Order shall constitute all approvals and consents, if

any, required by the corporation laws of the State of New York and all other applicable business corporation, trust, and other laws of the applicable governmental units with respect to the implementation and consummation of the transfer of the Ancillary Properties to the Buyer, and the transactions contemplated thereby and hereby. Notwithstanding the above, if any further approvals and consents are required by the corporation laws of the State of New York or any other applicable business corporation, trust or other laws of the applicable governmental units with respect to the implementation and consummation of transfer of the Ancillary Properties to Buyer and this Order, to the extent possible, Victory Hospital agrees to make reasonable efforts to satisfy any such requirements.

9. Effective as of the closing of the sale and transfer of the Ancillary Properties by Victory Hospital to the Buyer, said transfer shall constitute a legal, valid and effective transfer of the Ancillary Properties notwithstanding any requirement for approval or consent by any person and shall vest Buyer with all right, title and interest of Victory Hospital in and to the Ancillary Properties, free and clear of all Encumbrances of any kind with respect to the Ancillary Properties, pursuant to Bankruptcy Code section 363(f).

10. Based upon the representations of the Debtor and Resmac, the Court concludes that the sale of the Ancillary Properties is not subject to avoidance pursuant to Bankruptcy Code section 363(n).

*Transfer of Ancillary Properties*

11. Victory Hospital shall be, and hereby is, authorized, empowered, and directed, pursuant to Bankruptcy Code sections 105 and 363(b), to sell and transfer the Ancillary Properties to Resmac or its designee pursuant to the terms and conditions of the Sale Order and this Order as soon as practicable, but in no event later than October 20, 2009. The sale of the Ancillary Properties shall vest the Buyer with all right, title and interest of Victory Hospital to

the Ancillary Properties free and clear of any and all Encumbrances with respect to the Ancillary Properties, whether secured or unsecured, choate or inchoate, filed or unified, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, disputed or undisputed, or known or unknown, whether arising prior to or subsequent to the Petition Date, whether imposed by agreement, understanding, law, equity or otherwise~~, with all such Encumbrances to be paid by the Debtors, subject to all claims and defenses Victory Hospital or other parties may possess with respect thereto.~~ *(CEC)* Following the closing, no holder of Encumbrances with respect to the Ancillary Properties shall interfere with the Buyer's use and enjoyment of the Ancillary Properties based on or related to such Encumbrances, and no person shall take any action to prevent, interfere with or otherwise enjoin consummation of the transactions contemplated in or by this Order.

12. The provisions of this Order authorizing the sale of the Ancillary Properties free and clear of Encumbrances with respect to the Ancillary Properties shall be self-executing, and neither Victory Hospital nor Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Order. However, Victory Hospital, Buyer and each of their respective officers, employees and agents are hereby authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either Victory Hospital or Buyer deem necessary or appropriate to implement and effectuate transfer of the Ancillary Properties to the Buyer pursuant to the terms of this Order. Moreover, effective as of the closing, the Buyer and its successors and assigns, shall be authorized to demand and receive any and all of the Ancillary Properties, and from time to time to institute and prosecute, for the benefit of the Buyer or its successors and assigns, any and all proceedings at law, in equity or

otherwise, which the Buyer or its successors and assigns, may deem proper for the collection or reduction to possession of any of the Ancillary Properties, and to do all acts and things with respect to the Ancillary Properties which the Buyer or its successors and assigns, shall deem desirable.

13. On or before the closing of the transfer of the Ancillary Properties to the Buyer, ~~Victory Hospital's creditors~~ ***holders of Encumbrances (CEC)*** are authorized and directed to execute such documents and take all other actions as may be necessary to release any Encumbrances of any kind against the Ancillary Properties, as such Encumbrances may have been recorded or may otherwise exist. If any person or entity that has filed financing statements or other documents or agreements evidencing any Encumbrances in or against the Ancillary Properties shall not have delivered to Victory Hospital prior to the Closing after request therefor, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of all such Encumbrances that the person or entity has with respect to the Ancillary Properties, Victory Hospital is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to such Ancillary Properties prior to said closing, and the Buyer is authorized to file such documents after the closing.

14. All of Victory Hospital's interests in the Ancillary Properties to be acquired by the Buyer pursuant to this Order shall be, as of and upon the occurrence of the closing, transferred to and vested in the Buyer. Upon the occurrence of the closing, this Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Ancillary Properties acquired by the Buyer pursuant to this Order and/or a bill of

sale or assignment transferring good and marketable, indefeasible title and interest in the Ancillary Properties to the Buyer.

15. Except as expressly provided in this Order, the Buyer is not assuming nor shall it or any affiliate of Buyer in any way liable or responsible, as a successor or otherwise, for any liabilities, debts, or obligations of Victory Hospital in any way whatsoever relating to or arising from Victory Hospital's ownership or use of the Ancillary Properties prior to the consummation of the transactions contemplated by this Order, or any liabilities calculable by reference to Victory Hospital or its operations or the Ancillary Properties, or relating to continuing or other conditions existing on or prior to consummation of the transactions contemplated by this Order, which liabilities, debts, and obligations are hereby extinguished insofar as they may give rise to liability, successor or otherwise, against Buyer or any affiliate of the Buyer.

*Additional Provisions*

16. Except as provided herein, each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by this Order.

17. Buyer has not assumed and is not otherwise obligated for any of Victory Hospital's liabilities. Consequently, all persons (as defined in Bankruptcy section 101(41)), governmental units (as defined in Bankruptcy Code section 101(27)) and all holders of Encumbrances based upon or arising out of liabilities retained by Victory Hospital are hereby enjoined from taking any action against the Buyer or the Ancillary Properties to recover any such Encumbrances or from taking any action against the Buyer or the Ancillary Properties on account of any liabilities of Victory Hospital.

18. Buyer is not a "successor" to Victory Hospital or its estate by reason of any theory of law or equity, and the Buyer shall not assume, or be deemed to assume, or in any way be

responsible for any liability or obligation of Victory Hospital and/or its estate including, but not limited to, any bulk sales law, successor liability or similar liability except as otherwise expressly provided in this Order. Neither the purchase and transfer of the Ancillary Properties by the Buyer or its affiliates, nor the fact that the Buyer or its affiliates are using any of the Ancillary Properties previously operated by Victory Hospital, will cause the Buyer or any of its affiliates to be deemed a successor in any respect to Victory Hospital's business within the meaning of any foreign, federal, state or local revenue, pension, ERISA, tax, labor, employment, environmental, or other law, rule or regulation (including without limitation filing requirements under any such laws, rules or regulations), or under any products liability law or doctrine with respect to Victory Hospital's liability under such law, rule or regulation or doctrine, or under any product warranty liability law or doctrine with respect to Victory Hospital's liability under such law, rule or regulation or doctrine. Buyer and its affiliates shall have no liability or obligation under the WARN Act (29 U.S.C. §§ 210 et seq.) or the Comprehensive Environmental Response Compensation and Liability Act, or any foreign, federal, state or local labor, employment, or environmental law by virtue of Buyer's purchase of the Ancillary Properties. Nothing in this paragraph shall be construed to exceed the maximum protections provided by the Bankruptcy Code to Buyer, including, but not limited to, Bankruptcy Code section 363.

19. Pursuant to Bankruptcy Code sections 105 and 363, all persons and entities, including, but not limited to, Victory Hospital, all debt security holders, equity security holders, Victory Hospital's employees or former employees, governmental, tax and regulatory authorities, lenders, parties to or beneficiaries under any benefit plan, trade and other creditors asserting or holding an Encumbrance or interest of any kind or nature whatsoever against, in or with respect to the Ancillary Properties (whether legal or equitable, secured or unsecured,

matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, the Ancillary Properties prior to the closing or the transfer of the Ancillary Properties to Buyer shall be forever barred, estopped, and permanently enjoined from asserting, prosecuting or otherwise pursuing such Encumbrance or interest against the Buyer or the Ancillary Properties

20. No bulk sale law or any similar law of any state or other jurisdiction shall apply in any way to the sale and the transactions contemplated by this Order.

21. This Order shall be binding upon and govern the acts of all persons and entities, including without limitation, Victory Hospital, Buyer and Resmac, their respective successors and permitted assigns, including, without limitation, any Chapter 11 trustee hereinafter appointed for Victory Hospital's estate or any trustee appointed in a Chapter 7 case if Victory Hospital case is converted from Chapter 11, all creditors of Victory Hospital (whether known or unknown), filing agents, filing officers, title agents, recording agencies, secretaries of state, and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Ancillary Properties.

22. The provisions of this Order are non-severable and mutually dependent.

23. Nothing in any order of this Court or contained in any plan of reorganization or liquidation confirmed in Victory Hospital's Chapter 11 case, or in any subsequent or converted case of Victory Hospital under chapter 7 or chapter 11 of the Bankruptcy Code, shall conflict with or derogate from the provisions or the terms of this Order.

24. Notwithstanding Bankruptcy Rules 6004, 6006 and 7062, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. In the absence of any person or entity obtaining a stay pending appeal, Victory Hospital and the Buyer

are free to close at any time, subject to the terms of this Order. In the absence of any person or entity obtaining a stay pending appeal, if Victory Hospital and the Buyer close under the Agreement, the Buyer shall be deemed to be acting in "good faith" and shall be entitled to the protections of Bankruptcy Code section 363(m) as to all aspects of the transactions under and pursuant to this Order or any authorization contained herein is reversed or modified on appeal.

25. The transfer of the Ancillary Properties pursuant to this Order is a transfer pursuant to Bankruptcy Code section 1146(a) and, accordingly, shall not be taxed and/or shall not be subject to any tax under any federal, state, local, municipal or other law imposing or claiming to impose a stamp tax, transfer, or any other similar tax on any of Victory Hospital's transfers or sales of real estate, personal property or other assets owned by Victory Hospital or transferred in connection with the sale of the Ancillary Properties. Each and every federal, state and local government agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transfer of any of the Ancillary Properties, all without imposition or payment of any stamp tax, transfer tax, or similar tax.

26. At the closing, Victory Hospital and Buyer shall execute , acknowledge, deliver and file all such returns as may be necessary to comply with any applicable city, county or state conveyance tax laws and/or New York real estate conveyance tax laws.

27. This Court shall retain exclusive jurisdiction to enforce the terms and provisions of this Order in all respects and to decide any disputes concerning this Order, or the rights and duties of the parties hereunder or any issues relating to this Order including, but not limited to, the interpretation of the terms, conditions and provisions hereof, the status, nature and extent of the Ancillary Properties and all issues and disputes arising in connection with the relief

authorized herein, inclusive of those concerning the transfer of the Ancillary Properties free and clear of all Encumbrances.

Dated: October *19*, 2009
      Brooklyn, New York

                                                *s/Carla E Craig*
                                                HONORABLE CARLA E. CRAIG
                                                CHIEF U.S. BANKRUPTCY JUDGE