DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Tel.: (212) 335-4500
Fax: (212)-335-4501
Timothy W. Walsh

Attorneys for the Debtors and Debtors in Possession

Hearing Date: December 15, 2009
Time: 3:00 p.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                      : Chapter 11
                                            :
VICTORY MEMORIAL HOSPITAL, et al.,          : Case Nos.: 06-44387 (CEC)
                                            :            06-44388 (CEC)
                Debtors.                    :            06-44389 (CEC)
                                            : (Jointly Administered)
-----------------------------------------------------------X

## NOTICE OF HEARING ON
## MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO ENTER INTO ASSET PURCHASE AGREEMENT BY AND AMONG THE DEBTOR, HAMILTON PARK MULTICARE, LLC, PERSONAL-TOUCH HOME AIDES OF NEW YORK, INC., AND SUNSET LG REALTY LLC, DATED NOVEMBER [ ], 2009

**PLEASE TAKE NOTICE** that a hearing to consider the attached motion (the "Motion") of Victory Memorial Hospital (the "Debtor"), one of the above-captioned debtors and debtors in possession, by and through its attorneys, DLA Piper LLP (US), for entry of an order pursuant to section 105 of title 11 of the Untied States Code (the "Bankruptcy Code") authorizing the Debtor to enter into the attached Asset Purchase Agreement (the "Purchase Agreement") by and among Hamilton Park Multicare, LLC ("Seller"), Personal-Touch Home Aides of New York, Inc. ("Buyer"), Sunset LG Realty LLC ("Sunset") and the Debtor, dated November [ ], 2009, and accompanying Escrow Agreement by and among Debtor, Seller, Buyer and First American Title Company of New York, dated November [ ], 2009, in order to

facilitate the transfer of certain assets from Seller to Buyer and payment of certain obligations of Sunset to Debtor, will be held on December 15, 2009 at 3:00 p.m. (the "Hearing") before the Honorable Carla E. Craig, Chief United States Bankruptcy Judge, United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, New York 11201-1800 (the "Bankruptcy Court"), or as soon thereafter as counsel can be heard.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion, must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Eastern District of New York, must be filed with the Clerk of the Bankruptcy Court electronically, by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format, with a hard copy delivered to the Clerk of the Bankruptcy Court, for transmittal to the Chambers of the Honorable Carla E. Craig, Chief Judge, and served upon, so as to be received by (a) DLA Piper LLP (US), counsel to the Debtor, 1251 Avenue of the Americas, New York, New York 10020, Attn: Timothy W. Walsh, Esq.; and (b) the Office of the United States Trustee, 271 Cadman Plaza East, Suite 4529, Brooklyn, NY 11201, not later than December 10, 2009 at 4:00 p.m. (prevailing Eastern time).

**PLEASE TAKE FURTHER NOTICE** that if no objection to the Motion is timely filed with the Court and received by the aforementioned parties, the Court may thereafter enter an order granting the Motion.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be adjourned without further notice except as announced at the Hearing, or at any adjourned hearing.

Dated: November 23, 2009
      New York, New York

**DLA PIPER LLP (US)**

By:     /s/Timothy W. Walsh
        Timothy W. Walsh
        1251 Avenue of the Americas
        New York, New York 10020-1104
        Tel: (212) 335-4500
        Fax: (212) 335-4501

        Attorneys for Victory Memorial Hospital, et al.
        Debtors and Debtors in Possession

| DLA PIPER LLP (US) | Hearing Date: December 15, 2009 |
|---|---|
| 1251 Avenue of the Americas | Time: 3:00 p.m. |
| New York, New York 10020-1104 | |
| Tel: (212) 335-4500 | |
| Fax: (212) 335-4501 | |
| Timothy Walsh | |

Attorneys for Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                              :   Chapter 11
                                                    :
VICTORY MEMORIAL HOSPITAL, et al.,                  :   Case Nos.:   06- 44387-CEC
                                                    :                06-44388-CEC
                                                    :                06-44389-CEC
                          Debtors.                  :
-------------------------------------------------------------X   (Jointly Administered)

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO ENTER INTO ASSET PURCHASE AGREEMENT BY AND AMONG THE DEBTOR, HAMILTON PARK MULTICARE, LLC, PERSONAL-TOUCH HOME AIDES OF NEW YORK, INC., AND SUNSET LG REALTY LLC, DATED NOVEMBER [__], 2009**

Victory Memorial Hospital ("Victory" or the "Debtor"), one of the above-captioned debtors and debtors in possession (the "Debtors"), by its attorneys, DLA Piper LLP (US), hereby file this motion (the "Motion") pursuant to section 105 of title 11 of the Untied States Code (the "Bankruptcy Code") for the entry of an order authorizing the Debtor to enter into the attached Asset Purchase Agreement (the "Purchase Agreement") by and among Hamilton Park Multicare, LLC ("Seller"), Personal-Touch Home Aides of New York, Inc. ("Buyer"), Sunset LG Realty LLC ("Sunset") and the Debtor, dated November [__], 2009, and accompanying Escrow Agreement (the "Escrow Agreement") by and among Debtor, Seller, Buyer and First American Title Company of New York (the "Escrow Agent"), dated November [__], 2009, in order to facilitate the transfer of certain assets from Seller to Buyer and payment of certain obligations of Sunset to Debtor. In support thereof, the Debtor respectfully represents as follows:

## GENERAL BACKGROUND

1.  On November 15, 2006 (the "Petition Date"), the Debtor and its related subsidiaries each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2.  The Debtor remains in possession of its assets as a debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108.

3.  On November 28, 2006, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code.

4.  No trustee or examiner has been appointed in this case.

5.  Victory was a not-for profit, voluntary hospital located in Bay Ridge, Brooklyn and is a full service acute care hospital with approximately 241 beds and a 150-bed skilled nursing unit. The Debtors provided a full range of medical services with a focus on community care and a program of community outreach to the Brooklyn community since approximately 1900.

6.  On January 1, 2007, the recommendations of The New York State Commission on Healthcare Facilities in the 21st Century (the "Berger Commission") became law. The Berger Commission recommended closure of Victory's acute-care facility and a continuation of Victory's skilled nursing, ambulatory, and home health care programs.

7.  On or around April 18, 2008, Victory and its affiliates agreed to sell certain of the Debtor's assets to the Buyer pursuant to that certain Asset Purchase Agreement (as amended to date, the "Original Purchase Agreement"), dated April 18, 2008, pursuant to which among other things, Victory sold and Seller purchased certain assets related to a Long-Term Home Health Care Program (the "LTHHCP") and Skilled Nursing Facility ("SNF").

8. On June 30, 2008 the Court entered its order (the "Sale Order") approving the Original Purchase Agreement which, among other things, pursuant to the terms of the Original Purchase Agreement contemplated that Seller would continue in operation of the LTHHCP post-closing.

9. On or around August 11, 2009, the Debtor and Sunset, upon consent of the Committee, entered into an amendment to the Original Purchase Agreement (the "Amendment") whereby, among other things, (a) the cash amount to be paid at the closing on the Original Purchase Agreement was reduced by $5,000,000 and (b) Sunset was required to deliver an interest bearing promissory note (the "Note") secured by certain assets indirectly owned by the Buyer for $5,000,000.

10. The Note, among other things, matures nine months after the closing on the Original Purchase Agreement, carries interest (payable monthly) at a rate of 10% per annum and provides for a $500,000 principal payment to be made by the Buyer on the five-month anniversary of the Note.

11. On August 24, 2009, the Court entered its order authorizing the Amendment to the Original Purchase Agreement. A copy of that order is attached as Exhibit A.

12. The sale of the real estate, LTHHCP and SNF assets pursuant to the Original Purchase Agreement occurred on September 1, 2009 (the "Original Closing").

13. Since the Original Closing, Seller has determined it wishes to cease operation of the LTHHCP and Buyer has agreed to purchase the LTHHCP from Seller and operate the program going forward.

14. Accordingly, subject to approval by the Court and certain regulatory approval, Debtor, Seller, Buyer and Sunset have agreed to enter into the transaction contemplated under

the Purchase Agreement, whereby, (a) Buyer will purchase the LTHHCP from Seller and continue as operator of that program, (b) a portion of the purchase price for the LTHHCP (the "Purchase Price") will be placed into escrow (the "Escrowed Funds") and released to Debtor upon consummation of that sale in accordance with the terms of the Escrow Agreement, and (c) upon release of the Escrowed Funds to Debtor, the Escrowed Funds will be used to pay down any outstanding obligation under the Note. A copy of the Purchase Agreement and accompanying Escrow Agreement are attached hereto as Exhibit B.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of these cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). The statutory predicate for the relief requested herein is Bankruptcy Code section 105(a).

## RELIEF REQUESTED

16. By this Motion, the Debtor, pursuant to Bankruptcy Code sections 105(a), seeks entry of an order approving the Purchase Agreement and authorizing the Debtor to enter into the transactions contemplated thereunder, including, but not limited to, authorizing the Debtor to accept a portion of the proceeds from the sale of the LTHHCP in satisfaction of the outstanding balance under the Note.

17. The Debtor and other parties to the Purchase Agreement have spent significant time negotiating the terms of the transfer of the LTHHCP from Seller to Buyer and application of that sales proceeds to the outstanding balance under the Note. The transaction under the Purchase Agreement will allow the Debtor to obtain a significant portion, if not all, of the

balance under the Note in advance of the Note's original maturity date for distribution to creditors.

18. In addition, the Debtor believes transfer of the LTHHCP pursuant to the Purchase Agreement will facilitate continued operation of the LTHHCP in accordance with the terms of the Sale Order and the recommendations of the Berger Commission in the least disruptive manner possible.

19. Based on the aforementioned circumstances, the Debtor submits that approval of the Purchase Agreement is in the best interest of the Debtor, its creditors and current patients of the LTHHCP and respectfully requests that the Court enter an order authorizing the Debtor to enter into and approving the Purchase Agreement.

## WAIVER OF MEMORANDUM OF LAW

20. Based upon the authority provided herein, the Debtor respectfully requests that the Court waive the requirement that the Debtor file a memorandum of law in support of this Motion pursuant to Local Bankruptcy Rule for the Eastern District of New York 9013-1(b).

## NOTICE

21. The Debtor has provided notice of this Motion to (a) the Office of the United States Trustee for the Eastern District of New York, (b) counsel to the Committee, (c) counsel to the Debtors' postpetition lenders, and (d) those parties requesting notice pursuant to Federal Rules of Bankruptcy Procedure 2002. The Debtor submit that given the circumstances and the notice of the relief requested herein, no other or further notice is required.

## NO PRIOR REQUEST

22. No prior application for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order substantially in the form attached hereto as <u>Exhibit C</u> (a) approving the Purchase Agreement, and (b) and granting such other relief as is just and proper.

Dated:    November 23, 2009
           New York, New York

                              **DLA PIPER LLP (US)**

                              /s/ Timothy W. Walsh
                              Timothy W. Walsh
                              1251 Avenue of the Americas
                              New York, NY 10020-1104

                              Attorneys for the Debtors and Debtors in Possession