**DLA PIPER US LLP**
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: (212) 335-4500
Fax: (212) 335-4501
Timothy W. Walsh
Jeremy R. Johnson

Attorneys for the Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
In re: : Chapter 11
:
VICTORY MEMORIAL HOSPITAL, et al., : Case Nos.: 06-44387-CEC
: 06-44388-CEC
: 06-44389-CEC
Debtors. :
---------------------------------------------------------------X (Jointly Administered)

### DEBTORS' FOURTH OMNIBUS OBJECTION, PURSUANT TO 11 U.S.C. § 502 (D), BANKRUPTCY RULE 3007 AND THE BAR DATE ORDER, TO CLAIMS WHICH DO NOT MATCH THE DEBTORS' BOOKS AND RECORDS

Victory Memorial Hospital, Victory Memorial Ambulance Services, Inc., and Victory Memorial Pharmacy, Inc., the debtors and debtors in possession (collectively, the "Debtors"), by its attorneys, DLA Piper US LLP, hereby object (the "Fourth Omnibus Objection") to the claims set forth on Exhibit A annexed hereto and for the reasons set forth herein, seek entry of an order pursuant to section 502(d) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), disallowing and expunging certain claims. In support of this Objection, the Debtors respectfully represents as follows:

### BACKGROUND

1. On November 15, 2006 (the "Petition Date"), the Debtors each filed a voluntary

petition for relief under chapter 11 the Bankruptcy Code.

2. The Debtors remain in possession of their assets and continue to manage their business as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

3. On November 28, 2006, the Office of the United States Trustee for the Eastern District of New York appointed an Official Unsecured Creditors' Committee (the "Committee"). No trustee or examiner has been appointed in these cases.

## SCHEDULES AND BAR DATE FOR FILING PROOFS OF CLAIM

4. On December 29, 2006 and January 3, 2007, the Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and Statements") and listed the claims of its known prepetition creditors.

5. On May 31, 2007 the Court entered an order (the "Bar Date Order") establishing July 20, 2007 (the "Bar Date") as the last date for the filing of proofs of claim (the "Proofs of Claim") by all creditors holding or asserting a claim which arose on or prior to the Petition Date against the Debtors.

6. Prior to the commencement of this case, the Debtors maintained, in the ordinary course of business, books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts thereof owed to its creditors. The Debtors have conducted a review of the Proofs of Claim, the Debtors' Books and Records and the Claims Register. For the reasons set forth in more detail below and based on these reviews, the Debtors have determined that certain of the claims asserted against the Debtors in the Proofs of Claim (the "Claims") are objectionable and, therefore, the Debtors hereby object to the allowance of these Claims.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of these cases and this Fourth Omnibus Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are Bankruptcy Code sections 502(a) and (b) as supplemented by Bankruptcy Rules 3003(c) and 3007.

## RELIEF REQUESTED

8. By this Fourth Omnibus Objection, the Debtors seek to disallow and expunge a total of forty (40) claims set forth on Exhibit A hereto, and for the reasons below seeks entry of an order pursuant to Bankruptcy Code 502(d), Bankruptcy Rule 3007, and the Bar Date Order, granting the relief requested herein.

9. This Fourth Omnibus Objection is supported by the Affidavit of Frank G. Conrad, Weiser LLP, attached as Exhibit B.

## CLAIMS THAT DO NOT MATCH THE DEBTORS' BOOKS AND RECORDS

10. The Debtors have reviewed all of the Proofs of Claim filed against the Debtors in this chapter 11 case. Based upon that review, the Debtors have determined that it is not liable in whole or in part for the amounts sought on many of the Proofs of Claim it has reviewed. The basis for this determination includes, but is not necessarily limited to, the following: (a) the Debtors' Books and Records reflect that the asserted Claim(s) was paid prior to the commencement of the Debtors' cases; (b) the Debtors' Books and Records indicate an amount owed that is different than the amount reflected on the Proof of Claim; and/or (c) the Debtors' Books and Records do not reflect the existence of, or the Debtors have no liability for, the Claim

asserted on the Proof of Claim.

11. Set forth on Exhibit A, annexed hereto, under the heading "Claims Which Do Not Match Debtors' Books and Records" is a list of the Claims for which the Debtors have determined that they are not liable in whole or in part for the asserted Claim (the "Books and Records Objection"). If the Debtors believe that they have some liability for the amount set forth on the respective Proof of Claim, that amount appears in the column labeled "Modified Claim Amount." If the Debtors believe they have no liability for an amount on a respective Proof of Claim, the amount in the column labeled "Modified Claim Amount" will be "0".

12. Pursuant to these Books and Records Objections, the Debtors seek the entry of an order disallowing and expunging the Claims sought on the Proofs of Claim set forth on Exhibit A, to the extent that those Claims exceed the amount set forth in the "Modified Claim Amount" column. To be clear, the Debtors seek to have the Court disallow and expunge the Claims with "0" amount in the Modified Claim Amount column in their entirety and to have the Court allow the other Claims in the amount set forth in the Modified Claim Amount column.

## SEPARATE CONTESTED MATTERS

13. Each of the Claims and the objections by the Debtors to each Claim as asserted in this Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court with respect to an objection asserted in this Objection shall be deemed a separate order with respect to each Claim.

## RESERVATION OF RIGHTS

14. Notwithstanding the various objections made herein, the Debtors reserve their right to assert any additional objections that are appropriate with respect to any Claim set forth herein for which the relief sought is not granted in all respects.

## CONCLUSION

15. The Debtors request entry of an order disallowing and expunging certain claims identified on Exhibit A.

## WAIVER OF MEMORANDUM OF LAW

16. Based upon the authority provided herein, the Debtors respectfully request that the Court waive the requirement that the Debtors file a memorandum of law in support of this Objection pursuant to Local Bankruptcy Rule for the Eastern District of New York 9013-1(a).

## NOTICE

17. Notice of the Motion was provided to the (a) Office of the United States Trustee for the Eastern District of New York, (b) counsel to the Debtors' prepetition lender, (c) counsel to the Committee; (d) creditors whose Proofs of Claims are the subject of the Fourth Omnibus Objection; and (e) those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that such notice is sufficient under the circumstances.

## NO PRIOR REQUEST

18. No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order disallowing and expunging the Claims as set forth hereinabove and in Exhibit A and grant such other relief as is just and proper.

Dated: November 24, 2009
        New York, New York

                                **DLA PIPER US LLP**

                                By: /s/ Timothy W. Walsh
                                       Timothy W. Walsh
                                       Jeremy R. Johnson
                                       1251 Avenue of the Americas
                                       New York, NY 10020-1104
                                       Tel.: (212) 335-4500
                                       Fax: (212) 335-4501

Attorneys for Victory Memorial Hospital, et al.

# Exhibit A

In re: Victory Memorial Hospital, et al.
Chapter 11 Case Nos. 06-44387 (CEC)
06 -44388 (CEC)
06-44389 (CEC)
Debtors' Fourth Omnibus Objection to Proofs of Claims

## EXHIBIT A

## PROOFS OF CLAIM THAT DO NOT MATCH DEBTORS' BOOKS AND RECORDS

| CREDITOR NAME | FILED CLAIM AMOUNT | CLAIM NUMBER | MODIFIED CLAIM AMOUNT |
|---|---|---|---|
| 1 FEDEX | $5,329,958.00 | 50377 | $0 |
| 2 NEW YORK STATE DEPARTMENT OF HEALTH | $1,159,756.00 | 573.01 | $0 |
| 3 MEREDITH WORTHMAN | $54,782.44 | 50682 | $0 |
| 4 IRS – DEPARTMENT OF THE TREASURY | $48,256.92 | 363.01 | $0 |
| 5 IRS – DEPARTMENT OF THE TREASURY | $1,746,475.42 | 359 | $0 |
| 6 ABRAHAM WALDMAN | $90,905.00 | 556 | $0 |
| 7 TRAVELERS LIFE AND ANNUITY | $33,976.51 | 51004 | $0 |
| 8 STATEWIDE POOLS | $36,139.00 | 50942 | $0 |
| 9 RITTENHOUSE BOOK DISTRIBUTION | $22,025.00 | 50874 | $0 |
| 10 ASM CAPITAL, LP/ DEPARTMENT OF PEDIATRICS/ THE | $203,958.26 | 342.01 | $164,874.94 |
| 11 ASM CAPITAL, LP/ MARTIN, CLEARWATER & BELL | $175,619.92 | 116.01 | $138,529.22 |
| 12 MSO MEDICAL, INC. | $276,860.26 | 114 | $119,202.00 |
| 13 MODERN MEDICAL, LLC | $150,000.00 | 590 | $80,000.00 |
| 14 ASM CAPITAL/ MIDWOOD AMBULANCE | $80,578.00 | 189 | $47,572.20 |
| 15 FAIR HARBOR CAPITAL, LLC/ RIVKIN RADLER LLP | $65,200.86 | 297.01 | $44,005.72 |

| CREDITOR NAME | FILED CLAIM AMOUNT | CLAIM NUMBER | MODIFIED CLAIM AMOUNT |
|---|---|---|---|
| 16 INSTRUMENTATION LAB | $33,504.60 | 20 | $5,584.10 |
| 18 EMPIRE BLUE CROSS AND BLUE SHIELD | $180,000.00 | 50361 | $1,800 |
| TOTAL | $9,687,966.19 | - | $601,568.18 |

# Exhibit B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
In re:                                            :    Chapter 11
                                                  :
VICTORY MEMORIAL HOSPITAL, et al.,                :    Case Nos.:   06-44387-CEC
                                                  :                 06-44388-CEC
                                                  :                 06-44389-CEC
                        Debtors.                  :
---------------------------------------------------------------X    (Jointly Administered)

## AFFIDAVIT OF FRANK G. CONRAD IN SUPPORT OF THE DEBTORS' FOURTH OMNIBUS OBJECTION TO CLAIMS WHICH DO NOT MATCH THE DEBTORS' BOOKS AND RECORDS

I, Frank G. Conrad, hereby declare under penalty of perjury as follows:

1. I am an independent contractor of Weiser, LLP ("Wesier").

2. I make this declaration in connection with the Debtors' Fourth Omnibus Objection to Claims which do not match the Debtors' Books and Records (the "Fourth Omnibus Objection").

3. Capitalized terms not otherwise defined herein have the meaning given to them in the Objection.

4. I am familiar with the claims identified in the Objection and the relief requested therein.

5. To the best of my knowledge and belief, the Debtors' Books and Records accurately reflect, among other things, the liabilities (including the amounts thereof) owed to their creditors.

6. Considerable time and resources have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim (the "Claims") filed against the Debtors in these Cases. The Claims, the Claims Register, and the Debtors' Schedules and Books and Records were carefully reviewed and analyzed resulting in their identification as objectionable Claims in good faith and supported by appropriate due diligence. I make this affidavit on the basis of my review and analysis of the Claims subject to the Objection, with the assistance of counsel.

7. Exhibit A to the Objection identifies the Claims which do not match the Debtors' Books and Records. To the best of my knowledge and belief, the Claims which do not match the Debtors' Books and Records have either already been paid, were asserted improperly against the Debtors, or otherwise are not owed by the Debtors. Further, to the best of my knowledge and belief, each of the Claims which do not match the Debtors' Books and Records fails to attach supporting documentation which constitutes prima facie evidence of the validity and amount of the claim. Accordingly, based upon my review, the Debtors object to each of the Claims which do not match the Debtors' Books and Records listed on Exhibit A to the Objection and seek entry of an order disallowing and expunging or reducing each of the Claims which do not match the Debtors' Books and Records.

8. I have reviewed Local Rule 3007-1 and hereby state that, to the best of my knowledge and belief, the Objection is in compliance therewith.

9. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on ~~August 13,~~ November 5, 2009

EAST\42466508.3

Frank G. Conrad
Independent Contractor
Weiser, LLP