DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: (212) 335-4500
Fax: (212) 335-4501
Timothy W. Walsh
Jeremy Johnson

Attorneys for the Debtors and Debtors in Possession

Hearing Date: December 15, 2009
Time: 3:00 p.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re: : Chapter 11
:
VICTORY MEMORIAL HOSPITAL, et al., : Case Nos.: 06-44387-(CEC)
: 06-44388-(CEC)
: 06-44389-(CEC)
Debtors. :
-----------------------------------------------------------------X (Jointly Administered)

## NOTICE OF HEARING ON
## DEBTORS' AMENDED MOTION REQUESTING COURT ORDER
## AUTHORIZING DEBTORS TO IMPLEMENT PROCEDURES
## GOVERNING RETENTION OF MEDICAL RECORDS
## PURSUANT TO 11 U.S.C. § 351

**PLEASE TAKE NOTICE** that a hearing on the amended motion of the above-captioned debtors requesting court order authorizing debtors to implement procedures governing retention of medical records pursuant to 11 U.S.C.§ 351 (the "Motion") will be held on December 15, 2009 at 3:00 p.m. (the "Hearing") before the Honorable Carla E. Craig, Chief United States Bankruptcy Judge, United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, New York 11201-1800 (the "Bankruptcy Court"), or as soon thereafter as counsel can be heard.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion, must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Eastern District of New York, must be filed

with the Clerk of the Bankruptcy Court electronically, by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format, with a hard copy delivered to the Clerk of the Bankruptcy Court, for transmittal to the Chambers of the Honorable Carla E. Craig, Chief Judge, and served upon, so as to be received by (a) DLA Piper LLP (US), counsel to the Debtor, 1251 Avenue of the Americas, New York, New York 10020, Attn: Timothy W. Walsh, Esq.; and (b) the Office of the United States Trustee, 271 Cadman Plaza East, Suite 4529, Brooklyn, NY 11201, not later than December 10, 2009 at 4:00 p.m. (prevailing Eastern time).

**PLEASE TAKE FURTHER NOTICE** that if no objection to the Motion is timely filed with the Court and received by the aforementioned parties, the Court may thereafter enter an order granting the Motion.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be adjourned without further notice except as announced at the Hearing, or at any adjourned hearing.

Dated: December 4, 2009
　　　　New York, New York

**DLA PIPER LLP (US)**

By: _____/s/Timothy W. Walsh_____
　　　　Timothy W. Walsh
　　　　1251 Avenue of the Americas
　　　　New York, New York 10020-1104
　　　　Tel: (212) 335-4500
　　　　Fax: (212) 335-4501

　　　　Attorneys for Victory Memorial Hospital, et al.
　　　　Debtors and Debtors in Possession

DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: (212) 335-4500
Fax: (212) 335-4501
Timothy W. Walsh
Jeremy Johnson

Attorneys for the Debtors and Debtors in Possession

Hearing Date: December 15, 2009
Time:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                          :    Chapter 11
                                                :
VICTORY MEMORIAL HOSPITAL, et al.,              :    Case Nos.: 06-44387-(CEC)
                                                :                06-44388-(CEC)
                                                :                06-44389-(CEC)
                  Debtors.                      :
-----------------------------------------------------------X    (Jointly Administered)

## DEBTORS' AMENDED MOTION REQUESTING COURT ORDER AUTHORIZING DEBTORS TO IMPLEMENT PROCEDURES GOVERNING RETENTION OF MEDICAL RECORDS PURSUANT TO 11 U.S.C. § 351

Victory Memorial Hospital ("Victory Hospital"), Victory Memorial Ambulance Services, Inc. ("Victory Ambulance"), and Victory Memorial Pharmacy Services, Inc. ("Victory Pharmacy"), the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by their undersigned attorneys, DLA Piper LLP (US), submit this amended motion (the "Motion") seeking an order from the this Court (the "Bankruptcy Court") authorizing the Debtors to implement procedures governing the retention of medical records pursuant to section 351 of title 11 of the United States Code (the "Bankruptcy Code"). In support of this Motion, the Debtors respectfully represent as follows:

## BACKGROUND

1. On November 15, 2006 (the "Petition Date"), each of the Debtors filed a petition for relief under chapter 11 of the Bankruptcy Code.

2. Since the Petition Date, the Debtors have continued in the management and operation of their businesses and properties as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

3. On November 28, 2006, the Office of the United States Trustee for the Eastern District of New York appointed an Official Unsecured Creditors' Committee (the "Committee"). No trustee or examiner has been appointed in these cases.

4. On or about May 2008, the Debtors ceased operations of their inpatient hospital, but continued to provide services at their skilled nursing facility and as part of their home health care program.

5. On June 30, 2008, the Bankruptcy Court approved the sale of substantially all of the Debtors' assets, which sale closed on September 1, 2009. Effective on September 1, 2009, the Debtors ceased providing any health care related services and the only remaining employees are assisting the Plan Administrator in winding down operations.

## BACKGROUND RELATED TO THE MEDICAL RECORDS

6. New York State regulations require that hospitals operating within the state retain the medical records of its patients for "at least six years from the date of [the patient's] discharge or three years after the patient's age of majority . . . whichever is longer, or at least six years after death." 10 NY ADC 405.10(a)(4). The Debtors have amassed a vast amount of patient-related documentation in complying with this New York state regulation. This documentation consists of, among other things, in-patient records, out-patient records, radiology records, and radiology films (collectively, the "Medical Records").

7. The Medical Records are currently being stored in two locations: on the premises of Victory Memorial Hospital, and at the facilities of Iron Mountain Information Management Inc.

8. The continued maintenance of the Medical Records will require substantial financial obligations to be paid from the Debtors' estate. The Debtors have been diligently searching for a cost effective manner of storing the Medical Records in satisfaction of New York state regulations. To date, the lowest price the Debtors have been quoted for storage of the Medical Records in such a manner is between $850,000 and $1,000,000.

## RELIEF REQUESTED

9. The Debtors seek an order from the Bankruptcy Court authorizing them to implement only those procedures set forth in Bankruptcy Code section 351 with respect to its retention of the Medical Records. The Debtors assert that such an order is appropriate under the circumstances because (a) they do not have sufficient funds to adhere to applicable state law; and (b) the Debtors' past patients will not be harmed by the implementation of such procedures.

10. Bankruptcy Code section 351 states:

> If a health care business commences a case under chapter 7, 9, or 11, and the trustee does not have a sufficient amount of funds to pay for the storage of patient records in the manner required under applicable Federal or State law, the following requirements shall apply
>
> (1) The trustee shall--
>
> (A) promptly publish notice, in 1 or more appropriate newspapers, that if patient records are not claimed by the patient or an insurance provider (if applicable law permits the insurance provider to make that claim) by the date that is 365 days after the date of that notification, the trustee will destroy the patient records; and
>
> (B) during the first 180 days of the 365-day period described in subparagraph (A), promptly attempt to notify directly each patient that is the subject of the patient records and appropriate insurance carrier concerning the patient records by mailing to the most recent known address of that patient, or a family member or contact person for that

- 3 -

patient, and to the appropriate insurance carrier an appropriate notice regarding the claiming or disposing of patient records.

(2) If, after providing the notification under paragraph (1), patient records are not claimed during the 365-day period described under that paragraph, the trustee shall mail, by certified mail, at the end of such 365-day period a written request to each appropriate Federal agency to request permission from that agency to deposit the patient records with that agency, except that no Federal agency is required to accept patient records under this paragraph.

(3) If, following the 365-day period described in paragraph (2) and after providing the notification under paragraph (1), patient records are not claimed by a patient or insurance provider, or request is not granted by a Federal agency to deposit such records with that agency, the trustee shall destroy those records by--

(A) if the records are written, shredding or burning the records; or

(B) if the records are magnetic, optical, or other electronic records, by otherwise destroying those records so that those records cannot be retrieved.

Bankruptcy Code section 351.

11. The Debtors do not have sufficient funds to pay for the procedures contemplated under New York State regulations. Implementation of the procedures required under those regulations would result in a tremendous economic burden on the estate's creditors. As stated above, the Debtors are in possession of thousands of boxes of Medical Records and it is estimated that storage of these files for a six year period would cost no less than $850,000 to $1,000,000. Meanwhile, even before incurring such a significant financial burden, the Debtors already have insufficient funds to pay the claims of their unsecured creditors in full. Thus, incurring the costs necessary to adhere to New York State regulations would greatly harm the creditors of the Debtors' estate, resulting in a dollar for dollar reduction in the amount of funds available for distribution to creditors.

12. Importantly, allowing the Debtors to adhere to the procedures outlined under Bankruptcy Code section 351 will not result in harm to the Debtors' past patients. Victory Memorial Hospital ceased operations on May of 2008 Since that date, the Debtors have maintained the Medical Records in accordance with New York State Regulations and have returned the Medical Records of any patient that requested them to do so during that period. If the relief requested herein is granted, the Debtors will comply with the procedures set forth in section 351, and (a) publish notice to all of Victory's past patients that it will be disposing of the medical records within one year's time if they are not claimed by the patients; (b) attempt to contact each of the patients individually during the first six months after the order is issued; and (c) request that the records be stored by an appropriate federal agency. By following these procedures, the Debtors will almost certainly assure that patients wishing to recover their medical records will have ample opportunity to do so prior to their destruction. As it stands, the patients have already had eighteen months to reclaim their files, and after implementing the procedures under section 351, those patients will have a full two and half years to recover their files. Requiring the Debtors to retain the Medical Records for any additional period of time would result in considerable harm to the estate while providing little or no utility to the patients who did not recover their files during the preceding eighteen month period.

13. In any event, if the Debtors are authorized to adhere to the procedures set forth under Bankruptcy Code section 351, the Debtors will still have to expend a considerable amount of funds related to the destruction of the medical records. Nevertheless, adhering to such procedures would still result in significant savings to the Debtor's estate.

14. The Debtors have requested that the New York State Department of Health ("DOH") provide additional funding, through HEAL or other means, to pay for the disposal of

- 5 -

EAST\42541571.3

the records pursuant to applicable state law. In the event the DOH approves the request, the relief requested in this Motion will be unnecessary. In the event the DOH denies the request, the relief in this Motion will be necessary to protect creditors.

## NO PRIOR REQUEST

15. No previous application for the relief requested herein has been made to this or any other Court.

## NOTICE

16. The Debtors have served the Motion upon: (a) the Office of the United States Trustee; (b) counsel to the Committee; and (c) parties in interest having filed a Notice of Appearance in the case. The Debtors respectfully represent that service complies with this Court's Omnibus Order limiting notice entered on November 17, 2006.

WHEREFORE, the Debtors respectfully request that the Court issue an order substantially similar to that attached hereto as Exhibit A, authorizing the Debtors to implement only the procedures set forth in section 351 of the Bankruptcy Code in connection with its maintenance of the Medical Records and granting such other relief as the court deems just and proper.

Dated: December 4, 2009
New York, New York

**DLA PIPER LLP (US)**

By: /s/ Timothy W. Walsh
Timothy W. Walsh
Jeremy Johnson
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: (212) 335-4500
Fax: (212) 335-4501

Attorneys for Debtors and Debtors in Possession

# EXHIBIT A
# PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re: : Chapter 11
  :
VICTORY MEMORIAL HOSPITAL, et al., : Case Nos.: 06-44387-(CEC)
  : 06-44388-(CEC)
  : 06-44389-(CEC)
Debtors. :
---------------------------------------------------------------X (Jointly Administered)

**ORDER AUTHORIZING DEBTORS TO IMPLEMENT PROCEDURES GOVERNING RETENTION OF MEDICAL RECORDS PURSUANT TO 11 U.S.C. § 351**

Upon the amended motion (the "Motion"),[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for an order authorizing the Debtors to implement procedures governing retention of medical records pursuant to 11 U.S.C. § 351; and all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the necessary parties; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the record of the Hearing and all of the proceedings had before the Court; and no objections having been received; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is granted in its entirety; and it is further

ORDERED that the Debtors are authorized to implement only the procedures set forth in section 351 of the Bankruptcy Code in connection with its maintenance of the Medical Records and are not required to adhere to any other laws or regulations with respect thereto.

Dated: December __, 2009
Brooklyn, New York

---

HONORABLE CARLA E. CRAIG
CHIEF UNITED STATES BANKRUPTCY JUDGE

---

*(footnote continued from prior page)*

[1] All capitalized terms used, but not defined, herein shall have the meanings provided in the Motion.