DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Tel.: (212) 335-4500
Fax: (212)-335-4501
Timothy W. Walsh
Jeremy R. Johnson

Attorneys for Victory Memorial Hospital, et al.,
Debtors and Debtors in Possession

Hearing Date: January 27, 2010
Hearing Time: 2:30 p.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                              :
                                                    :   Chapter 11
VICTORY MEMORIAL HOSPITAL, et al.,                  :
                                                    :   Case Nos. 06-44387, 06-44388
                                                    :   and 06-44389
           Debtors.                                 :
                                                    :   (Jointly Administered)
---------------------------------------------------------------X

## NOTICE OF HEARING ON
## MOTION FOR ORDER PURSUANT TO RULE 9019(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING AND AUTHORIZING THE DEBTOR TO ENTER INTO THE PROPOSED SETTLEMENT BETWEEN THE DEBTOR AND MAIMONIDES MEDICAL CENTER

**PLEASE TAKE NOTICE** that a hearing to consider the attached motion (the "Motion") of Victory Memorial Hospital (the "Debtor"), one of the above-captioned debtors and debtors in possession, by and through its attorneys, DLA Piper LLP (US), for entry of an order pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure approving and authorizing the Debtor to enter into the proposed stipulation and order between the Debtor and Maimonides Medical Center resolving the treatment of certain claims of Maimonides, will be held on January 27, 2010 at 2:30 p.m. (the "Hearing") before the Honorable Carla E. Craig, Chief United States Bankruptcy Judge, United States Bankruptcy Court, 271 Cadman Plaza East,

EAST\42652700.1

Brooklyn, New York 11201-1800 (the "Bankruptcy Court"), or as soon thereafter as counsel can be heard.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion, must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Eastern District of New York, must be filed with the Clerk of the Bankruptcy Court electronically, by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format, with a hard copy delivered to the Clerk of the Bankruptcy Court, for transmittal to the Chambers of the Honorable Carla E. Craig, Chief Judge, and served upon, so as to be received by (a) DLA Piper LLP (US), counsel to the Debtor, 1251 Avenue of the Americas, New York, New York 10020, Attn: Timothy W. Walsh, Esq.; and (b) the Office of the United States Trustee, 271 Cadman Plaza East, Suite 4529, Brooklyn, NY 11201, not later than January 22, 2010 at 4:00 p.m. (prevailing Eastern time).

**PLEASE TAKE FURTHER NOTICE** that if no objection to the Motion is timely filed with the Court and received by the aforementioned parties, the Court may thereafter enter an order granting the Motion.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be adjourned without further notice except as announced at the Hearing, or at any adjourned hearing.

Dated: New York, New York
      January 5, 2010

                                **DLA PIPER LLP (US)**

                                /s/ Timothy W. Walsh
                                Timothy W. Walsh

Jeremy R. Johnson
1251 Avenue of the Americas
New York, NY 10020-1104
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

Attorneys for Victory Memorial Hospital, et al.
Debtors and Debtors in Possession

DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Tel.: (212) 335-4500
Fax: (212)-335-4501
Timothy W. Walsh
Jeremy R. Johnson

Attorneys for Victory Memorial Hospital, et al.,
Debtors and Debtors in Possession

Hearing Date: January 27, 2010
Hearing Time: 2:30 p.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                          :
                                                :   Chapter 11
VICTORY MEMORIAL HOSPITAL, et al.,              :
                                                :   Case Nos. 06-44387, 06-44388
                                                :   and 06-44389
                    Debtors.                    :
                                                :   (Jointly Administered)
---------------------------------------------------------------X

## MOTION FOR ORDER PURSUANT TO RULE 9019(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING AND AUTHORIZING THE DEBTOR TO ENTER INTO THE PROPOSED SETTLEMENT BETWEEN THE DEBTOR AND MAIMONIDES MEDICAL CENTER

Victory Memorial Hospital (the "Debtor"), one of the above-captioned debtors and debtors in possession, by its attorneys, DLA Piper US LLP ("DLA Piper"), as and for its motion for an order pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving and authorizing the Debtor to enter into the proposed stipulation and order (the "Stipulation and Order") between the Debtor and Maimonides Medical Center ("Maimonides", and together with the Debtor, the "Parties") resolves treatment of certain claims of Maimonides, respectfully represent as follows:

EAST\42650496.1

## SUMMARY OF RELIEF REQUESTED

1. By this Motion, the Debtor is seeking, <u>inter alia</u>, authority to settle and resolve, pursuant to the terms of the Stipulation and Order as described below,[1] certain disputes relating to the Maimonides Claims (as defined herein).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested herein is section 105 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Bankruptcy Rule 9019. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On November 15, 2006, Victory Memorial Hospital ("Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "<u>Bankruptcy Court</u>").

4. Maimonides filed a proof of claim on July 13, 2007 asserting a secured claim in the total amount of $5,250,000.00, ("<u>Claim 394</u>"). Maimonides filed a proof of claim on July 18, 2007 asserting an unsecured claim in the total amount of $1,070,276.08 ("<u>Claim 516</u>"). Maimonides also filed a proof of claim on July 18, 2007 asserting an unsecured claim in the total amount of $10,544.00 ("<u>Claim 517</u>", and together with Claim 394 and Claim 516, the "<u>Maimonides Claims</u>")

---

[1] Any inconsistency between the terms of the Stipulation as defined herein and those terms as they are enumerated in the attached Stipulation and Order shall be governed by the Stipulation and Order.

5. The Debtor has alleged it has certain claims against Maimonides, including, but not limited to, avoidance actions (the "Alleged Claims")

6. Subject to the approval of the Bankruptcy Court, the Parties have agreed to resolve their dispute relating to the Maimonides Claims and Alleged Claims in accordance with the terms of the Stipulation and Order.

## THE SETTLEMENT

7. To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the disputes with respect to the Maimonides Claims and Alleged Claims, the Parties have reached a full and final settlement of such claims pursuant to the terms and conditions set forth in the Stipulation and Order and reproduced verbatim below:

- Upon the effective date of this Stipulation and Order, Claim 516 and Claim 517 shall be expunged and disallowed (or deemed expunged and disallowed). All claims and amounts, if any, asserted in Claim 516 and 517 shall be expunged and disallowed (or deemed expunged and disallowed).

- Claim 394 shall be allowed (or deemed allowed) as a secured claim in the total amount of $4,500,000.00 (the "Allowed Secured Claim") and shall be paid as soon as possible after approval of this Stipulation and Order by the Bankruptcy Court in a manner to be determined by the Parties upon such approval, provided, however, such approval shall occur and the Debtors shall make all reasonable efforts to make such payment on or before January, 31, 2010.

- Upon the effective date of this Stipulation and Order, with the exception of the Allowed Secured Claim, Maimonides shall have waived and be deemed to have waived any and all claims, causes of action or enforcement rights against the Debtors.

- Upon the effective date of this Stipulation and Order, the Debtors shall waive and be deemed to have waived any and all claims or causes of action related to the Alleged Claims.

- Except as otherwise set forth herein, any and all other claims, causes of action, actions, suits, debts, obligations, liabilities, accounts, damages, defenses, sums of money, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, judgments, executions, demands, whatsoever in law or in equity, whether known, unknown, or hereafter becoming known, based in law or equity, by reason of any matter, cause or thing, that the Parties have, may have, or have had against each other as of the date hereof arising under and/or related to the Alleged Claims and Maimonides Claims, the Debtors' chapter 11 cases, any converted chapter 7 case of the Debtors that may arise, and/or chapter 5 of the Bankruptcy Code, are hereby fully and completely waived and discharged, whether by demand, suit, judgment, settlement or otherwise.

- The terms and conditions of this Stipulation and Order shall be effective and enforceable only upon (a) execution by both parties; and (b) approval and entry of an order approving the Stipulation and Order on the docket by the Bankruptcy Court.

- Upon execution of this Stipulation and Order by the Parties, the Debtors shall promptly file and diligently seek expeditious Bankruptcy Court approval of this Stipulation and Order as soon as possible, provided, however, such approval shall occur no later than January 31, 2010.

- This Stipulation and Order and any modifications or amendments thereto shall not be valid unless in writing, signed by the parties, and approved by the Bankruptcy Court.

- This Stipulation and Order shall be binding upon and inure to the benefit of the parties, their affiliates, successors, and assigns.

- The Parties are authorized to enter into any related or ancillary agreements necessary or required to effectuate this Stipulation and Order, including but not limited to the modification and dismissal of the Maimonides Claims, without obtaining Bankruptcy Court approval of such related or ancillary agreements.

- The Parties hereto represent that they have read this Stipulation and Order and have been advised by counsel regarding this Stipulation and Order, that they understand its provisions and legal effect and that they are voluntarily entering into this Stipulation and Order. The Parties hereto acknowledge that this Stipulation and Order is a full, fair and final settlement of all claims modified or expunged and disallowed under this Stipulation and Order. The Parties hereto further represent that, in executing this Stipulation and Order, they are not relying on any inducements, promises or representations other than those expressly set forth in the Stipulation and Order.

- The individuals signing this Stipulation and Order and the Parties hereto represent and warrant that they have full and complete authority and authorization to execute and effect this Stipulation and Order, to take or cause to be taken all acts contemplated by this Stipulation and Order and that the Parties hereto are the sole holders of the claims being modified or expunged and disallowed hereunder.

- This Stipulation and Order is subject to the approval of the Bankruptcy Court and upon such approval shall inure to the benefit of the Parties hereto and their respective successors and assigns.

- Nothing in this Stipulation and Order shall be deemed effective unless the Bankruptcy Court approves this Stipulation and Order. In the event the Bankruptcy Court declines to approve this Stipulation and Order, the Parties hereto shall return to their respective rights and obligations existing prior to the execution of this Stipulation and Order. Nothing in this Stipulation and Order shall be deemed an admission of the Parties.

- This Stipulation and Order may be executed in counterparts and by facsimile signature or by email in PDF format, all of which shall be deemed an original instrument.

- The Bankruptcy Court shall retain jurisdiction over the Parties hereto with respect to this Stipulation and Order including, but not limited to, for the purposes of interpreting, implementing and enforcing its terms.

## RELIEF REQUESTED

8. By this Motion, the Debtor seeks entry of an Order authorizing the Debtor to enter into the Stipulation and Order resolving the Maimonides Claims and Alleged Claims. The Debtor submits that the terms of the settlement are fair and reasonable and in the best interests of the estate.

## BASIS FOR RELIEF

9. The Debtor seeks the Bankruptcy Court's approval of and authorization to enter into the Stipulation and Order pursuant to Bankruptcy Rule 9019(a), which governs the approval of compromises and settlements and provides as follows: "[o]n motion by the [debtor-in-

possession] and after notice and a hearing, the court may approve a compromise or settlement...". Fed. R. Bankr. P. 9019(a).

10. The compromise entered into between the Debtor and Maimonides should be authorized because it is fair and reasonable and is in the best interest of the estates. Pursuant to the standard set forth by the Supreme Court in the benchmark case of <u>Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson</u>, 390 U.S. 414 (1968), compromises reached during the course of insolvency proceedings must be "fair and equitable". <u>Id.</u> at 424. In <u>TMT Trailer</u>, the Court noted that "basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation". <u>Id.</u> at 425. Essentially, in determining whether to enter into the compromise with Maimonides, the Debtor must evaluate the costs and inherent risks associated with litigation in conjunction with any potential benefit stemming from the litigation.

11. In addition, approval of a compromise or settlement is appropriate if it is in the best interests of the Debtor's estate. <u>In re Interstate Cigar Co., Inc.</u>, 240 B.R. 816, 822 (Bankr. E.D.N.Y. 1999). In the case of approving a compromise or settlement, equitable considerations are paramount in the exercise of the bankruptcy court's jurisdiction. <u>Id.</u>

12. The decision of whether to approve a compromise is within the sound discretion of the bankruptcy court. <u>In re Spielfogel</u>, 211 B.R. 133, 143 (Bankr. E.D.N.Y. 1997). In exercising its discretion, the bankruptcy court must make an independent determination that the settlement is fair and reasonable. <u>Id.</u> The bankruptcy court may also consider the opinion of the trustee or debtor in possession, as well as the competency and experience of counsel supporting the settlement. <u>In re Telcar Group, Inc.</u>, 363 B.R. 345, 352 (Bankr. E.D.N.Y. 2007); <u>In re Baker</u>, 374 B.R. 498, 502 (Bankr. E.D.N.Y. 2007).

13. In making its determination, a bankruptcy court need not assess the minutia of each claim, but rather should "canvas the issues and see whether the settlement falls below the lowest point in the range of reasonableness". In re Malease 14FK Corp., 351 B.R. 34, 40 (E.D.N.Y. 2006); Spielfogel, 211 B.R. at 143-44 (citing Cossoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983), cert, denied, 464 U.S. 822 (1983)). Because a bankruptcy judge need only canvass the issues and does not determine disputed facts and questions of law, it is not necessary for the court to conduct a "mini-trial" of the facts or the merits underlying the dispute. Spielfogel, 211 B.R. at 144.

14. In determining whether a compromise or settlement is fair and reasonable and in the best interests of a Debtor's estate, a bankruptcy court may consider the following factors: (1) the probability of success in the litigation; (2) the difficulties that may be encountered in collection; (3) the complexity of the litigation and the attendant expense, inconvenience, and delay; and (4) the "paramount" interest of the creditors. Malease 14FK Corp., 351 B.R. at 44-45. Consideration of these factors requires the Court to make an objective, informed comparison of the results of litigation versus the benefit of compromise. TMT Trailer, 390 U.S. at 424.

15. Measured against all of these elements the Stipulation and Order is fair and equitable and is in the best interests of the Debtor's estate. The terms and provisions contained therein are well within the range of reasonableness and will avoid significant delay and expense to the Debtor's estate which would otherwise result from continued litigation of the matter.

16. Although the Debtor believes it has strong arguments in their favor with respect to the disputes surrounding the Alleged Claims, any litigation with respect to such disputes would likely be protracted, with an uncertain outcome. This would only drain the Debtor's monetary

resources and prevent them from focusing on the winding down process. In addition, based on a review of the Debtor's books and records, allowing the Allowed Secured Claim in the amount of $4,500,000 is both fair and reasonable and in accordance with the claim's underlying obligation.

17. Accordingly, the Debtor believes that in view of the time and expense involved in litigating this matter, as well as the uncertain outcome of such litigation, the Stipulation and Order is appropriate and in the best interest of the Debtor.

18. The terms of the proposed Stipulation and Order are also fair and reasonable, given the nature of the dispute between the Parties. As a result of the Stipulation and Order, the Debtor is significantly reducing the potential liability with respect to the Alleged Claims and preventing a likely drain on its monetary resources that would result from litigation. In exchange, the Debtor will permit the allowance and immediate payment of the Allowed Secured Claim, as amended by the Stipulation and Order, in the amount of $4,500,000. Under the circumstances, the Debtor and its estate will clearly benefit from entering into the Stipulation and Order.

19. Based on the foregoing, the Debtor has concluded that the best interests of the Debtor's estate, creditors and other parties in interest will be best served by approval of the proposed Stipulation and Order.

## NOTICE

20. The Debtor has provided notice of this Motion to (a) the Office of the United States Trustee for the Eastern District of New York, (b) counsel to the Committee; (c) counsel to the Debtor's postpetition lenders; (d) those parties requesting notice pursuant to Federal Rules of Bankruptcy Procedure 2002; and (e) counsel to Maimonides. The Debtor submits that given the

circumstances and the notice of the relief requested herein, no other or further notice is required.

## NO PREVIOUS RELIEF REQUESTED

21. The Debtor has not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order substantially in the form of the Stipulation and Order annexed hereto as Exhibit A and grant such other and further relief as just and proper.

Dated: New York, New York
       January 5, 2010

**DLA PIPER LLP (US)**

/s/ Timothy W. Walsh
Timothy W. Walsh
Jeremy R. Johnson
1251 Avenue of the Americas
New York, NY 10020-1104
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

Attorneys for Victory Memorial Hospital, et al.
Debtors and Debtors in Possession

# Exhibit A

DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: (212) 335-4500
Fax: (212) 335-4501
Timothy Walsh

Hearing Date: January 27, 2010
Hearing Time: 2:30 p.m.

Attorneys for Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                       :     Chapter 11
                                                             :
VICTORY MEMORIAL HOSPITAL, et al.,                           :     Case Nos.:   06-44387-CEC
                                                             :                  06-44388-CEC
                                                             :                  06-44389-CEC
                        Debtors.                             :
------------------------------------------------------------X     (Jointly Administered)

## STIPULATION AND ORDER BETWEEN THE
## DEBTORS AND MAIMONIDES MEDICAL CENTER

This stipulation and order ("Stipulation and Order"), dated December 31, 2009, between Victory Memorial Hospital ("Victory Hospital"), Victory Memorial Ambulance Services, Inc. ("Victory Ambulance"), and Victory Memorial Pharmacy, Inc. ("Victory Pharmacy"), the debtors and debtors in possession (collectively, the "Debtors") and Maimonides Medical Center ("Maimonides") resolves treatment of certain claims of Maimonides. The Debtors and Maimonides (collectively, the "Parties") hereby make the following statements and agreements:

**WHEREAS**, on November 15, 2006, Victory Memorial Hospital ("Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"),

**WHEREAS**, Maimonides filed a proof of claim on July 13, 2007 asserting a secured claim in the total amount of $5,250,000.00, ("Claim 394"),

EAST\41236853.9

**WHEREAS**, Maimonides filed a proof of claim on July 18, 2007 asserting an unsecured claim in the total amount of $1,070,276.08 ("Claim 516"),

**WHEREAS**, Maimonides also filed a proof of claim on July 18, 2007 asserting an unsecured claim in the total amount of $10,544.00 ("Claim 517", and together with Claim 394 and Claim 516, the "Maimonides Claims"),

**WHEREAS**, the Debtors have alleged they have certain claims against Maimonides, including, but not limited to, avoidance actions (the "Alleged Claims"),

**WHEREAS**, the Parties entered into a tolling agreement related to the Alleged Claims and, to date, no action has been commenced relating to the Alleged Claims,

**WHEREAS**, the Debtors have determined that, subject to the terms and conditions set forth in this Stipulation and Order, the modification or disallowance and expungment of the Maimonides Claims, as applicable, is in the best interests of the Debtors, their creditors and other parties in interest, and

**WHEREAS**, the parties desire to settle and resolve all issues related to Maimonides Claims and the Alleged Claims.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the Parties as follows:

- Upon the effective date of this Stipulation and Order, Claim 516 and Claim 517 shall be expunged and disallowed (or deemed expunged and disallowed). All claims and amounts, if any, asserted in Claim 516 and 517 shall be expunged and disallowed (or deemed expunged and disallowed).

- Claim 394 shall be allowed (or deemed allowed) as a secured claim in the total amount of $4,500,000.00 (the "Allowed Secured Claim") and shall be paid as soon as possible after approval of this Stipulation and Order by the Bankruptcy Court in a manner to be determined by the Parties upon such approval, provided, however, such approval shall occur and the Debtors shall make all reasonable efforts to make such payment on or before January, 31, 2010.

- Upon the effective date of this Stipulation and Order, with the exception of the Allowed Secured Claim, Maimonides shall have waived and be deemed to have waived any and all claims, causes of action or enforcement rights against the Debtors.

- Upon the effective date of this Stipulation and Order, the Debtors shall waive and be deemed to have waived any and all claims or causes of action related to the Alleged Claims.

- Except as otherwise set forth herein, any and all other claims, causes of action, actions, suits, debts, obligations, liabilities, accounts, damages, defenses, sums of money, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, judgments, executions, demands, whatsoever in law or in equity, whether known, unknown, or hereafter becoming known, based in law or equity, by reason of any matter, cause or thing, that the Parties have, may have, or have had against each other as of the date hereof arising under and/or related to the Alleged Claims and Maimonides Claims, the Debtors' chapter 11 cases, any converted chapter 7 case of the Debtors that may arise, and/or chapter 5 of the Bankruptcy Code, are hereby fully and completely waived and discharged, whether by demand, suit, judgment, settlement or otherwise.

- The terms and conditions of this Stipulation and Order shall be effective and enforceable only upon (a) execution by both parties; and (b) approval and entry of an order approving the Stipulation and Order on the docket by the Bankruptcy Court.

- Upon execution of this Stipulation and Order by the Parties, the Debtors shall promptly file and diligently seek expeditious Bankruptcy Court approval of this Stipulation and Order as soon as possible, provided, however, such approval shall occur no later than January 31, 2010.

- This Stipulation and Order and any modifications or amendments thereto shall not be valid unless in writing, signed by the parties, and approved by the Bankruptcy Court.

- This Stipulation and Order shall be binding upon and inure to the benefit of the parties, their affiliates, successors, and assigns.

- The Parties are authorized to enter into any related or ancillary agreements necessary or required to effectuate this Stipulation and Order, including but not limited to the modification and dismissal of the Maimonides Claims, without obtaining Bankruptcy Court approval of such related or ancillary agreements.

- The Parties hereto represent that they have read this Stipulation and Order and have been advised by counsel regarding this Stipulation and Order, that they understand its provisions and legal effect and that they are voluntarily entering into this Stipulation and Order. The Parties hereto acknowledge that this Stipulation and Order is a full, fair and final settlement of all claims modified or expunged and disallowed under this Stipulation and Order. The Parties hereto further represent that, in executing this Stipulation and

Order, they are not relying on any inducements, promises or representations other than those expressly set forth in the Stipulation and Order.

- The individuals signing this Stipulation and Order and the Parties hereto represent and warrant that they have full and complete authority and authorization to execute and effect this Stipulation and Order, to take or cause to be taken all acts contemplated by this Stipulation and Order and that the Parties hereto are the sole holders of the claims being modified or expunged and disallowed hereunder.

- This Stipulation and Order is subject to the approval of the Bankruptcy Court and upon such approval shall inure to the benefit of the Parties hereto and their respective successors and assigns.

- Nothing in this Stipulation and Order shall be deemed effective unless the Bankruptcy Court approves this Stipulation and Order. In the event the Bankruptcy Court declines to approve this Stipulation and Order, the Parties hereto shall return to their respective rights and obligations existing prior to the execution of this Stipulation and Order. Nothing in this Stipulation and Order shall be deemed an admission of the Parties.

- This Stipulation and Order may be executed in counterparts and by facsimile signature or by email in PDF format, all of which shall be deemed an original instrument.

- The Bankruptcy Court shall retain jurisdiction over the Parties hereto with respect to this Stipulation and Order including, but not limited to, for the purposes of interpreting, implementing and enforcing its terms.

| **MANATT, PHELPS & PHILIPS, LLP** | **DLA PIPER US LLP** |
|---|---|
| **Attorneys for Maimonides Medical Center** | **Attorneys for Victory Memorial Hospital** *et al.* |
| By: /s/Alan M. Feld, Esq. | By: /s/Timothy W. Walsh |
| Name: Alan M. Feld, Esq. | Name: Timothy W. Walsh |
| Dated: December 31, 2009 | Dated: December 31, 2009 |

SO ORDERED this ___ day of _____, 2009

_____
HONORABLE CARLA E. CRAIG
CHIEF U.S. BANKRUPTCY JUDGE